IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Boyer, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 06-694-GMS |
| | ) |
| Taylor, et al., | ) |
| | ) |
| Defendants. | ) |

**AMENDED COMPLAINT**

The Court granted plaintiffs leave to amend: Fatir's access to the courts claim found in Counts 26, the equal protection/race discrimination claims found in Counts 30, 31 and 42; and Fatir's medical needs claim in Count 50.

Because Fatir suffered no actual injury from the destruction of his legal papers by Morgan and Krumka, plaintiffs will not argue against Count 26 dismissal.

None of the remaining plaintiffs have sought classification to S-1 and were denied due to race, therefore plaintiffs choose to not amend Count 30 with the understanding that it will be dismissed.

**Count 31 (Amended)**

Two plaintiffs (Fatir and Boyer) are Black and therefore are members of a suspect class. Both Fatir and Boyer have sought jobs within the prison system.

Fatir applied for a job as an educational teacher's aide, clerk's jobs, laundry worker's job and inside building worker's job.

Fatir was told by former-Defendant Whalen to obtain a resume and to send it to her. When Fatir did so, he was then told that the prison had no record of his ever having received any education despite the fact that Fatir obtained his GED within the prison and

the prison boasted a plaque for some twenty years of Fatir's having scored in the top five or ten percent nationally. Fatir obtained his college credits via the prison through Del Tech, Williamsport Area Community College and CLEPP tests.

After Fatir obtained "proof" of high school graduation he was granted an interview by teacher Mrs. Haith. After more than a year, Mrs. Haith has informed Fatir that his name remains "in a pool."

Fatir sought a position in the prison law library, but was refused by then-defendant Michael Little because Fatir had received a 24 hour lock up and had received four other write-ups from a lieutenant.

24 hour lockups are not supposed to be used in any classification and job placement is part of classification. Yet Fatir's bogus 24 lock up was used to deny him a job for which he was qualified. This court dismissed plaintiffs' claim that use of 24 hour lockups violate due process. The court based its decision upon the notion that a 24 hour lock up was so short a punishment that it such punishment failed to rise to a constitutional level.

Prison guards are able to write 24 hour lock ups without any type of hearing or oversight whatsoever. In the case of one Rosalie Vargas, about 200 "24's" were written in a month's period in MHU before she was forced to sit in the control "bubble" and where she still could not resist a compulsive urge to write "24's." During that time she issued one to Fatir for going to chow at the time he was supposed to go to chow. In other words, Fatir received a 24 for doing what he was supposed to do. But since there is no review of 24's, her 24 remains on Fatir's record as a write up. Prison guards can remove prisoners from consideration of any jobs beyond those belonging to the traditional

Negroid roles of cooking and cleaning by writing 24 hour lockups which – due to a violation of classification procedure – disqualify the Black prisoner from consideration for the job. Most such write-ups disqualify a prisoner for a year.

Almost a year later to the day, Fatir was given multiple write-ups by a lieutenant which suspiciously seemed designed to make sure Fatir was disqualified from any meaningful employment for yet another year. Although Fatir won acquittals of those charges from the prison Adjustment Board – a minor miracle in itself – the 24 hour write up given by the lieutenant which could not be challenged and the write-ups themselves – although dismissed because they were false and contrived – were enough to keep Fatir from any employment except for cooking and cleaning.

Oddly, without Fatir's having requested, he was "classified" to work in the prison kitchen.

White inmates with less than a quarter of Fatir's education, experience, abilities and expertise are immediately sent for jobs in education, motor pool, clerical assignments, computer applications and other "skilled" labor. Yet Fatir – who has designed computer systems, worked as a system's analyst, taught all levels of education from Adult Basic to college, who is able to teach Microsoft Office 2000, maintain databases, design, operate and manage treatment programs (some of which continue from the early '90s to this day) – was deemed by Apartheid DCC to be fit only to clean kitchen pots and mop kitchen floors. White inmates who can scarcely spell "cat" are lauded as intellectual giants and ushered into the "prestigious" prison positions mentioned above.

By dismissing Count 49, the court unwittingly provided cover and legitimacy to the hidden infrastructure used to deny equal rights to Black prisoners and preference to white inmates.

Defendants Whalen, Vargas and Little are directly responsible for the racial discrimination against Fatir in job classification and hiring. But Defendants Taylor, Howard, Hosterman, Pierce, and Carroll are responsible for DOC's and DCC's pervasive, entrenched institutional racism in that they ignore, encourage and are complicit in efforts to provide general and specific preference to white inmates over Black inmates.

Defendant Vargas wrote the 24 hour lock up to disqualify Fatir from positive movement and job assignment due to his race. Defendant Little has a law library which -- in an 80% Black prison – has but one Black inmate employee and five white inmate employees. Little used the 24 hour lock up – despite its being more than a year old at the time – to justify refusing Fatir employment in the law library.

## Count 42 (Amended)

Plaintiffs Boyer and Fatir are Black and members of a suspect class. Via letters to prison job coordinator Tom Aiello and requests via his counsel, Fatir sought jobs in the law library, motor pool, CDS (Concrete Design Systems), Commissary, Maintenance, Paint Crew, Plumbing Crew, Electrical Crew and education.

Due to his race, Fatir was never seriously considered or considered at all for hiring.

Defendants Whalen and Little are directly responsible for the racial discrimination against Fatir in job classification and hiring. But Defendants Taylor, Howard, Hosterman, Pierce, and Carroll are responsible for DOC's and DCC's pervasive,

4

entrenched institutional racism in that they ignore, encourage and are complicit in efforts to provide general and specific preference to white inmates over Black inmates.

### Count 50 (Amended)

1. Plaintiff Fatir suffers from sleep apnea, a condition which is potentially fatal.

2. Fatir requested treatment for sleep apnea beginning in early 2005. Fatir filed several grievances, which he won, to force defendants to provide treatment for sleep apnea. Yet Fatir has still not received any treatment.

3. Dr. Vandusen has requested that Fatir be properly diagnosed at a sleep center and that other treatment be provided. The prison health providers have stonewalled or outright refused all requests made by Fatir and by Dr. Vandusen.

4. One of Fatir's grievances was filed on 10/15/06, but he filed numerous grievances and sick calls before then.

5. Fatir's claim of deliberate indifference is against the persons in charge of First Medical Services and Correctional Medical Systems (who were the healthcare providers during Fatir's medical requests), defendants Taylor, Carroll, Howard, and Pierce.

Respectfully submitted,

Amir Fatir
pro se

Warren Wyant

Donald Boyer
Respectfully submitted,

5

## Certificate of Service

I, Amir Fatir, hereby certify that I have served a true and correct copy(ies) of the attached Amended Complaint upon the following parties/persons:

To: Beau Biden, Esq.

Attorney General

Department of Justice

820 N. French St.

To: Wilmington, DE  19801

To:

To:

To:

To:

BY PLACING IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correction Center, Smyrna, DE 19977.

On this 26th day of July, 2007

Amir Fatir
SBI # 137010

I/M Amir Fatir
SBI# 137010  UNIT W-C-18
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Clerk
U.S. District Court
844 King St., Lockbox 18
Wilmington, DE 19801