IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Boyer, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-694-GMS |
| | ) | |
| Taylor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR ORDER DIRECTING DEFENDANTS
NOT TO TRANSFER PLAINTIFFS
OUT OF JUDICIAL DISTRICT DURING PROCEEDING**

**NOW COMES** Plaintiff Amir Fatir and moves this court pursuant to Rule 7(B) of the Federal Rules of Civil Procedure for an order directing the defendants not to transfer plaintiffs out of the federal judicial district during the pendency of these proceedings nor to retaliate against them in any manner during and following these proceedings via a retaliatory transfer, unwarranted lockdown, or physical attacks or beatings by prison employees or by prisoners operating at the behest of prison officials.

Plaintiffs submit the following in support of this request:

1. Delaware Department of Correction ("DOC") officials have a history of using the Interstate Corrections Compact to effect retaliatory transfers of inmates and/or adversely placing litigating plaintiffs in administrative segregation and/or higher levels of security to deter them from seeking



redress of grievances via the courts, especially when the issues in their complaints threaten the interests of the prison administrators.

2. Plaintiffs aver that they are entitled to pursue redress in the court without state interference or transfers or other adverse administrative actions which would obstruct plaintiffs' right to access the court.

3. In 1976 Plaintiff Fatir and other prisoners took legal action to establish Islamic services in DCC. Prison administrators resented having "an alien religious group" within the prison and encouraged other prisoners to attack, stab and injure Plaintiff and other prisoners because of their faith. Upon information and belief, prison officers deliberately and ~~with~~ maliciously gave a number of inmates bats and chains so that they could beat members of Plaintiff's congregation while they were sleeping in a prison dormitory, and victims of the beating were hospitalized with serious injuries. Said officials promised the assailants furloughs and other gratuities for their participation. The level of the conspiracy went as high as the office of the then Bureau Chief of Adult Corrections.

4. In 1981 the Delaware Department of Correction did transfer Abdul-Haqq Haad (Wilbur) Shabazz to an out-of-state prison in retaliation for participating in litigating and winning *Masjid Muhammad – DCC v. Keve, et al.*, 479 F. Supp. 1311 (Civil Action No. 77-221). After DOC brought him back to Delaware in 2005, they then retaliated further by placing him in Supermaximum security called "the SHU," where he now languishes.

5. Fatir was also one of the main plaintiffs in *Masjid Muhammad – DCC* v. *Keve*, and was transferred to the Lewisburg Federal Penitentiary as a result his participation in that case in 1979 and was not returned to Delaware until 1982.

6. The Delaware Department of Correction officials continuously act resentfully and willfully whenever prisoner litigants attempt to seek legal redress for officials' misappropriation of the Inmate Commissary Account funds. Previous prisoner litigants such as Gibson Hall, Joe Walls and Shamsiddin Ali (aka Robert Saunders) were swiftly transferred out-of-state due to raising legal issues regarding the misappropriation of Inmate Commissary Account funds. Mr. Saunders was also a plaintiff in *Masjid Muhammad – DCC v. Keve* as referenced in paragraph 4.

7. In 1993 Plaintiff filed a state court action regarding an improper revocation of his off-grounds work status (due to Ralph Duonnolo's escape). During state proceedings, Judge Tolliver told Plaintiff to file a § 1983 after he dismissed the state court action. In 1995 Plaintiff followed Judge Tolliver's suggestion and filed a § 1983. Because Plaintiff sought legal redress, officials within the Department of Correction made Plaintiff the target of a pernicious campaign of harassment which included: (1) a bogus "investigation" that Plaintiff forced the Attorney General's office to officially admit that no evidence of impropriety existed and no charges could be filed; (2) seizure of authorized personal and legal property, including his Prisoners' Self-Help Litigation Manual; (3) a false report

3

alleging that Plaintiff misused a computer at work without ever specifying alleged misuse or generating any type of disciplinary infraction; (4) seizure and destruction of Plaintiff's authorized personal computer which he used to develop treatment and computer programs at the request of the Commissioner, Warden and two Bureau Chiefs; (5) the Department of Correction even subjected Plaintiff to Nixonian "dirty tricks" such as the blatant lie that Plaintiff had sex with a staff member when it was well-known that said staff member was in Germany at the time of the fabricated incident and that Fatir was, in fact, at the Women's Correctional Institute conducting a seminary. The above retaliatory acts culminated in Plaintiff's transfer to the Arizona State Prison.

8. Plaintiff was transferred back to Delaware in December 2004 and was placed in SHU Supermax for approximately six months and MHU (Maximum Housing Unit) for approximately seven more months, in spite of the fact that Plaintiff did not meet the criteria for placement in maximum security. His confinement to SHU and MHU was based solely upon the ongoing resentment of DOC officials against him for having exercised his First Amendment and Sixth Amendment rights to petition the government for redress of grievances and access to the courts.

**WHEREFORE**, plaintiffs move this honorable court for an order directing the defendants from making any transfer or administrative action that negatively impacts upon plaintiffs' current housing placement or status, without first presenting compelling

4

reasons that such action is the least restrictive means of achieving a well-stated and documented penological need.

Dated: 8/15/07

Respectfully submitted,

_____
Amir Fatir

_____
Warren Wyant

_____
Donald Boyer

## Certificate of Service

I, Amir Fatir, hereby certify that I have served a true and correct copy(ies) of the attached Motion for Order Directing Defendants Not to transfer Plaintiffs Out of Judicial District upon the following parties/persons:

To: Beau Biden, Esq.

Attorney General

820 N. French St.

Wilmington, DE 19801

To:

To:

To:

To:

To:

BY PLACING IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correction Center, Smyrna, DE 19977.

On this 15th day of August, 2007

Amir Fatir
SBI # 137010

IM Amir Fatir
SBI# 137010   UNIT W
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

WILMINGTON DE 197
16 AUG 2007 PM 1 T

Clerk
U.S. District Court
844 King St., Lock box 18
Wilmington, DE 19801