## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

Boyer, et al.,                    )
                                  )
      Plaintiffs,            )
                                  )
v.                                )    C.A. No. 06-694-GMS
                                  )
Taylor, et al.,                   )
                                  )
      Defendants.            )

RECEIVED
AUG 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### MOTION TO ORDER PRISON LAW LIBRARY
### TO MAKE COPIES OF CASES

**COMES NOW** Plaintiff Amir Fatir, pursuant to Rule 7(b) of the Fed. R. Civ. P., and

moves this honorable court for a motion to direct the DCC law library to copies cases for

plaintiff out of the reporters as required for the litigation of this case. Plaintiff provides

the following reasons for his request.

1. The DCC prison law library was built to serve a population of 500. The

   population of the non-SHU compound side of DCC is now approximately

   2000.

2. Law library time periods were formerly five (5) days per wekk for 8 or more

   hours each day. In addition, litigants could make copies of cases. Currently

   law library periods are on 3 ½ hours at most and often are limited to

   approximately two hours one or two days per week.

3. Plaintiff has filed a lawsuit of some 50 counts, has filed several motions, plans

   to file many more, must argue against the State's expected motions for

summary judgement and must write many briefs in support of plaintiffs'

claims.

4.  Under current library conditions, plaintiff must research, shepardize, read,

    take notes, write briefs, type, edit and copy simultaneously inside the law

    library.

5.  Plaintiff is not a trained lawyer, but is a pro se inmate litigant.  Plaintiff avers

    that not even a trained attorney could properly litigate under such constraints.

6.  The law library's current "no copying of cases" policy is not true policy, but is

    the creation of a retired civilian worker (Mr. Johnson) who actually told

    plaintiff that he regarded it as his job to make if harder to file against prison

    administrators and that he was worried that he might lose his pension if he did

    not make litigation more difficult.

7.  In addition to this § 1983 civil action, plaintiff has two state court actions

    ongoing and plans for a great deal more litigation in the future should DOC

    continue to violate prisoners human and constitutional rights.

8.  Plaintiff's efforts to obtain evidence in this case have been obstructed by law

    library supervisor Tim Martin who refused to copy letters to job supervisors

    regarding racial discrimination in hiring.  Mr. Martin decided that the letters

    were "not legal," although they definitely were.  Moreover, it is not Mr.

    Martin's position to decide what is and what is not "legal" in a case that is

    against his employers.  A definitely conflict of interest arises.

9. The law libraries in SHU and MHU do make copies of cases for the prisoners in those units. To deny the same service to prisoners who are not in those units violates the equal protection clause of the 14th Amendment.

10. Refusal to make copies obstructs the litigation process in violation of the First, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

**WHEREFORE,** plaintiffs request that this honorable court issue an order to the defendants to direct the prison law library to make copies of cases for plaintiffs as needed and to copy all documents which plaintiffs require to litigate this case.

Respectfully submitted,

Amir Fatir

Warren Wyant

Donald Boyer