IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Boyer, et al., | ) |
|     Plaintiffs, | ) ) ) |
| v. | )   C.A. No. 06-694-GMS |
| Taylor, et al., | ) ) ) |
|     Defendants. | ) |

**FILED SEP -6 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE**

BD scanned

### MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

COMES NOW Plaintiff Amir Fatir, pursuant to Rule 65 of the Fed. R. Civ. P., and prays this honorable court for a Temporary Restraining Order and a Preliminary Injunction.

1. Nepotism is against both the law and the policy of the Delaware Department of Correction ("DOC").

2. DOC and the Delaware Correctional Center ("DCC") officials violate the laws and regulations against nepotism by hiring and promoting family members.

3. Incidents of nepotism include, but are not limited to, the following families: Bureau Chief Rick Kearney's son works as a guard at DCC. Former Major Charles Cunningham's brother, Mark Cunningham, works at a DCC guard. The latter Cunningham, reported, recently beat another guard on the institution's grounds over a cell phone. Former Deputy Warden Thomas Gullege's son Deedee works as a sergeant at DCC. Laundry supervisor Lee Lapore's son, Lee, Jr., works as a supervisor at Concrete Design Systems (CDS) at DCC. Former law library manager Francene Kobus has several

children who currently and formerly worked at DCC and Sussex and perhaps other institutions. One son is a sergeant at DCC. A daughter worked as her assistant in the institution's law library. A review of the employees in DOC will reveal that nepotism is rampant.

4. The idea of entitlement and defacto entitlement fostered by DOC's and DCC's "family affair" style of hiring and administration has trickled down to the white inmate population who conspire with the prison administrators to circumvent the proper hiring procedures and get their white friends hired to the vast majority of the skilled and higher paying prison jobs at such prison operations as Motor Pool, Education, Law Library, Main Library, Commissary, Prison Industries (T/3), Print Shop, Concrete Design Systems, Paint Crew, Electrical Crew, Laundry Supply, Property Room, Clothing Fabrication and Maintenance.

5. Preferential treatment is given to white inmates at the Delaware Correctional Center ("DCC") in hiring for jobs.

6. Such preferential treatment impacts favorably upon those white inmates in housing assignment, security and housing classification and in assignment to single rooms.

7. Such preferential treatment given to white inmates impacts favorably upon their release options such as parole, pardon, work release and classification to treatment programs such as Crest and Key.

8. Black prisoners comprise approximately 80% of the population at DCC.

9. Black prisoners comprise less than 10% of the jobs at Motor Pool, Education, Law Library, Main Library, Commissary, Prison Industries (T/3), Print Shop, Concrete

Design Systems, Paint Crew, Electrical Crew, Laundry Supply, Property Room, Clothing Fabrication and Maintenance and less of the positions designated skilled and highly skilled.

10. Blacks are disproportionately limited to employment in menial labor positions such as janitorial ones and kitchen cleaning jobs.

11. The only prisoners with life sentences who DOC/DCC grants the privilege of working outside the prison are white prisoners. They are Arthur Kee, Bruce Alba, and Frank Foraker. No black prisoners serving life are permitted to work outside the prison. In fact, all of the black lifers were forced to relinquish their outside jobs and try to find jobs inside the prison fences.

12. The preferential treatment of white prisoners and the discrimination in hiring against black prisoners violates the equal protection clause of the 14th Amendment to the United States Constitution, the Civil Rights Act of 1964 and the Equal Employment Opportunities Act.

13. As a recipient of federal funds, the State of Delaware and its Department of Correction is required to abide by federal anti-discrimination and equal employment opportunities laws, regulations and standards.

14. Delaware's DOC is not in compliance with the federal standards or with the Constitution.

15. Plaintiffs ask this court to grant a TRO/Preliminary Injunction to:

    A. Require Court monitoring of all inmate hiring at DCC.

    B. Force an end to nepotism in DOC.

3

C. Terminate those employees who have relatives working within the DOC.

D. Demote any employees whose promotions occurred in connection with nepotism.

E. Cease hiring of white inmates to any skilled positions at DCC and in any position at Motor Pool, Education, Law Library, Main Library, Commissary, Prison Industries (T/3), Print Shop, Concrete Design Systems, Paint Crew, Electrical Crew, Laundry Supply, Property Room, Clothing Fabrication and Maintenance.

F. Terminate the jobs of all white inmates currently employed at Motor Pool, Education, Law Library, Main Library, Commissary, Prison Industries (T/3), Print Shop, Concrete Design Systems, Paint Crew, Electrical Crew, Laundry Supply, Property Room, Clothing Fabrication and Maintenance.

G. Prohibit DCC from practicing white affirmative action.

H. Enjoin DOC from receiving or accepting any federal grants, monies, loans, or supplies (such as grain and farm subsidies) during the duration of this case.

I. Order DOC to return all federal monies, grants, supplies or gratuities for fiscal years 2000-2008.

J. Order the U.S. Attorney for Delaware and the United States Justice Department to investigate racial discrimination at DCC and within the Department of Correction.

    K. Order defendants to hire plaintiffs for jobs commensurate with their skill levels, experience, and qualifications.

    L. Order defendants to house Fatir in a single cell within W-Building since he had earned a single cell prior to his retaliatory transfer to Arizona, had worked for decades before that transfer and for nine years during the transfer and, if not for the aforementioned racial bigotry in hiring, would now be employed. Thus he should be placed in one of the single cells reserved for prison workers.

16. This court is asked to assume control over inmate hiring at DCC and to put into effect standards, procedures and regulations by which to hire prisoners based upon "the content of their character" and not the lack of pigmentation in their epidermis.

Dated: 8/29/07

                                  Respectfully submitted,

                                  Amir Fatir

                                  Warren Wyant

                                  Donald Boyer

## Certificate of Service

I, Amir Fatir hereby certify that I have served a true and correct copy(ies) of the attached TRO/Prelim. Injunct., Declaration, Order to Show Cause upon the following parties/persons: *memo of Law & Points of Authority*

| | |
|---|---|
| To: Beau Biden, Esq.<br><br>Attorney General<br><br>Dept. of Justice<br><br>820 N. French St.<br><br>To: Wilmington, DE 19801 | To:<br><br><br><br>To: |
| To: | To: |

BY PLACING IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correction Center, Smyrna, DE 19977.

On this 31st day of August, 2007

*/s/ Amir Fatir*
Amir Fatir
SBI # 137010