IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Boyer, et al., )
                          )
     Plaintiffs, )
                          )
v. )    C.A. No. 06-694-GMS
                          )
Taylor, et al., )
                          )
     Defendants. )

FILED SEP 18 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER OR A PRELIMINARY INJUNCTION TO PERMIT PLAINTIFF FATIR TO TELEPHONE HIS WIFE IN ENGLAND**

Amir Fatir # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

September 12, 2007

**Memorandum of Law and Points of Authorities**

Courts have agreed that prisoners' right to talk with friends and family on the telephone is protected by the First Amendment. *Washington v. Reno*, 35 F.3d 1093, 1994 FED App. 338P (6th Cir. 1994). "Telephone access to the outside world is good for inmate morale, helps lessen stress, [and] helps maintain relationships." *Owens-El v. Robinson*, 442 F. Supp. 1368, 1396 (W.D. Pa. 1978).

There is "no legitimate governmental purpose to be attained in not allowing reasonable access to the telephone, ... such use is protected by the First Amendment." *Brenneman v. Madigan*, 343 F. Supp. 128, 141 (N.D. Cal. 1972).

Any policy or practice that absolutely denies or severely limits access to phone calls across the board is likely to be struck down. See, e.g., *Feeley v. Sampson*, 570 F.2d 364, 373 (1st Cir. 1978); *Duran v. Elrod*, 542 F.2d 998, 1000 (7th Cir. 1976). Cf. *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 385, 11 Fed. R. Evid. Serv. 98 (C.D. Cal. 1982) (complete lack of phones at an immigration detention center "impermissibly burdens the detainees' ability to contact counsel and families"); *Johnson v. Galli*, 596 F. Supp. 135, 138 (d. Nev. 1984) (not allowing reasonable access to telephones violates the First Amendment).

One significant reason courts have upheld inmates' right to use the telephone is for them to telephone their family. Denial of Fatir's right to call his wife is tantamount to a policy of absolute denial since his wife is his family and without access to telephoning her his access to the telephone is, in a practical sense, non-existent.

Prisons have been required to provide enough phones to make access to phones practicable. See, e.g., Duran v. Elrod, 542 F.2d 998, 1000 (7th cir. 1976) (providing only

four telephones for use by inmates in a large metropolitan jail does not assure reasonable access).

If the number of phones must be sufficient to assure access then, by logical extension, phones capable to calling to the places where family members live would also be necessary to assure reasonable access.

Increasingly, prisoners are being held who are from other countries or whose relatives reside outside of the United States. The DCC phone system fails to accommodate the First Amendment needs and rights of such prisoners.

DCC's failure to accommodate Fatir's need to communicate by phone with his wife discriminates against Fatir and his wife and violates the Equal Protection Clause of the 14th Amendment to the Constitution of the United States.

This court should grant plaintiff's motion for a TRO/Preliminary Injunction because:

1. Denial of phone access to Fatir is an ongoing, illegal practice by defendants.
2. Money damages will not fix Fatir's injury.
3. Without the court's help Fatir and his family will continue to suffer irreparable harm.
4. Because denial of telephone access has been struck down by nearly all courts, plaintiff is likely to succeed on this issue at trial.
5. Fatir and his wife will suffer more if the injunction is denied than defendants will suffer if it is granted.

6. A preliminary injunction will serve the public interest since DOC and the courts agree that it is in the rehabilitation and penal interest to afford telephone communication between inmates and their families and friends.

Plaintiff therefore prays this honorable court to grant his Motion for a Temporary Restraining Order or Preliminary Injunction.

Dated: 9/12/07

Respectfully submitted,

Amir Fatir
pro se

SEP 18 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Boyer, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-694-GMS |
| | ) | |
| Taylor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DELARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION TO PERMIT PLAINTIFF FATIR TO TELEPHONE HIS WIFE IN ENGLAND**

AMIR FATIR declares under penalty of perjury:

1. I am a plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order or a preliminary injunction.

2. I am incarcerated under the custody of the Delaware Department of Correction and have been since December 4, 1975.

3. I am married to Helen Fatir who is a subject of the United Kingdom and who resides in Worcester, England.

4. I have not been able to call my wife's home since December 2, 2004.

5. I have made several requests to make calls to my wife.

6. My wife desires to receive calls from me.

7. For the foregoing reasons, the court should grant plaintiff's motion in all respects.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Date: 9/12/07

_____
Amir Fatir