IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
Boyer, et al.,                    )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )    C.A. No. 06-694-GMS
                                  )
Taylor, et al.,                   )
                                  )
        Defendants.               )
```

FILED SEP 18 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER OR A PRELIMINARY INJUNCTION TO CLOSE D-BUILDING AND DECLARE IT UNFIT FOR HUMAN HABITATION**

---

Amir Fatir # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

September 12, 2007

## Memorandum of Law and Points of Authorities

To establish a violation of the Eighth Amendment, it is necessary to show two things:

1. A deprivation of a basic human need (such as food, clothing, shelter, exercise, medical care, or reasonable safety) (the objective element). *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993).

    The Eighth Amendment protects against conditions that pose an unreasonable risk of future harm, as well as those that are currently causing harm. *Helling*, 509 U.S. at 33. It is not enough to allege that the "totality of conditions" is unconstitutional; plaintiffs must allege deprivation of one or more identifiable human needs. *Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991).

2. "Deliberate indifference" on the part of one or more defendants (the subjective element). *Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991).

Knowledge of conditions on the part of defendants can be demonstrated by circumstantial evidence, and "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 843. See *Gates v. Cook*, 376 F.3d 323, 343 (5th Cir. 2004) ("the obvious and pervasive nature of these conditions supports the trial court's conclusion that [defendants] displayed a deliberate indifference to these conditions"); *Woodward v. Correctional Medical Services*, 368 f.3d 917, 930 (7th Cir. 2004) ("failure to act in the face of known violations

2

of its written policies is relevant circumstantial evidence to show CMS' knowledge and state of mind"). *Hadix v. Johnson*, 367 F.3d 513, 526 (6th Cir. 2004) ("If... conditions are found to be objectively unconstitutional, then that finding would also satisfy the subjective prong, because the same information that would lead to the court's conclusion was available to the prison officials."

Perfunctory corrective action does not prove a lack of deliberate indifference. "Patently ineffective gestures purportedly directed towards remedying objectively unconstitutional conditions do not prove a lack of deliberate indifference, they demonstrate it." *Coleman v. Wilson*, 912 F. Supp. 1282, 1319 (E.D. Cal. 1995).

Prisoners are constitutionally entitled to environmental conditions that do not pose serious risks to health and safety. Among the conditions that have been found to violate the eighth amendment are:

**Inadequate ventilation**. *Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005); *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996); *Ramos v. Lamm*, 639 F.2d 559, 569-70 (10th Cir. 1980).

**Lack of drinkable water.** *Hearns v. Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005); *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (finding an allegation that drinking water was polluted was not a frivolous claim); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

**Toxic or noxious fumes.** *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1054-55 (8th Cir. 1989); *Cody v. Hillard*, 599 f. Supp. 1025, 1032, *aff'd in part and rev'd in part on other grounds*, 830 F.2d 912 (8th Cir. 1987) (en banc).

3

**Exposure to sewage.** *DeSpain v. Uphoff,* 264 F.3d 965, 977 (10th Cir. 2001) (exposure to flooding and human waste).

**Sleep deprivation.** *Gates v. Cook,* 376 F.3d 323, 340 (5th Cir. 2004); *Harper v. Showers,* 174 f.3d 716, 720 (5th cir. 1999).

**Defective plumbing.** *Jackson,* 955 F.2d at 22; *Williams,* 952 F.2d at 825; *McCord v. Maggio,* 927 f.2d 844, 847 (5th Cir. 1991).

**Deprivation of basic sanitation.** *Gates v. Cook,* 376 f.3d 323, 340-41 (5th cir. 2004); *Masonoff v. DuBois,* 336 F. Supp. 2d 54 (D. Mass. 2004); *Mitchell v. Newryder,* 245 F. Supp. 2d 200 (D. Me. 2003).

Poor air quality violates the 8th Amendment when it poses a serious danger to prisoners' health. *Reilly v. Grayson,* 319 F.3d 519 (6th Cir. 2004), *Alvarado v. Litscher,* 267 F.3d 648 (7th Cir. 2001).

Prisoners are also entitled to sanitary toilet facilities. *DeSpain v. Uphoff,* 264 F.3d 965 (10th Cir. 2001).

When overcrowding causes a serious deprivation of basic human needs (such as sanitation) it is unconstitutional. *French v. Owens,* 777 f.2d 1250 (7th Cir. 1985); *Toussaint v. Yockey,* 722 F. 2d 1490 (9th Cir. 1984).

Conditions in D-Building are violate plaintiffs' protections against cruel and unusual punishment.

This court should grant plaintiffs' motion for a TRO/Preliminary Injunction because:

1. Deplorable living conditions in D-building is an ongoing, illegal practice by defendants.

2. Money damages will not fix plaintiffs' injuries.

3. Without the court's help plaintiffs will continue to suffer irreparable harm.

4. Plaintiffs are likely to succeed on this issue at trial.

5. Plaintiffs will suffer more if the injunction is denied than defendants will suffer if it is granted.

6. A preliminary injunction will serve the public interest since continued living under unsanitary, deplorable conditions will increase medical expenses, hinder rehabilitation and cost lives.

Plaintiff therefore prays this honorable court to grant his Motion for a Temporary Restraining Order or Preliminary Injunction.

Dated: 9/12/07

Respectfully submitted,

Amir Fatir
pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
SEP 18 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Boyer, et al., )
    Plaintiff, )
)
v. )   Civil Action No. 06-694-GMS
)
Taylor, et al., )
    Defendant. )

### AFFIDAVIT

I, Amir Fatir, being first duly sworn, depose and says: I am a plaintiff in the above captioned case.

1. I lived on D-Tier in D-Building from January 2006 until June 21, 2007.

2. During the time I lived in D-Building I too at least one shower each day.

3. The D-tier showers are invested with fungus and mold.

4. The prison authorities painted over it, but did not removed it.

5. When the showers are turned on, steam rises and mold and fungus become airborne and is inhaled.

6. No effort was made to remove the mold and fungus in the shower and bathroom during my residence in B-Building.

7. I brought the problem of mold and fungus to the attention of Inspector Palowski and Security Chief Scarborough.

8. All of the regular guards in D-Building were made aware of the mold and fungus problem in the showers.

9. The inmate janitors who clean the showers once per week are not provided bleach, HAZMAT protection clothing or any type of mold and fungus remover to clean the showers or bathroom or any other part of D-Building.

10. There are no toilet stalls on D-tier. When people defecate they must do so in public in full view of population and staff (including women).

11. No bleach, fungus remover or mold remover is used in the bathrooms of D-Building.

12. There are no urinal stalls.

13. Years ago there were stalls and separators for urinals and toilets but they fell apart and were never repaired or replaced.

14. There is no outside window in the bathroom and thus the smell of feces and minute particles of feces fills the tier and the cells.

15. The bathroom window was sealed with plexiglass after inmates complained about the existence of mold.

16. There are no working vents on the tiers or in the cells for carbon dioxide and other gases to be released. Everyone breathes everyone else's noxious fumes.

Subscribed and sworn to before me this 29th day of August, 2007.

_____
Amir Fatir, Affiant

_____
Timothy J. Marts
Notary Public

My Commission Expires: June 14, 2008



I/M: Amir Fatir
SBI# 137010  UNIT 3
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal

Clerk
U.S. District Court
844 King St., Lockbox 18
Wilmington, DE 19801