IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and<br>WARREN WYANT,<br><br>        Plaintiffs,<br><br>    v.<br><br>COMMISSIONER STANLEY TAYLOR,<br>PAUL HOWARD, RONALD<br>HOSTERMAN, WARDEN THOMAS<br>CARROLL, DEPUTY WARDEN DAVID<br>PIERCE, JENNY HAVEL, JANET<br>HENRY, CPL. ONEY, FLOYD DIXON,<br>MARVIN CREASY, JAMES P.<br>SATTERFIELD, and INSPECTOR<br>LT. PALOWSKI,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-694-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

**I. BACKGROUND**

The plaintiffs, Donald Boyer ("Boyer"), Amir Fatir ("Fatir"), and Warren Wyant ("Wyant) (collectively "the plaintiffs") are inmates at the Delaware Correctional Center ("DCC"). Along with several other inmates,[1] they filed this lawsuit pursuant to 42 U.S.C. § 1983. They proceed *pro se* and have been granted leave to proceed *in forma pauperis*. The court screened their initial complaint and amended complaint and dismissed several claims and defendants. (D.I. 39.)

The Memorandum and Order advised the plaintiffs that each of them are required to sign any amendment or pleading filed with the court. *Id.* The same day the Order issued, Fatir filed a

---

[1]The other original plaintiffs either voluntarily dismissed their claims or did not file the necessary papers to proceed with litigation and were dismissed from the case.

motion to amend the complaint signed only by him. (D.I. 40.) **The plaintiffs are again warned that future pleadings affecting all plaintiffs and not signed by all plaintiffs will be stricken**.

The plaintiffs' complaint was filed in this court on November 15, 2006 (D.I. 10), and Boyer filed an amended complaint on January 5, 2007 (D.I. 18). In his motion to amend, Fatir mistakenly states that his motion is the first amendment to the complaint. Fatir moves to amend counts 21, 34, and 49, add counts 51 through 56, and add as defendants Rosalie Vargas, Sgt. Kuschel, Lt. Forbes, and Sgt. Bailey. Additionally, the plaintiffs have filed an amended complaint (D.I. 43) as allowed by the court's July 16, 2007 Memorandum and Order (D.I. 39). They have also filed motions for reconsideration of the court's July 16, 2007 Memorandum and Order. (D.I. 42, 44.)

## II. STANDARD OF REVIEW

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371

U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

## III. DISCUSSION

### A. Screening Order

The July 16, 2007 Memorandum and Order gave the plaintiffs leave to amend Fatir's access to the courts claim found in Count 26; the equal protection/race discrimination claims found in Counts 30, 31 and 42; and Fatir's medical needs claim in Count 50. The plaintiffs advise the court that they will not amend Counts 26 and 30. (D.I. 43) Accordingly, Counts 26 and 30 will be dismissed. The plaintiffs have amended Counts 31, 42, and 50 as allowed by the court. Count 50 is a medical need claims and names as defendants First Correctional Medical ("FCM"), Correctional Medical Services ("CMS"), former Commissioner Stanley Taylor ("Taylor"), former Bureau Chief Paul Howard ("Howard"), Warden Thomas Carroll ("Carroll"), and Deputy Warden David Pierce ("Pierce"). Amended Count 50 does not contain any allegations against Taylor, Howard, Carroll, or Pierce, and fails to state a claim against them upon which relief may be granted. Therefore, the plaintiffs may proceed on Count 50 **only** as to FCM and CMS.

The July 16, 2007 screening Order also dismissed Counts 34 and 49, two counts Fatir seeks to amend. The proposed amendments to Counts 34 and 49 fail to state a claim upon which

relief may be granted. Inasmuch as there is futility of amendment, the court will deny Fatir's motion to amend Counts 34 and 49. (D.I. 40.)

### B. Thirteenth Amendment

Proposed Count 51 alleges Fatir was forced "to do slave labor" in violation of the Thirteenth Amendment. The Thirteenth Amendment prohibits slavery and involuntary servitude. U.S. Const. amend. XIII. To the extent that proposed Count 51 alleges slavery and/or involuntary servitude, it lacks an arguable basis in law or in fact and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). There is futility of amendment and, therefore, the court will deny Fatir's motion to amend to add Count 51.

