UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, WARREN J. WYANT, AMIR FATIR, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>STANLEY TAYLOR, PAUL HOWARD, RONALD HOSTERMAN, THOMAS CARROLL, DAVID PIERCE, JENNY HAVEL, JANET HENRY, CPL. ONEY, FLOYD DIXON, SGT. MARVIN CREASY, JAMES P. SATTERFIELD, LIEUTENANT PALOWSKI, SGT. BAILEY, CPL. VARGAS, FIRST CORRECTIONAL MEDICAL, CORRECTIONAL MEDICAL SERVICES, DAVID HALL, MAUREEN WHALEN, MICHAEL LITTLE, )<br>)<br>Defendants. ) | Case No. 006-694 GMS<br>JURY TRIAL DEMANDED |

--------------------------------------------------------

## ANSWER TO COMPLAINT

Defendant Correctional Medical Services ("Answering Defendant"), by and through its undersigned counsel, for its Answer to Plaintiff's Second Amended Complaint (D.I. 43), states as follows:

### COUNT 31 (amended)

The allegations of Count 31 are not directed toward Answering Defendant and so no response is required.

### COUNT 42 (amended)

The allegations of Count 42 are not directed toward Answering Defendant and so no response is required.

**COUNT 50 (amended)**

1. To the extent the allegations of this paragraph are consistent with Plaintiff Fatir's medical records, they are admitted; otherwise denied.

2. To the extent the allegations of this paragraph are consistent with Plaintiff Fatir's medical records, they are admitted; otherwise denied.

3. To the extent the allegations of this paragraph are consistent with Plaintiff Fatir's medical records, they are admitted; otherwise denied. Denied that Answering Defendant has "stonewalled or outright refused" Plaintiff Fatir's requests.

4. To the extent the allegations of this paragraph are consistent with Plaintiff Fatir's medical records, they are admitted; otherwise denied.

5. The allegations of this paragraph constitute conclusions of law to which no response is required. Admitted that the allegations of this paragraph are purported to lie against the individuals identified.

**ADDITIONAL DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Answering Defendant was not deliberately indifferent to any serious medical need.

3. Plaintiff fails to state a claim against Answering Defendant for medical negligence.

4. To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to file, or seek an extension to file, an affidavit of merit pursuant to 18 *Del. C.* § 6853.

5. Plaintiff's claims are barred by the statute of limitations.

6.  Answering Defendant was not acting under color of State or Federal law.

7.  Plaintiff fails adequately to plead a claim for punitive damages.

8.  Answering Defendant provided Plaintiff with medical care that was appropriate and adequate for his conditions and which met the applicable standard of care.

9.  Answering Defendant, at all times material to the allegations in the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that its actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

10. Answering Defendant is entitled to good faith immunity.

11. Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

12. Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

13. Plaintiff's claims may be barred or limited by contributory/comparative negligence.

14. Plaintiff failed to mitigate his damages.

15. CMS had no policy or custom demonstrating deliberate indifference to Plaintiff's alleged serious medical need.

16. Answering Defendant CMS is immune from liability under State law through the State Tort Claims Act, 10 Del. C. § 4001, *et seq*.

17. Plaintiff's claims against CMS pursuant to 42 U.S.C. § 1983 are or may be barred by the inapplicability of the doctrine of respondeat superior.

18. Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

19.     Answering Defendant hereby adopts any and all additional defenses hereinafter asserted by its co-defendants.

20.     Answering Defendant reserves the right to assert additional defenses in the future to the extent warranted by discovery.

## ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

21.     Answering Defendant denies all cross-claims asserted against it now or hereinafter.

WHEREFORE, Answering Defendant Correctional Medical Services, Inc. respectfully requests entry of judgment in its favor and against Plaintiff Fatir together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

BALICK & BALICK, LLC


         /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant
Correctional Medical Services, Inc.

Date:   February 19, 2008

**CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 19th day of February 2008, the foregoing Answer to the Complaint was filed via CM/ECF and served First Class Mail upon the following:

Amir Fatir
SBI #137010
Delaware Correctional Center
1181 Paddock Road
P.O. Box 500
Smyrna, DE 19977

Donald Boyer
SBI# 082420
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Warren J. Wyant
SBI# 00176129
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Erika Yvonne Tross, Esquire
Delaware Department of Justice
820 North French Street
6th Floor
Wilmington, DE 19801

      /s/ James E. Drnec
James E. Drnec, Esquire (#3789)