**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 06-694-GMS |
| v. | ) ) Jury Trial Requested |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) |
| Defendants. | ) |

**STATE DEFENDANTS' ANSWER TO PLAINTIFFS'
ORIGINAL AND AMENDED COMPLAINTS [RE:  D.I. 10, 18, 42, 43, 44]**

COMES NOW, State Defendants Thomas Carroll, Ronald Hosterman, David Pierce, Jeanette Havel, Janice Henry, Michael Little, Floyd Dixon, Marvin Creasy, James Satterfield, Maureen Whelan, Ralph Bailey, and David Hall (the "State Defendants") by and through their undersigned counsel, and hereby respond to the numbered claims and allegations remaining from Plaintiffs' Original Complaint filed on November 15, 2006 (D.I. 10), amendments to the Original Complaint (D.I. 18, 43), and motions for reconsideration (D.I. 42, 44) (together the "Complaints"), as follows:

On July 16, 2007, this Court issued a Memorandum Opinion (D.I. 39) reviewing and screening the Original Complaint in accordance with 28 U.S.C. § 1915 and § 1915A. Further on November 14, 2007, this Court issued a second Memorandum Opinion and Order reviewing and screening the Plaintiffs' amendments to the Original Complaint as well as the motions for reconsideration.  (D.I. 65).  As a result of the Court's Opinions many of the Plaintiffs' claims were dismissed.  This is the State Defendants' response to the claims remaining from Plaintiffs' Complaints.

**Previous Lawsuits**

State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the "Previous Lawsuits" section of the Original Complaint and, therefore, deny same.

**Exhaustion of Administrative Remedies**

State Defendants admit that there is a prisoner grievance procedure available at the Delaware Correctional Center ("DCC"). State Defendants deny each and every other allegation of the "Exhaustion of Administrative Remedies" section of the Original Complaint not specifically admitted herein.

**Jurisdiction**

The allegations of the paragraph entitled "Jurisdiction" state legal conclusions to which no response is required.

**Defendants**

1. Paragraph 1 of the Defendants section of the Original Complaint refers to an individual who has not been served, therefore no response is required. To the extent a response is required the allegations of paragraph 1 are denied.

2. Paragraph 2 of the Defendants section of the Original Complaint refers to an individual who has not been served, therefore no response is required. To the extent a response is required the allegations of paragraph 2 are denied.

3. State Defendants admit that at the time of the filing of Plaintiffs' Original Complaint, Thomas Carroll was the Warden of the Delaware Correctional Center in Smyrna, Delaware. State Defendants specifically deny each and every other allegation of

paragraph 3 of the Defendants section of the Original Complaint not specifically admitted herein.

4.      State Defendants admit that at the time of the filing of Plaintiffs' Original Complaint, David Pierce was a Deputy Warden at the Delaware Correctional Center in Smyrna, Delaware. State Defendants specifically deny each and every other allegation of paragraph 4 of the Defendants section of the Original Complaint not specifically admitted herein.

5.      State Defendants admit that at the time of the filing of Plaintiffs' Original Complaint, Janet Henry was a Correctional Captain at the Delaware Correctional Center in Smyrna, Delaware. State Defendants specifically deny each and every other allegation of paragraph 5 of the Defendants section of the Original Complaint not specifically admitted herein.

6.      State Defendants admit that at the time of the filing of Plaintiffs' Original Complaint, Ronald Hosterman was a Treatment Administrator at the Delaware Correctional Center in Smyrna, Delaware. State Defendants specifically deny each and every other allegation of paragraph 6 of the Defendants section of the Original Complaint not specifically admitted herein.

7.      The allegations of paragraph 7 of the Defendants section of the Original Complaint are denied.

8.      State Defendants admit that at the time of the filing of Plaintiffs' Original Complaint, Jenny Havel was an Administrative Officer at the Delaware Correctional Center in Smyrna, Delaware. State Defendants specifically deny each and every other

allegation of paragraph 8 of the Defendants section of the Original Complaint not specifically admitted herein.

9. Paragraph 9 of the Defendants section of the Original Complaint refers to an individual who is no longer a defendant in this action, therefore no response is required. To the extent a response is required the allegations of paragraph 9 are denied.

10. Paragraph 10 of the Defendants section of the Original Complaint refers to an individual who is no longer a defendant in this action, therefore no response is required. To the extent a response is required the allegations of paragraph 10 are denied.

11. Paragraph 11 of the Defendants section of the Original Complaint refers to an individual who is no longer a defendant in this action, therefore no response is required. To the extent a response is required the allegations of paragraph 11 are denied.

12. Paragraph 12 of the Defendants section of the Original Complaint refers to an individual who is no longer a defendant in this action, therefore no response is required. To the extent a response is required the allegations of paragraph 12 are denied.

