**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DONALD BOYER, AMIR FATIR, and )
WARREN WYANT, )
                    )
       Plaintiffs, )
                    )    C.A. No. 06-694-GMS
    v. )
                    )    Jury Trial Requested
COMMISSIONER STANELY TAYLOR, et al., )
                    )
       Defendants. )

**STATE DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO ORDER PRISON LAW
LIBRARY TO MAKE COPIES OF CASES  [RE: D.I. 50]**

       COMES NOW, State Defendants Thomas Carroll, Ronald Hosterman, David Pierce, Jeanette Havel, Janice Henry, Michael Little, Floyd Dixon, Marvin Creasy, James Satterfield, Maureen Whelan, Ralph Bailey, and David Hall (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiffs' Motion to Order Prison Law Library to Make Copies of Cases (the "Motion to Order Copies") (D.I. 50). State Defendants assert that the Court should deny Plaintiffs' Motion because the State Defendants have not violated the Plaintiffs' constitutional rights and the Plaintiffs are receiving access to the law library and photocopy services. In support of the Response, State Defendants state as follows:

       1.      Plaintiffs Donald Boyer, Amir Fatir, and Warren Wyant (the "Plaintiffs") are all inmates presently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Plaintiffs are appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.      On November 15, 2006, Plaintiffs, along with nine (9) other individuals who have since been dismissed from the case, filed a Complaint against 25 Defendants alleging various claims.  (D.I. 10).

3.      Less than two months later, on January 5, 2007, Plaintiff Boyer filed the First Amended Complaint against all of the defendants adding new claims and allegations.  (D.I. 18).  On July 30, 2007, Plaintiffs filed a Second Amended Complaint further refining their allegations and claims against the defendants.  (D.I. 43).

4.      Following the filing of their Second Amended Complaint, the Plaintiffs, led by Plaintiff Fatir, filed a series of motions, including the Motion to Order Copies.  In the Motion to Order Copies, Plaintiffs request that the Court order "the prison law library to make copies of cases for plaintiffs as needed and to copy all documents which plaintiffs require to litigate this case."  (D.I. 50 at 3).

5.      State Defendants assert that they have not violated the Plaintiffs' constitutional rights.  Moreover, Plaintiffs are being provided access to the law library, photocopy services and to the courts.  This is State Defendants' Response in Opposition to the Motion to Order Copies.

6.      Plaintiffs appear to contend that the State Defendants are violating their constitutional rights by not providing them free copies of any and all documents that they request.  This contention is error.

7.      In *Bounds v. Smith*, 430 U.S. 817, the United States Supreme Court held that, "prisoners have a constitutional right of access to the courts."  *Id.* at 821.  But, even though inmates have such a right, "[t]he constitutional concept of an inmate's right of access to the courts does not require that prison officials provide inmates free or

unlimited access to photocopying machinery." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 445 (3d Cir. 1982). As such, claims of denial of access to a photocopier are peripheral and plaintiffs must show an actual injury resulted from the defendants' actions in order to succeed on their claims. *Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982). This actual injury must be an "instance in which [the] inmate was actually denied access to the courts." *Id.* In this case the Plaintiffs cannot show an actual injury.

8.      Inmates at DCC are afforded access to the institution's law library. Inmates on the main compound are permitted to schedule appointments to attend the law library. (Ex. A – "Martin Affidavit" at ¶ 2). The main law library assists inmates in their legal research and provides inmates with a number of services including: court forms for the various courts, photocopying, notary service, and access to many research materials. (*Id.*)

9.      In addition to the aforementioned available services, inmates who attend the law library have at their disposal ten (10) computer stations and six (6) electric typewriters. The computer stations contain form motions that inmates can fill out and print, or blank motions that the inmates can use to write whatever they choose. When an inmate has a motion or document that must be submitted to a court, the law library makes the required number of photocopies, as dictated by court rules, at no cost. (*Id.* at ¶ 3)

10.      Inmates who are permitted access to the law library and choose to attend the law library, are able to sit in the library and read the research materials. The research materials cannot be removed from the law library. (*Id.* at ¶ 4). The inmates are, however, allowed to sit in the library, read the research materials and use pen and paper to write down any information they so desire. (*Id.*).