### C. Retaliation

Proposed Count 52 is brought against defendants Taylor, Howard, Carroll, Pierce, Lisa Merson ("Merson"), Michael McCramer ("McCramer"), and Sgt. Bailey ("Bailey").[2] It alleges Fatir was retaliated against by Bailey for exercising his First Amendment right to petition the government for redress of a grievance and for his refusal to worship a "god" in whom he does not believe.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Proposed Count 52 does not contain any allegations against Taylor, Howard, Carroll, Pierce, Merson, or McCramer, and fails to state a claim against

---

[2] Merson and McCramer were dismissed as defendants in the July 16, 2007 Memorandum and Order. (D.I. 39.)

them upon which relief may be granted. Therefore, the court will grant Fatir's motion to amend to add Count 52 **only** as to Bailey. The court will deny the motion to amend to add Count 52 as to defendants Taylor, Howard, Carroll, Pierce, Merson, or McCramer on the basis of futility of amendment.

### D. First Amendment

Proposed Count 53 alleges the plaintiffs were prohibited from seeing the movies *Borat* and *The Last King of Scotland*. Fatir alleges the plaintiffs were prohibited from viewing the movies because they contain some nudity. Fatir alleges the Department of Correction's ("DOC") actions violated the plaintiffs' rights under the First and Fourteenth Amendments.

The last sentence of the proposed amendment alleges the defendants Taylor, Howard, Hosterman, Carroll, Pierce, Havel, Merson, and McCramer are responsible for the alleged violations. However, the proposed amendment does not apprise any of these defendants of their individual actions about which the plaintiffs complain or when the alleged conduct took place. The proposed amendment as it now stands fails to state a claim upon which relief may be granted. Therefore, the court will deny Fatir's motion to amend to add Count 53, by reason of futility of amendment.

### E. Conditions of Confinement

Proposed Count 54 alleges a conditions of confinement claim due to the size of mattresses. Fatir alleges the plaintiffs are forced to sleep upon mattresses sized for children with dimensions of five feet, ten inches long and two feet wide, as opposed to adult mattresses which have dimensions of six and one-half feet long and two and one-half feet wide.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible

as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

Under these standards, proposed Count 54 must be deemed frivolous and, as such, fails to state a claim upon which relief may be granted. Given the nature of the alleged deprivation, the failure to provide a larger mattress cannot result in the finding of a violation of constitutional magnitude. Thus, the court will deny Fatir's motion to amend to add Count 54.

**F. Equal Protection**

Proposed Count 55 alleges that women offenders in Delaware are treated better than male offenders because females receive light sentences, are released on parole after serving less time, are indicted at a lower level, make probation and parole more readily, receive more consideration at the Pardon Board, are seldom forced to do time in maximum security, have more privileges, and receive better medical care. Under the Equal Protection Clause, persons who are similarly situated should be treated in the same manner. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).

To state a claim for an equal protection violation in a prison setting, an inmate "must

demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination . . . . He must also show that the disparity in treatment cannot survive the appropriate level of scrutiny, which, in a prison setting, means that [a plaintiff] must demonstrate that his treatment was not 'reasonably related to [any] legitimate penological interests.'" *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) (internal citation, quotation marks, and alterations omitted); *see also Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985). Courts have consistently held that in the absence of a fundamental right or a protected class, equal protection only requires that a regulation which results in unequal treatment of an inmate bear some rational relationship to a legitimate penological interest. *See McGinnis v. Royster*, 410 U.S. 263 (1973); *Hodges v. Klein*, 562 F.2d 276 (3d Cir. 1977). If the challenged state action involves a "suspect" classification based on race, alienage or national origin, or infringes on a fundamental constitutional right, a court must apply the strict scrutiny standard. *FCC v. Beach Communications, Inc.*, 503 U.S. 307, 313 (1993).