13. State Defendants admit that at the time of the filing of Plaintiffs' Original Complaint, Marvin Creasy was a Sergeant at the Delaware Correctional Center in Smyrna, Delaware. State Defendants specifically deny each and every other allegation of paragraph 13 of the Defendants section of the Original Complaint not specifically admitted herein.

14. Paragraph 14 of the Defendants section of the Original Complaint refers to an individual who has not been served, therefore no response is required. To the extent a response is required the allegations of paragraph 14 are denied.

15. State Defendants admit that at the time of the filing of Plaintiffs' Original Complaint, James Satterfield was a Lieutenant at the Delaware Correctional Center in Smyrna, Delaware. State Defendants specifically deny each and every other allegation of paragraph 15 of the Defendants section of the Original Complaint not specifically admitted herein.

16. Paragraph 16 of the Defendants section of the Original Complaint refers to an individual who is no longer a defendant in this action, therefore no response is required. To the extent a response is required the allegations of paragraph 16 are denied.

17. Paragraph 17 of the Defendants section of the Original Complaint refers to an individual who has not been served, therefore no response is required. To the extent a response is required the allegations of paragraph 17 are denied.

### Jurisdiction

The allegations of paragraph "A" regarding jurisdiction state legal conclusions to which no response is required.

### Nature of the Case

The allegations of paragraph "B" regarding the nature of the case are denied.

### Cause of Action

State Defendants respond to the remaining counts of Plaintiffs' Complaints as follows:

*Count 1*
*(Eighth Amendment conditions of confinement claim as to D Building)*

1. State Defendants admit that there is mold in the showers in D Building. State Defendants specifically deny each and every other allegation of paragraph 1 of Count 1 not specifically admitted herein. By way of further response, State Defendants

specifically deny that they have violated Plaintiffs' rights.

2. The allegations of paragraph 2 of Count 1 are denied.

3. The allegations of paragraph 3 of Count 1 are denied.

4. The allegations of paragraph 4 of Count 1 are denied.

5. The allegations of paragraph 5 of Count 1 are denied.

6. The allegations of paragraph 6 of Count 1 are denied.

7. The allegations of paragraph 7 of Count 1 are denied.

8. The allegations of paragraph 8 of Count 1 are denied.

9. The allegations of paragraph 9 of Count 1 are denied.

10. The allegations of paragraph 10 of Count 1 are denied.

11. The allegations of paragraph 11 of Count 1 are denied.

*Count 2*
*(Eighth Amendment conditions of confinement claim as to D Building)*

1. The allegations of paragraph 1 of Count 2 are denied.

2. The allegations of paragraph 2 of Count 2 are denied.

*Count 3*
*(Eighth Amendment conditions of confinement claim as to D Building)*

1. The allegations of paragraph 1 of Count 3 are denied.

2. The allegations of paragraph 2 of Count 3 are denied.

3. The allegations of paragraph 3 of Count 3 are denied.

4. The allegations of paragraph 4 of Count 3 are denied.

5. The allegations of paragraph 5 of Count 3 are denied.

6. The allegations of paragraph 6 of Count 3 are denied.

7.  The allegations of paragraph 7 of Count 3 are denied.

## Count 4
*(Eighth Amendment conditions of confinement claim as to D Building)*

1.  The allegations of paragraph 1 of Count 4 are denied.

2.  The allegations of paragraph 2 of Count 4 are denied. State Defendants specifically deny that they have violated Plaintiffs' rights.

3.  The allegations of paragraph 3 of Count 4 are denied.

## Count 5
*(Eighth Amendment conditions of confinement claim regarding soil at DCC)*

1.  The allegations of paragraph 1 of Count 5 are denied.

2.  The allegations of paragraph 2 of Count 5 are denied.

3.  The allegations of paragraph 3 of Count 5 are denied.

4.  The allegations of paragraph 4 of Count 5 are denied.

5.  The allegations of paragraph 5 of Count 5 are denied.

## Count 6
*(Eighth Amendment conditions of confinement claim regarding water at DCC)*

1.  The allegations of paragraph 1 of Count 6 are denied.

2.  The allegations of paragraph 2 of Count 6 are denied.

3.  The allegations of paragraph 3 of Count 6 are denied.

4.  The allegations of paragraph 4 of Count 6 are denied.

5.  The allegations of paragraph 5 of Count 6 are denied.

6.  The allegations of paragraph 6 of Count 6 are denied.

7.  The allegations of paragraph 7 of Count 6 are denied.

8. The allegations of paragraph 8 of Count 6 are denied.

*Count 9*
*(Eighth Amendment conditions of confinement claim as to D Building)*

1. State Defendants admit that there is mold and peeling paint in the showers in D Building. State Defendants specifically deny each and every other allegation of paragraph 1 of Count 9 not specifically admitted herein. By way of further response, State Defendants specifically deny that they have violated Plaintiffs' rights.