11.     Inmates who choose not to attend the law library or who are not permitted to attend the law library for security reasons, may use the institutional mail system to request information and documents from the law library staff.  (*Id.* at ¶ 5).  For inmates who use the institutional mail system, the law library will photocopy research materials and send them to the inmate.  (*Id.*).  The law library provides this service to these inmates because they either choose not to attend the law library or are prohibited from attending.

12.     In addition to receiving photocopies of legal materials, all inmates can request, from the DCC's business office, photocopies of non-legal materials or materials that do not relate to their cases.  These copies are available for $0.25 per page.  (*Id.* at ¶ 6).

13.     In this case, Plaintiffs claim that they have been denied photocopies of cases.   In order to prove that their constitutional rights have been violated by not receiving photocopies of cases, Plaintiffs must show they have suffered an actual injury.  *Hudson*, 678 F.2d at 466.  In this case the Plaintiffs cannot meet their burden.

14.     Plaintiff Fatir is in the law library regularly, often on a weekly basis.  (*Id.* at ¶ 7).  His law library attendance report shows that he has made 81 appointments in the law library and actually attended the law library 56 times since January 2007.  (Ex. B).  In addition, since January 2007, Fatir has received over 5,600 photocopies from the law library related to his case.  (Ex. C).

15.     Plaintiff Fatir's argument that he has been unconstitutionally denied copies of cases is misleading.  Fatir attends the law library weekly.  When he attends the law library he is permitted to utilize the research materials and use pen and paper to write down relevant information.  Such a system has been deemed constitutional by this Court

before.  *See, Hoover v. Watson*, 886 F.Supp. 410 (D. Del. 1995) (holding that inmates could not show actual injury where they were given access to research materials and told to use pens and paper to copy the necessary portions from the books).  Moreover, if Fatir chooses, he is free to use the institutional mail system, instead of attending the law library, to obtain copies of cases.  (Martin Aff. at ¶ 5).

16.    Plaintiff Fatir complains that inmates in the MHU and SHU are treated better because they are given copies of cases.  Fatir misrepresents the system.  As previously described inmates at certain security levels are not permitted to attend the law library.  (*Id.*).  As a result these inmates are required to submit requests for cases and research materials to the law library.  The law library photocopies the requested materials and sends them, through the institutional mail system, to the inmate.  This service is provided to inmates in the MHU and SHU because their security level prohibits them from physically attending the law library.  (*Id.*).

17.    To the extent Fatir claims that the law library is denying him copies of legal materials related to his case, he is again misconstruing the facts.  Approximately five or six months ago Fatir "requested copies of letters he had typed to send to certain work areas of the institution concerning his desire for institutional employment."  (*Id.* at ¶ 8).  These letters were deemed non-legal by the law library.  (*Id.*).  Although Fatir was told that the law library would not copy the documents for free, he was directed to the business office where he could copy the documents for $0.25 per page.  (*Id.*).  Thus, Fatir was given the option to receive photocopies of his letters at a nominal charge.  Fatir has not shown that being required to pay for copies of these letters caused him any actual injury or denied him access to the courts.

18.     The law library photocopies the legal materials related to Fatir's case. (*See* Ex. C). Moreover, although Fatir does not receive copies of cases, he is able to sit in the law library, read the research materials and write down any relevant information. Finally, although the law library will not photocopy Fatir's non-legal documents, Fatir is able to copy such documents in the business office for a nominal fee. Clearly the State Defendants have not violated Fatir's right of access to the courts and the Motion to Order Copies with respect to Plaintiff Fatir should be denied.

19.     Plaintiff Wyant chooses to use the institutional mail system instead of attending the law library. (Martin Aff. at ¶ 9). His records indicate that he has received almost 2000 pages of photocopies from the law library since January 2006. (Ex. D). The Motion fails to allege that Wyant has suffered any actual injury. Therefore the Motion to Order Copies with respect to Plaintiff Wyant should also be denied.