The Third Circuit has stated, "[t]he nature of the prison environment at the women's facility differs significantly from that existing at the men's penal institutions and hence different regulations are constitutionally permissible." *Dreibelbis v. Marks,* 742 F.2d 792, 795 (3d Cir. 1984) (citing *Wark v. Robbins,* 458 F.2d 1295 (1st Cir. 1972) (upholding differential penalties for men and women who escape from prison). It further states, "since men and women differ physically and psychologically, . . . prison administrators are free to give differential treatment to male and female inmates based on perceived natural and practical differences." *Id.* at 796.

Based upon the foregoing, proposed Count 55 fails to state a claim upon which relief may be granted. Thus, the court will deny Fatir's motion to amend to add Count 55.

### G. Supremacy Clause

In proposed Count 56, Fatir alleges a violation of the Supremacy Clause because of non-compliance with a court order. The Supremacy Clause, 1 U.S. Const., Art. VI, cl. 2, invalidates state laws that interfere with or are contrary to federal laws. *Hillsborough County, Fla. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 712 (1985). Fatir alleges that he prevailed in a lawsuit which entitled him to have information on the pork content of food served at DCC and to be addressed solely by his Muslim name. *See Masjid Muhammad-D. C. C. v. Keve*, 479 F. Supp. 1311 (D. Del. 1979). Fatir alleges there was compliance with the Order until December 2004, but that at some unknown time a state law was passed permitting the DOC to address inmates by their "slave names." He alleges that the DOC and DCC, in violation of the Supremacy Clause, force him to answer to his slave name. The proposed amendment also asks that Fatir be allowed to inspect the DCC kitchens so that he may monitor compliance of serving pork food items. Fatir seeks an order requiring the defendants to comply with the court's Order in *Masjid Muhammad-D. C. C. v. Keve*, for a finding that the defendants are in contempt of court, and punitive damages against Taylor, Carroll, Howard, Pierce, and Havel for violating the *Masjid Muhammad-D. C. C. v. Keve* Order.

The Supremacy Clause is inapplicable to Fatir's claim. *See Pokorny v. Ford Motor Co.*, 902 F.2d 1116, 1120 (3d Cir. 1990) ("[T]he Supreme Court recognized that federal preemption of state law can occur in three types of situations: (1) where Congress explicitly preempts state law, (2) where preemption is implied because Congress has occupied the entire field and (3) where preemption is implied because there is an actual conflict between federal and state law.). Fatir frames Count 56 as a violation of the Supremacy Clause, apparently in an attempt to allege

a constitutional violation, when he actually seeks enforcement of an order entered almost thirty years ago. Moreover, Count 56 fails to state claim under § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The proposed amendment fails to allege a violation of Fatir's constitutional rights but, rather, it alleges of non-compliance with a court order. Proposed Count 56 fails to state a claim upon which relief may be granted under § 1983. There is futility of amendment and, therefore, the court will deny Fatir's motion to amend to add Count 56.

## IV. MOTIONS FOR RECONSIDERATION

The plaintiffs filed two motions for reconsideration of certain portions of the court's July 16, 2007 Memorandum and Order dismissing Count 17 of the complaint (D.I. 42) and Count 45 of the complaint (D.I. 44). Count 17 alleged a violation of Fatir's right to due process and equal protection when, following a transfer from an Arizona institution to DCC, he was placed in the Security Housing Unit ("SHU") in December 2004 without a disciplinary hearing and later transferred to the Medium-High Housing Unit ("MHU"). Count 45 alleged cruel and unusual punishment in violation of the Eighth Amendment in the use of box handcuffs. More specifically, the complaint alleged that the handcuffs cut off the circulation and placed inmates with high blood pressure, heart ailments and/or circulatory ailments in danger of stroke, cardiac arrest and/or death.

The standard for obtaining relief under Rule 59(e) is difficult for the plaintiffs to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985).