2. The allegations of paragraph 2 of Count 9 are denied.

3. The allegations of paragraph 3 of Count 9 are denied.

*Count 12*
*(Eighth Amendment conditions of confinement claim as to D Building)*

1. The allegations of paragraph 1 of Count 12 are denied.

2. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 2 of Count 12 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiffs' rights.

3. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 3 of Count 12 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiffs' rights.

4. The allegations of paragraph 4 of Count 12 are denied.

*Count 13*
*(Eighth Amendment conditions of confinement claim as to D Building)*

1. The allegations of paragraph 1 of Count 13 are denied.

2. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 2 of Count 13 that the "cells lack a positive and negative flow" and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiffs' rights.

3. The allegations of paragraph 3 of Count 13 are denied.

*Count 15*
*(Eighth Amendment conditions of confinement claim as to D Building)*

1. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 1 of Count 15 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiffs' rights.

2. The allegations of paragraph 2 of Count 15 are denied.

*Count 20*
*(First Amendment claim regarding prohibited books)*

1. The allegations of paragraph 1 of Count 20 are denied.

2. The allegations of paragraph 2 of Count 20 are denied.

3. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 3 of Count 20 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

4. State Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations asserted in paragraph 4 of Count 20 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

     5.     The allegations of paragraph 5 of Count 20 are denied.

     6.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 6 of Count 20 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

     7.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 7 of Count 20 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

     8.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 8 of Count 20 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

     9.     The allegations of paragraph 9 of Count 20 are denied.

     10.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 10 of Count 20 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

     11.     The allegations of paragraph 11 of Count 20 are denied.

     12.     The allegations of paragraph 12 of Count 20 are denied.

13. The allegations of paragraph 13 of Count 20 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 of Count 20 are denied.

## Count 21
### (First Amendment claim regarding pornography)

1. The allegations of paragraph 1 of Count 21 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 of Count 21 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 of Count 21 are denied.

4. The allegations of paragraph 4 of Count 21 are nonsensical and are denied.

5. The allegations of paragraph 5 of Count 21 are denied.

6. The allegations of paragraph 6 of Count 21 are denied.

7. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 7 of Count 21 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

8. The allegations of paragraph 8 of Count 21 are denied.

9. The allegations of paragraph 9 of Count 21 state legal conclusions to which no response is required. To the extent a response is required the allegations of

paragraph 9 are denied.

10. The allegations of paragraph 10 of Count 21 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 10 are denied.

11. The allegations of paragraph 11 of Count 21 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 of Count 21 are denied.

13. The allegations of paragraph 13 of Count 21 are denied.

14. The allegations of paragraph 14 of Count 21 are denied.

15. The allegations of paragraph 15 of Count 21 are denied.

16. The allegations of paragraph 16 of Count 21 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 16 are denied.

17. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 17 of Count 21 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

18. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 18 of Count 21 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

19. The allegations of paragraph 19 of Count 21 state legal conclusions to

which no response is required. To the extent a response is required the allegations of paragraph 19 are denied.

### *Count 23*
*(First Amendment claim regarding international telephone calls)*

1. State Defendants admit that the current phone system does not permit inmates to make international phone calls. State Defendants are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of Count 23 and therefore deny same. By way of further response State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

2. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 2 of Count 23 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

3. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 3 of Count 23 and therefore, deny same. By way of further response, State Defendants specifically deny that they have violated Plaintiff Fatir's rights.

4. The allegations of paragraph 4 of Count 23 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 of Count 23 are denied.

*Count 31*
*(Fourteenth Amendment claim against State Defendants Whalen, Little, Hosterman,*
*Pierce and Carroll regarding discrimination in prison jobs)*

The allegations of Count 31 are denied. By way of further response State Defendants Whalen, Little, Hosterman, Pierce and Carroll specifically deny that they have violated Plaintiffs' rights.

*Count 32*
*(claim as to the unlawful taking of Plaintiffs' funds)*

1. The allegations of paragraph 1 of Count 32 are denied.

2. The allegations of paragraph 2 of Count 32 are denied.

3. The allegations of paragraph 3 of Count 32 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 of Count 32 are denied.

5. The allegations of paragraph 5 of Count 32 are denied.

6. The allegations of paragraph 6 of Count 32 are denied.

7. The allegations of paragraph 7 of Count 32 are denied.

8. The allegations of paragraph 8 of Count 32 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 8 are denied.

*Count 36*
*(First Amendment claim regarding books)*

1. The allegations of paragraph 1 of Count 36 are denied.

2. The allegations of paragraph 2 of Count 36 are denied.

3. The allegations of paragraph 3 of Count 36 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 of Count 36 are denied.