20.     Plaintiff Boyer is classified to maximum security and housed in the MHU. As a result of his security classification he is required to use the institutional mail system to request legal materials and copies of documents. (Martin Aff. at ¶ 10). His records indicate that he has received approximately 2,650 copies since July 2007. (Ex. E). The Motion fails to allege any actual injury to Boyer. Therefore the Court should deny the Motion to Order Copies with respect to Plaintiff Boyer.

21.     Clearly the record reflects that the Plaintiffs have not been denied access to the courts or the law library. In addition, the record reveals that the Plaintiffs are receiving photocopies of legal materials related to their case. Finally, caselaw reveals that even if the Plaintiffs can prove that they are not receiving unlimited free photocopies

of every document they demand, such a refusal by the law library does not amount to a constitutional violation.

WHEREFORE, State Defendants respectfully request that this Honorable Court enter an Order, substantially in the form attached hereto, dismissing Plaintiffs' Motion to Order Copies.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
      Attorney for State Defendants

Dated: March 20, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DONALD BOYER, AMIR FATIR, and )
WARREN WYANT, )
                )
         Plaintiffs, )
                )      C.A. No. 06-694-GMS
     v. )
                )
COMMISSIONER STANELY TAYLOR, et al., )
                )
         Defendants. )

**<u>ORDER</u>**

Upon the Plaintiffs' Motion to Order Prison Law Library to Make Copies of Cases (D.I. 50) (the "Motion"); and State Defendants' Response in Opposition to the Motion; and it appearing that good and sufficient notice of the Plaintiffs' Motion and the State Defendants' Response in Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that the Motion is **DENIED.**

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet
United States District Court Judge

## <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on March 20, 2008, I caused a true and correct copy of the attached ***State Defendants' Response in Opposition to Plaintiffs' Motion to Order Prison Law Library to Make Copies of Cases [Re: D.I. 50]*** to be served on the following individuals in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Donald Boyer                              Warren Wyant
SBI # 082420                              SBI # 00176129
Delaware Correctional Center              Delaware Correctional Center
1181 Paddock Road                         1181 Paddock Road
Smyrna, DE 19977                          Smyrna, DE 19977

Amir Fatir
SBI # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977


**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONALD BOYER, AMIR FATIR, and )
WARREN WYANT, )
)
        Plaintiff, )
)    C.A. No. 06-694-GMS
      v. )
)    Jury Trial Requested
COMMISSIONER STANELY TAYLOR, et al., )
)
        Defendants. )

## AFFIDAVIT OF TIMOTHY MARTIN

I, Timothy Martin, having been duly sworn by law, do hereby depose and state as follows:

1.    I am employed by the State of Delaware Department of Correction ("DOC") as a Paralegal II at the Delaware Correctional Center ("DCC"), Smyrna, Delaware. I have been employed by DCC since January 1996, and as a Paralegal II for the past seven (7) years. Currently I am assigned to the Main Law Library at DCC.

2.    Inmates housed on the main compound of DCC can schedule appointments to attend the law library. Once an inmate has scheduled an appointment he is permitted to come to the law library to utilize its services. There are various services provided to the inmates through the law library. These services include: court forms for the various courts, photocopying, notary service, and research. Inmates are also permitted to sit in the library and read cases, statutes and other research materials. The law library has the following research materials at its disposal for inmate and staff use: U.S. Supreme Court and Federal Reporters, Federal Supplements and Digests, the Federal Appendix, American Jurisprudence 2nd, the United States and Delaware Codes

1

Annotated, the Federal and Delaware Rules, the Atlantic Digests, Wharton's Criminal Procedure (14th ed.), Wharton's Criminal Evidence (15th ed.), and many other materials.

3.    In addition to the research materials and notary services, the inmates who are permitted to attend the main law library also have at their disposal ten (10) computer stations and six (6) electric typewriters. The computers contain all the motions available to the law library for filing in the Delaware State Courts, the Federal District Courts and the Courts of Appeals. These motions have been scanned into the computer system so that an inmate may simply fill in the blank areas and print the completed motion. These same forms are also available as blank motions that an inmate may print and then handwrite in the relevant information. Once an inmate completes his motion, he may request that the motion be photocopied. A photocopy clerk will then make the requisite number of photocopies as dictated by court rules.