A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The plaintiffs argue that in dismissing Count 17 the court improperly relied upon *Sandin v. Conner*, 515 U.S. 472 (1995), when it should have relied upon *Wilkinson v. Austin*, 545 U.S. 209 (2005). (D.I. 42). Their argument is unavailing. *Wilkinson* concerned the housing of inmates at a state supermax prison and held that inmates had a liberty interest protected by the Fourteenth Amendment's Due Process Clause in avoiding assignment to the state's supermax prison. *Id.* at 221. In *Wilkinson* the U.S. Supreme Court looked at several factors in reaching their conclusion: the prohibition from almost all human contact, the indefinite duration of the placement with only an annual review, and placement in the supermax disqualified an otherwise eligible inmate for parole consideration. *Id.* at 224. The Supreme Court noted that any of those

conditions standing alone might not be sufficient to create a liberty interest, but taken together they imposed an atypical and significant hardship within the correctional context. *Id.*

The plaintiffs allege the conditions at SHU are identical to those described in *Wilkinson* and attempt to equate housing in SHU to housing in a supermax prison even though the DCC is not a supermax facility. They refer to the SHU as "Delaware SHU Supermax." When viewing the allegations of Count 17 is it clear that court correctly to relied upon *Sandin,* when it dismissed Count 17. Fatir was not housed in SHU and later MHU for an indefinite period of time; he was housed in SHU and MHU for thirteen months and not all of that time was spent in the more restrictive SHU. There are no allegations that Fatir was prohibited from having contact with others. Nor is it alleged that Fatir's placement in SHU or MHU, if he is eligible for parole, disqualified him for parole consideration. As alleged, Count 17 was properly analyzed under *Sandin*. The plaintiffs have not met demonstrated any of the grounds necessary to warrant reconsideration, and therefore, their motion (D.I. 42) will be denied.

Plaintiffs also ask the court to reconsider its dismissal of Count 45. The court dismissed Count 45 because it did not allege that any of the plaintiffs have the medical conditions referred to in the Count, it did not allege any occasion when the plaintiffs were handcuffed in an excessively tight manner or that any of the plaintiffs suffered physical harm as a result of tight handcuffs, and it did not indicate when or where such alleged activity took place. Plaintiffs submit proposed amended Count 45 which cures its pleading defects. Therefore, the court will grant the motion to reconsider the dismissal of Count 45 (D.I. 44). The plaintiffs may proceed with the amended Count 45, but **only** as to Warden David Hall. The proposed amended Count 45 does not contain any allegations against Commissioner Carl C. Danberg, Bureau Chief Rick

Kearney, Carroll, or Pierce other than to allege generally that they are responsible for the alleged violations in Count 45.

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant Fatir's motion to amend the complaint as to Counts 21 and Count 52 only as to Sgt. Bailey. (D.I. 40.) The court will grant Fatir's motion to amend to add Sgt. Bailey as a defendant. The court will deny Fatir's motion the amend the complaint as to Counts 34, 49, 51, 53, 54, 55, 56, and Count 52 as to any defendants other than Bailey. The court will deny the motion to amend to add as defendants Rosalie Vargas, Sgt. Kuschel, and Lt. Forbes. Pursuant to the amended complaint (D.I. 43), the court will add as defendants Maureen Whalen, Vargas, Michael Little, First Correctional Medical and Correctional Medical Services, and the court will dismiss Counts 26 and 30. The court will deny the motion for reconsideration in light of *Wilkinson v. Austin* (D.I. 42) and will grant the motion to reconsider dismissal of Count 45 (D.I. 44). The plaintiffs will be allowed to proceed on amended Count 45 against David Hall and he will be added as a defendant. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Nov 13, 2007
Wilmington, Delaware



FILED
NOV 14 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 06-694-GMS ) |
| COMMISSIONER STANLEY TAYLOR, PAUL HOWARD, RONALD HOSTERMAN, WARDEN THOMAS CARROLL, DEPUTY WARDEN DAVID PIERCE, JENNY HAVEL, JANET HENRY, CPL. ONEY, FLOYD DIXON, MARVIN CREASY, JAMES P. SATTERFIELD, and INSPECTOR LT. PALOWSKI, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 13th day of Nov, 2007, for the reasons set forth in the Memorandum issued this date,

IT IS ORDERED THAT:

1. The motion to amend the complaint (D.I. 40) is **GRANTED** as to Counts 21 and Count 52 only as to Sgt. Bailey and **DENIED** in all other respects. The clerk of the court is directed to add Sgt. Bailey as a defendant.