*Count 39*
*(claim as to the unlawful taking of interest)*

1. The allegations of paragraph 1 of Count 39 are denied.

2. The allegations of paragraph 2 of Count 39 are denied.

3. The allegations of paragraph 3 of Count 39 are denied.

4. The allegations of paragraph 4 of Count 39 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 of Count 39 are denied.

*Count 42*
*(Fourteenth Amendment claim against State Defendants Whalen, Little, Hosterman, Pierce and Carroll regarding discrimination in prison jobs)*

The allegations of Count 42 are denied. By way of further response, State Defendants Whalen, Little, Hosterman, Pierce and Carroll specifically deny that they have violated Plaintiffs' rights.

*Count 45*
*(Eighth Amendment excessive force claim against State Defendant Hall)*

The allegations of Count 45 are denied. By way of further response, State Defendant Hall specifically denies that he violated Plaintiff Fatir's rights.

*Count 52*
*(claim against State Defendant Bailey)*

1. The allegations of paragraph 1 of Count 52 are denied.

2. The allegations of paragraph 2 of Count 52 are denied.

3. The allegations of paragraph 3 of Count 52 are denied.

4. The allegations of paragraph 4 of Count 52 are denied.

5. The allegations of paragraph 5 of Count 52 are denied.

6. The allegations of paragraph 6 of Count 52 are denied.

7. The allegations of paragraph 7 of Count 52 are denied.

8. The allegations or paragraph 8 of Count 52 are denied.

9. The allegations of paragraph 9 of Count 52 are denied.

10. The allegations of paragraph 10 of Count 52 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 10 are denied.

11. The allegations of paragraph 11 of Count 52 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 11 are denied.

12. The allegations of paragraph 12 of Count 52 state legal conclusions to which no response is required. To the extent a response is required the allegations of paragraph 12 are denied.

13. Count 52 of Plaintiffs' Complaints does not contain a paragraph 13.

14. State Defendant Bailey denies the allegations of paragraph 14 of Count 52.

**RELIEF**

State Defendants specifically deny that Plaintiffs are entitled to any relief or damages, including injunctive relief, compensatory damages, punitive damages, costs and/or attorneys' fees.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. The Complaints fail to state claims upon which relief may be granted.

2. This action and all claims are barred by Eleventh Amendment immunity.

3. As to any claims against the State or against State Defendants in their official capacities, the State and State Defendants are protected from liability by the doctrine of sovereign immunity.

4. State Defendants, in their official capacities, are not liable for alleged violations of Plaintiffs' constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

5. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

6. As to any claims sounding in state law, the State Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

7. To the extent Plaintiffs seek to hold State Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

8. Plaintiffs have failed to exhaust their administrative remedies, including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

9. State Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

10. To the extent Plaintiffs' claims sound in negligence, Plaintiffs cannot state a cause of action under 42 *U.S.C.* § 1983.

11. The Plaintiffs' claims are barred by their contributory negligence.

12. Plaintiffs fail to state a claim against State Defendants for failure to train and/or maintenance of wrongful customs, practices and policies.

13. Plaintiffs fail to state a claim against State Defendants for violation of the First Amendment.

14. Plaintiffs fail to state a claim against State Defendants for violation of the Eighth Amendment.

15. Plaintiffs fail to state a claim against State Defendants for violation of the Fourteenth Amendment

16. Plaintiffs' injuries and damages, if any, resulted from an intervening and superseding cause.

17. Plaintiffs' own conduct proximately caused and/or exacerbated their injuries, if any.

18. Plaintiffs lack standing.

19. Plaintiffs' allegations are moot.

20. Lack of jurisdiction over the person and subject matter.

WHEREFORE, State Defendants respectfully request this Honorable Court grant judgment in their favor and against the Plaintiffs in all respects, and enter an Order (i) dismissing the Complaints in their entirety as to the State Defendants; (ii) awarding State Defendants their fees and costs; and (iii) granting such other and further relief as is just and proper.

                                    **DEPARTMENT OF JUSTICE**
                                    **STATE OF DELAWARE**

                                    */s/ Erika Y. Tross*
                                    Erika Y. Tross (#4506)
                                    Deputy Attorney General
                                    820 N. French Street
                                    Wilmington, DE  19801
                                    (302) 577-8400
                                            Attorney for the State Defendants

Dated: March 20, 2008

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on March 20, 2008, I caused a true and correct copy of the attached *State Defendants' Answer to Plaintiffs' Original and Amended Complaints [Re: D.I. 10, 18, 42, 43, 44]* to be served on the following individuals in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Donald Boyer
SBI # 082420
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Warren Wyant
SBI # 00176129
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Amir Fatir
SBI # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400