4.    Inmates are not permitted to remove materials from the law library. Inmates may, however, choose to sit in the library and read the research materials.

5.    Besides attending the law library, inmates may choose to use the institutional mail system to request information and documents from the law library staff. Inmates are permitted to write their requests to the law library staff through institutional mail. The requests are then completed by staff paralegals and inmate workers. Many inmates choose to send their requests through the institutional mail system rather than attend the law library. In addition, inmates at certain security levels are required to utilize the institutional mail system to request information and documents through law library staff due to their security classification.

6.    The law library staff will photocopy, for no charge, legal materials and materials related to an inmate's pending court case.  Documents that are not legal or do not relate to an inmate's case may be copied in the DCC's business office for $0.25 per page. This service, however, is only provided to inmates who do not attend the law library or who are not permitted to attend the law library because of their security classification.  Inmates who are permitted to attend the law library, and do attend, may review the research materials while in the library and use pen and paper to copy down relevant information.

7.    Inmate Amir Fatir, SBI # 137010, is in the law library on a regular basis, often weekly.  A recent copy of Inmate Fatir's Law Library Attendance Report shows that he has made 81 appointments since January 2007.  He has kept 56 of these appointments but failed to show up for 25 appointments.  Inmate Fatir avails himself of the law library's facilities and receives, among other services, copies of legal documents. From January 18, 2007 to February 29, 2008, Inmate Fatir received over 5600 photocopies from the law library.

8.    Approximately five to six months ago Inmate Fatir requested copies of letters he had typed to send to certain work areas of the institution concerning his desire for institutional employment.  I informed Inmate Fatir that the letters were not of a legal nature and that the law library could not photocopy such letters.  I then told him that he could either mail the letters directly to the individuals or he could make photocopies for $0.25 per page in the DCC's business office.  Inmate Fatir then informed me that he was claiming that the prison administration was discriminating against him by only offering him kitchen jobs which were beneath his skills and education.  I again told Inmate Fatir

3

that I could not copy the letters in the law library but that he could pay for copies in the business office. Inmate Fatir then told me that he may be forced to add me to his lawsuit for discrimination and denial of copies.

9.    Inmate Warren Wyant, SBI # 176129, chooses to utilize the institutional mail system to request services from the law library staff. Law library records indicate that Inmate Wyant's last request was in September 2007. From January 2006 to the present he has received almost 2000 pages of photocopies from the law library.

10.    Inmate Donald Boyer, SBI # 082420, is not currently housed on the main compound. As a result of his security level he must send his requests for legal documents and services through the institutional mail system. Records indicate that within the past two years, when he was housed on the main compound, Inmate Boyer received over 1500 photocopies from the main law library.