2. The motion for reconsideration in light of *Wilkinson v. Austin* (D.I. 42) is **DENIED**.

3. Counts 26 and 30 are **DISMISSED**. The plaintiffs may **PROCEED** on the following Counts contained in the amended complaint (D.I. 43): Count 31 against the defendants Maureen Whalen, Vargas, Michael Little, Stanley Taylor, Paul Howard, Ronald Hosterman, David Pierce,

and Thomas Carroll; Count 42 against the defendants Maureen Whalen, Michael Little, Paul Howard, Ronald Hosterman, David Pierce, and Thomas Carroll; and Count 50 against the defendants First Correctional Medical and Correctional Medical Services. The clerk of the court is directed to add or reinstate Maureen Whalen, Vargas, Michael Little, First Correctional Medical, and Correctional Medical Services as defendants.

    4. The motion to reconsider dismissal of Count 45 (D.I. 44) is **GRANTED**. The plaintiffs shall **PROCEED** with amended Count 45 contained in D.I. 44 against the defendant David Hall. The clerk of the court is directed to reinstate David Hall as a defendant.

    5. The defendants shall file a response to the plaintiffs' motion to order defendants to allow and arrange consultation among plaintiffs D.I. (47), motion to order prison law library to make copies of cases (D.I. 50), motion for temporary restraining order and a preliminary injunction (D.I. 52), motion for a temporary restraining order or a preliminary injunction to permit plaintiff Fatir to telephone his wife in England (D.I. 55), and motion for a temporary restraining order or a preliminary injunction to close D-Building and declare it unfit for human habitation (D.I. 57),within **thirty (30)** days after they are served.

    IT IS FURTHER ORDERED THAT:

    1. The clerk of the court shall cause a copy of this Order to be mailed to the plaintiffs.

    2. This Order will supplement the July 16, 2007 Service Order (D.I. 39).

    3. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiffs shall complete and return to the clerk of the court **original** "U.S. Marshal-285" forms for **newly added or reinstated defendants Sgt. Bailey, Maureen Whalen, Vargas, Michael Little, First Correctional Medical, Correctional Medical Services, and David Hall.** The plaintiffs have provided the

court with copies of the complaint (D.I. 10). The plaintiffs shall also provide the court with sufficient copies of the amended complaints (D.I. 18, 43), the proposed amended complaint (D.I. 40), the motion for reconsideration containing Count 45 (D.I. 44), motion to order defendants to allow and arrange consultation among plaintiffs D.I. (47), motion to order prison law library to make copies of cases (D.I. 50), motion for temporary restraining order and a preliminary injunction (D.I. 52), motion for a temporary restraining order or a preliminary injunction to permit plaintiff Fatir to telephone his wife in England (D.I. 55), and motion for a temporary restraining order or a preliminary injunction to close D-Building and declare it unfit for human habitation (D.I. 57) for service upon the remaining defendants listed in this Order and the court's July 16, 2007 Order. The plaintiffs are notified that the United States Marshal will not serve the complaint and amended complaints and the foregoing listed documents until <u>all</u> "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms and <u>all</u> other required documents within 120 days from the date of this Order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

    4. Upon receipt of the form(s) required by paragraph 3 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 10), the amended complaints (D.I. 18, 43), the proposed amended complaint (D.I. 40), the July 16, 2007 Order (D.I. 39), the motion for reconsideration containing Count 45 (D.I. 44), motion to order defendants to allow and arrange consultation among plaintiffs D.I. (47), motion to order prison law library to make copies of cases (D.I. 50), motion for temporary restraining order and a preliminary injunction (D.I. 52),

motion for a temporary restraining order or a preliminary injunction to permit plaintiff Fatir to telephone his wife in England (D.I. 55), and motion for a temporary restraining order or a preliminary injunction to close D-Building and declare it unfit for human habitation (D.I. 57), this Order, a "Notice of Lawsuit" form, the filing fee Order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

    5. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

    6. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this Order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    7. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

    8. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2)

and § 1915A(a). ***

    9.  **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____<br>
UNITED STATES DISTRICT JUDGE

FILED

NOV 14

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-5-