_Timothy J. Mast_
Timothy Martin

**SWORN AND SUBSCRIBED** before me this _18_ day of _March_, 2008.

_____
Notary

4

# EXHIBIT B

## Delaware Correctional Center Law Library

### Attendance Report

**Name:** Amir Fatir          **SBI#:** 137010          **Report Date:** March 13, 2008

| Date | Show | No Show | Date | Show | No Show |
|------|------|---------|------|------|---------|
| 1/2/2007 | | Closed | 8/29/2007 | X | |
| 1/4/2007 | | X | 8/31/2007 | X | |
| 1/18/2007 | X | | 9/5/2007 | | X |
| 1/25/2007 | | X | 9/7/2007 | X | |
| 1/30/2007 | | X | 9/12/2007 | X | |
| 2/1/2007 | X | | 9/14/2007 | | X |
| 2/6/2007 | X | | 9/19/2007 | X | |
| 2/8/2007 | X | | 10/24/2007 | X | |
| 2/12/2007 | | X | 10/26/2007 | | X |
| 2/13/2007 | X | | 11/7/2007 | X | |
| 2/20/2007 | | X | 11/9/2007 | X | |
| 2/22/2007 | | X | 11/14/2007 | X | |
| 3/13/2007 | | | 11/16/2007 | X | |
| 3/15/2007 | X | | 11/21/2007 | | X |
| 3/29/2007 | X | | 11/28/2007 | X | |
| 3/30/2007 | X | | 11/30/2007 | X | |
| 4/2/2007 | X | | 12/5/2007 | | X |
| 4/3/2007 | X | | 12/7/2007 | X | |
| 4/5/2007 | | X | 12/14/2007 | X | |
| 4/10/2007 | | X | 12/19/2007 | X | |
| 4/12/2007 | | X | 12/21/2007 | X | |
| 5/22/2007 | | X | 12/26/2007 | X | |
| 5/24/2007 | X | | 12/28/2007 | | X |
| 5/31/2007 | | X | 1/2/2008 | X | |
| 6/26/2007 | X | | 1/4/2008 | | X |
| 6/28/2007 | X | | 1/7/2008 | | X |
| 7/6/2007 | X | | 1/9/2008 | X | |
| 7/13/2007 | X | | 1/16/2008 | X | |
| 7/18/2007 | X | | 1/18/2008 | | X |
| 7/20/2007 | X | | 1/25/2008 | X | |
| 7/25/2007 | X | | 1/30/2008 | X | |
| 7/27/2007 | | X | 2/1/2008 | X | |
| 8/1/2007 | X | | 2/6/2008 | X | |
| 8/3/2007 | X | | 2/8/2008 | X | |
| 8/8/2007 | X | | 2/13/2008 | X | |
| 8/10/2007 | X | | 2/15/2008 | X | |
| 8/15/2007 | X | | 2/22/2008 | X | |
| 8/17/2007 | X | | 2/27/2008 | X | |
| 8/22/2007 | X | | 2/29/2008 | X | |
| 8/24/2007 | | X | 3/5/2008 | | X |
| | | | 3/7/2008 | | X |

## Totals:

**Appointments:** 81     **Show:** 56     **No Shows:** 25

# EXHIBIT C

# *Photocopy Request History*

| *Inmate* | **Amir Fatir** | | *SBI#* | **137010** | | | |
|---|---|---|---|---|---|---|---|
| **ID:** | **Loc** | **Description** | | **Del** | **Pages** | **Date Sent** | **Respondant:** |
| 13923 | D-E | Legal Letters | | p-u | 4 | 1/18/2007 | |
| 13922 | D-E | Legal Letter | | p-u | 12 | 1/18/2007 | |
| 13954 | D-E | Disciplinary Counsel Forms | | p-u | 10 | 1/23/2007 | |
| 13955 | D-E | Motion | | p-u | 23 | 1/23/2007 | |
| 14005 | D-E | Motion & Legal Letter | | p-u | 5 | 2/1/2007 | |
| 14074 | D-E | Motions | | m-o | 141 | 2/9/2007 | |
| 14097 | D-E | Appendix | | p-u | 45 | 2/13/2007 | |
| 14424 | D-E | Motion | | m-o | 132 | 3/22/2007 | |
| 14767 | D-E | Motion | | p-u | 4 | 3/29/2007 | |
| 14797 | D-E | Motion | | p-u | 4 | 4/2/2007 | |
| 14809 | D-E | Motion | | p-u | 120 | 4/3/2007 | |
| 14455 | D-E | Motion | | m-o | 120 | 5/22/2007 | |
| 14437 | D-E | Legal Letter | | p-u | 1 | 5/24/2007 | |
| 14687 | D-E | Legal Letter | | p-u | 8 | 5/29/2007 | |
| 15268 | W | Super. Ct. Motion (R.61) | | p-u | 24 | 6/27/2007 | |
| 15350 | W | Legal Letters (Attorney & Court Officers) | | p-u | 6 | 7/6/2007 | |
| 15359 | W | U.S. Dist. Ct. Motion (Ammend Conlaint) | | m-o | 44 | 7/9/2007 | |
| 15407 | W | U.S. Dist. Ct. Motion ( To Amend Complaint) | | m-o | 100 | 7/12/2007 | |
| 15427 | W | Legal Letter (Postmaster General) | | p-u | 10 | 7/13/2007 | |
| 15422 | W | Supr. Ct. Motion (Writ of Ceriorari) & Cert. of S | | p-u | 22 | 7/13/2007 | |
| 15467 | W | U.S. Dist. Ct. Motions (§1983 & Memorandum) | | p-u | 85 | 7/18/2007 | |
| 15468 | W | Legal Letter (U.S. Dept. of Justice) | | p-u | 12 | 7/18/2007 | |
| 15496 | W | Legal Letter (Dep. Warden, D.C.C.) | | p-u | 5 | 7/20/2007 | |
| 15499 | W | Legal Letter (U.S. Dist. Ct. Clerk) | | p-u | 1 | 7/20/2007 | |
| 15550 | W | U.S. Dist. Ct. Motion (Reconsideration) | | p-u | 32 | 7/25/2007 | |
| 15568 | W | U.S. Dist. Ct. Motion (Amended Complaint) | | p-u | 24 | 7/26/2007 | |
| 15631 | W | MailBack (Not Legal Documents) | | p-u | 0 | 8/1/2007 | Tim M. |
| 15621 | W | Legal Letter (Deputy Warden, D.C.C.) | | p-u | 1 | 8/1/2007 | |
| 15626 | W | U.S. Dist. Ct. (Reconsider) | | p-u | 16 | 8/1/2007 | |
| 15688 | W | U.S. Dist. Ct. Motion (Order toAllow Consultati | | p-u | 12 | 8/8/2007 | |
| 16598 | W | U.S. Dist. Ct. Motion (Amend) | | p-u | 20 | 8/10/2007 | |
| 16600 | W | U.S. Dist. Ct. Motion (Appointment of Expert) | | p-u | 12 | 8/10/2007 | |
| 16607 | W | U.S. Dist. Ct. Motion (Enforce Judgement) | | p-u | 8 | 8/10/2007 | |
| 16670 | W | U.S. Dist. Ct. Motion (Denial of Plaintiff's Tranf | | p-u | 24 | 8/15/2007 | |
| 16708 | W | U.S. Dist. Ct. Motion (For Copies) & Legal Lette | | p-u | 32 | 8/17/2007 | |
| 16748 | W | Legal Letter (Judge) | | p-u | 2 | 8/22/2007 | |
| 16854 | W | (TRO, Show Cause, Declaration, Affidavits (2)) | | p-u | 75 | 8/29/2007 | |
| 16891 | W | U.S. Dist. Ct. Motions (Mem. TRO) | | m-o | 25 | 9/4/2007 | |
| 16955 | W | Supr. Ct. Motion (Rehearing) | | p-u | 12 | 9/7/2007 | |
| 17022 | W | U.S. Dist. Ct. Motion (TRO) | | p-u | 55 | 9/12/2007 | |

| ID: | Loc | Description | Del | Pages | Date Sent | Respondant: |
|---|---|---|---|---|---|---|
| 17027 | W | U.S. Dist. Ct. Motions (Show Cause, Tro, Memo | m-o | 60 | 9/13/2007 | |
| 17611 | W | U.S. Dist. Ct. Motion (Amended Complaint), Su | p-u | 83 | 10/24/2007 | |
| 17616 | W | U.S. Dist. Ct. Motion (Default Judgement) | p-u | 6 | 10/24/2007 | |
| 17797 | W | U.S. Dist. Ct. Motion (Reply Brief) | p-u | 14 | 11/7/2007 | |
| 17844 | W | U.S. Dist. Ct. Motion (Reply Brief) | m-o | 56 | 11/13/2007 | |
| 17892 | W | Supr. Ct. Reply Brief & Appendix | p-u | 67 | 11/14/2007 | |
| 17893 | W | Letter from Chancery Ct. | p-u | 2 | 11/14/2007 | |
| 17901 | W | Dist. Ct. Pretrial conference request | p-u | 6 | 11/14/2007 | |
| 17877 | W | Supr. Ct. motion (Appendix/Exhibits) | p-u | 28 | 11/14/2007 | |
| 17918 | W | U.S. Dist. Ct. Motions (Too Numerous To List, | p-u | 693 | 11/16/2007 | |
| 17920 | W | U.S. Dist. Ct. Motions (Too Numerous To List, | p-u | 777 | 11/16/2007 | |
| 18049 | W | Legal Letters (U.S. Dist. Ct. Clerk) | p-u | 3 | 11/28/2007 | |
| 18170 | W | U.S. Dist. Ct. Motion (Amended Complaint) | p-u | 2020 | 12/7/2007 | |
| 18276 | W | Super. Ct. (Order) & Legal Letter (Ct. Clerk) & T | p-u | 18 | 12/14/2007 | |
| 18335 | W | Super. Ct. Motion (35b) | p-u | 32 | 12/19/2007 | |
| 18366 | W | Super. Ct. Motions (35b & For Transcripts) | p-u | 16 | 12/21/2007 | |
| 18379 | W | Super. Ct. Motion (For Transcripts) | p-u | 6 | 12/21/2007 | |
| 19103 | W | U.S. Dist. Ct. Motions (1983 Complaint & Memo | m-o | 87 | 1/8/2008 | |
| 19200 | W | Legal Letters (Judge & Prothonotary) & Super. | p-u | 27 | 1/16/2008 | |
| 19322 | W | Super. Ct. motions (To Remand &Pauperis) | p-u | 20 | 1/25/2008 | |
| 19323 | W | Supr. Ct. motions (Notice of Appeal ) & Legal L | p-u | 13 | 1/25/2008 | |
| 19364 | W | Dist. Ct. (Order) | p-u | 2 | 1/30/2008 | |
| 19369 | W | Legal Letters (ACLU, Supr. Ct. Clerk) Supr. Ct. | p-u | 29 | 1/30/2008 | |
| 19470 | W | Super. Ct. Motion (Civil Complaint), Supr. Ct. M | p-u | 66 | 2/6/2008 | |
| 19575 | W | Supr. Ct. Motion (Reply brief) | p-u | 8 | 2/13/2008 | |
| 19603 | W | U.S. Dist. Ct. Motion (Final Judgement) | p-u | 30 | 2/15/2008 | |
| 19604 | W | Legal Letter (A.G.'s Office) | p-u | 12 | 2/15/2008 | |
| 19614 | W | U.S.Dist. Ct. Motion (Reply Brief) & Legal Lette | p-u | 43 | 2/15/2008 | |
| 19692 | W | U.S. Dist. Ct. Motion (Rebuttal Brief) & Attachm | m-o | 110 | 2/25/2008 | |
| 19758 | W | U.S. Dist. Ct. Motion (Suppl.ToRubuttal) | p-u | 21 | 2/27/2008 | |
| 19772 | W | Supr. Ct. Motion (Appell. Opening Brief) | p-u | 30 | 2/29/2008 | |

*Total Pages Copied:* **5673**

# EXHIBIT D

# *Photocopy Request History*

| *Inmate* | **Wyant, Warren** | | *SBI#* | **176129** | | |
|---|---|---|---|---|---|---|
| **ID:** | **Loc** | **Description** | **Del** | **Pages** | **Date Sent** | **Respondant:** |
| 17087 | D-W | Supr. Ct. Motion (to Strike) | p-u | 4 | 9/18/2007 | |
| 17062 | D-W | U.S. Dist. Ct. motion (Plaintiff's Objection) | p-u | 8 | 9/17/2007 | |
| 16954 | D-W | Legal Letter (From Super. Ct.) | m-o | 6 | 9/7/2007 | |
| 16673 | D-W | U.S. Dist. Ct. Motion (Relief from Judgement) & | m-o | 30 | 8/16/2007 | |
| 16642 | D-W | U.S. Dist. Ct. Motion (Relief from Judgement) & | m-o | 18 | 8/14/2007 | |
| 15617 | D-W | Legal Letter (Dist. Ct. Clerk) & Account Sheets | p-u | 16 | 8/1/2007 | |
| 15461 | D-W | Power Of Attorney | p-u | 4 | 7/17/2007 | |
| 15408 | D-W | U.S. Dist. Ct. Motion (To Strike) | p-u | 14 | 7/12/2007 | |
| 15358 | D-W | U.S. Dist. Ct. Motion (Discovery) | m-o | 28 | 7/6/2007 | |
| 15249 | D-W | U.S. Dist. Ct. Motions (Opp. To Dismissal & Dis | m-o | 420 | 6/26/2007 | |
| 15225 | D-W | Affidavit | p-u | 12 | 6/21/2007 | |
| 15176 | D-W | U.S. Dist. Ct. Motion (Extension of Time) | m-o | 18 | 6/19/2007 | |
| 14447 | D-W | Motions | m-o | 280 | 5/25/2007 | |
| 14461 | D-W | Motions | m-o | 244 | 5/23/2007 | |
| 14150 | D-W | Motion | p-u | 30 | 2/20/2007 | |
| 14041 | D-W | Motion | p-u | 21 | 2/5/2007 | |
| 13823 | D-E | Motion | p-u | 325 | 1/4/2007 | |
| 4802 | D-W | Affidavit | p-u | 26 | 12/19/2006 | |
| 4493 | D-W | Legal Letter | m-o | 1 | 11/17/2006 | |
| 4397 | D-W | Motion & Exhibits | m-o | 40 | 11/6/2006 | |
| 4367 | D-W | Legal Letter | m-o | 5 | 11/2/2006 | |
| 4344 | D-W | Motion | m-o | 260 | 10/31/2006 | |
| 3401 | D-W | Motions | m-o | 24 | 7/24/2006 | |
| 3239 | D-W | Motion | m-o | 9 | 7/3/2006 | |
| 1957 | B21 | Sent To Maria (Copies of Motion) | m-o | 24 | 1/30/2006 | |
| 1765 | B21 | Motion | m-o | 40 | 1/4/2006 | |

*Total Pages Copied:*    **1907**

# EXHIBIT E



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
DELAWARE CORRECTIONAL CENTER
Legal Services Administrator
Smyrna Landing Road
SMYRNA, DELAWARE 19977
Telephone: (302) 653-9261
Fax: (302) 659-6687

To:        Michael Little
           Legal Services Administrator
           Delaware Correctional Center

From:      Maria Lyons
           Staff Paralegal
           MHU Law Library

Date:      March 17, 2008

Ref:       MHU Law Library usage for Inmate Donald Boyer  #00082420:

Inmate Donald Boyer #00082420 has been housed in the MHU since July 17, 2007.  He
was housed in MHU Building 21 and MHU Bldg. 22.  The following is a breakdown of
his MHU Law Library requests from July 17, 2007 until present:

| Date of Request | Bldg. # | Cell | Description | Date Received |
|---|---|---|---|---|
| 7/17/07 | 21 | B-L-9 | Cases (+5) | 7/1707 |
| 8/15/07 | 21 | B-L-9 | Court Forms, Housing Rules, Medical Release, Power of Atty., Code of Conduct | 8/15/07 |
| 8/20/2007 | 21 | B-L-9 | Returned Cases (5), Housing Rules, Code of Conduct | 8/20/07 |
| 10/03/07 | 21 | B-L-9 | Photocopies (96 pages) | 10/04/07 |
| 12/19/07 | 21 | B-L-9 | Requested General Request forms | 12/19/07 |
| 12/21/07 | 21 | B-L-9 | Photocopies (244 pages) | 12/21/07 |
| 12/28/07 | 21 | B-L-9 | Photocopies (352 pages) | 12/28/07 |
| 01/02/08 | 21 | B-L-9 | Photocopies (552 pages) | 01/02/08 |
| 01/08/08 | 21 | B-L-9 | Photocopies (286 pages), Court Forms | 01/08/08 |

| 01/08/08 | 21 | B-L-9 | Cases (+1) | 01/08/08 |
| 01/17/08 | 21 | B-L-9 | Photocopies (307 pages) | 01/17/08 |
| 02/08/08 | 21 | B-L-9 | Title 11 (+1), Cases (+4) | 02/08/08 |
| 02/11/08 | 21 | B-L-9 | Photocopies (336 pages) | 02/11/08 |
| 02/19/08 | 22 | C-U-4 | Photocopies  (267 pages) | 02/11/08 |
| 02/26/08 | 22 | C-U-8 | Photocopies (210 pages) | 02/26/08 |
| 03/13/08 | 22 | B-U-4 | Photocopy Request Denied | 03/13/08 |