IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT,<br><br>       Plaintiffs,<br><br>       v.<br><br>COMMISSIONER STANELY TAYLOR, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 06-694-GMS<br>)<br>)   Jury Trial Requested<br>)<br>)<br>) |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING
ORDER AND A PRELIMINARY INJUNCTION [RE: D.I. 52]**

COMES NOW, State Defendants Thomas Carroll, Ronald Hosterman, David Pierce, Jeanette Havel, Janice Henry, Michael Little, Floyd Dixon, Marvin Creasy, James Satterfield, Maureen Whelan, Ralph Bailey, and David Hall (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction calling for an end to alleged nepotism in employee hiring and discrimination in prison jobs at DCC (the "Motion to End Nepotism and Job Discrimination") (D.I. 52). State Defendants assert that the Court should deny Plaintiffs' Motion because Plaintiffs lack standing to bring the nepotism claim and cannot satisfy the test for injunctive relief on the discrimination claim. In support of the Response, State Defendants state as follows:

    1.    Plaintiffs Donald Boyer, Amir Fatir, and Warren Wyant (the "Plaintiffs") are all inmates presently incarcerated at the Delaware Correctional Center ("DCC") in

Smyrna, Delaware. Plaintiffs are appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On November 15, 2006, Plaintiffs, along with nine (9) other individuals who have since been dismissed from the case, filed a Complaint against 25 Defendants alleging various claims. (D.I. 10).

3. Less than two months later, on January 5, 2007, Plaintiff Boyer filed the First Amended Complaint against all of the defendants adding new claims and allegations. (D.I. 18). On July 30, 2007, Plaintiffs filed a Second Amended Complaint further refining their allegations and claims against the defendants. (D.I. 43).

4. Following the filing of their Second Amended Complaint, the Plaintiffs, led by Plaintiff Fatir, filed a series of motions, including the Motion to End Nepotism and Job Discrimination. In the Motion, Plaintiffs assert that the DCC uses nepotism in its hiring practices. The Plaintiffs further contend that the DCC unlawfully discriminates against black inmates in its hiring for prison jobs.

5. State Defendants assert that the Court should deny the Motion to End Nepotism and Job Discrimination because the Plaintiffs do not have standing with respect to their claim of nepotism in the hiring of DCC employees. Further the Court should deny the request for injunctive relief with respect to job discrimination in prison jobs because Plaintiffs are unlikely to succeed on the merits of their claims and will not suffer irreparable harm if the Motion is denied.

**I.    This Court Lacks Jurisdiction Over Plaintiffs' Allegations Of Nepotism In Employee Hiring Because The Plaintiffs Do Not Have Standing To Bring The Claim.**

6. Plaintiffs assert that DCC officials "violate the laws and regulations against nepotism by hiring and promoting family members." (D.I. 52 at ¶ 2). The Plaintiffs, however, do not state with specificity which laws DCC officials have violated by hiring and promoting family members. Regardless, Plaintiffs cannot succeed on the merits of their allegations because they do not have standing to bring the claim.

7. Prior to reaching the merits of an issue, a court has "'an obligation to assure [itself]'" that a plaintiff has standing under Article III. *DaimlerChrylser Corp. v. Cuno*, 547 U.S. 332, 340 (2006) (quoting *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180 (2000)). To demonstrate standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

8. In this case Plaintiffs cannot show that the State Defendants' alleged use of nepotism in the hiring of DCC employees has caused them any personal injury. Plaintiffs have not alleged that they have applied for a job as a DCC employee and were denied the job because of nepotism. In fact, the Plaintiffs' only argument for why this Court should order the cessation of nepotism seems to be that nepotism at DCC is allegedly a violation of the law. But, "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen*, 468 U.S. at 754. Plaintiffs cannot show that they have suffered a personal injury by the alleged use of nepotism in employee hiring. Therefore the Motion, as it pertains to the nepotism argument, should be denied for lack of standing.

**II.    Plaintiffs' Claims Of Race Discrimination In Prison Jobs Must Be Denied Because The Plaintiffs Have Not Shown That The State Defendants Were Involved In Hiring Or Had A Discriminatory Purpose When Hiring.**

9.    A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

10.    The Third Circuit holds that a district court should grant a request for injunctive relief only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

11.    To obtain a preliminary injunction Plaintiffs must satisfy all four factors. If they cannot prove that they have a likelihood of success on the merits of their claim or that they are likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

12.    The first factor of the preliminary injunction test requires that the moving party show that he is likely to succeed on the merits of his claims. *Maldonado*, 157 F.3d at 184. To prove a violation of constitutional rights based on discriminatory hiring in prison jobs a plaintiff must establish that, "the defendant public official acted with a discriminatory purpose as the motivating factor." *Wilson v. Taylor*, 466 F.Supp.2d 567,

572 (D. Del. 2006). Moreover, "[w]hile 'an application of a prison policy or system' can amount to racial discrimination, 'conclusory assertions of racism are insufficient.'" *Id.* (quoting *Hill v. Thalacker*, 399 F.Supp.2d 925, 929 (W.D. Wis. 2005)). A plaintiff must establish that the "defendant public officials played 'an affirmative role in the deprivation of [the plaintiff's] rights.'" *Id.* (quoting *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981)).

13.     Neither the Motion nor the Memorandum of Law states that the Plaintiffs have been discriminated against in trying to obtain prison jobs. In fact neither document so much as alleges that the Plaintiffs have even applied for a job. The only Plaintiff who alleges that he has been denied a job is Plaintiff Fatir in his Declaration. But, in the Declaration, Plaintiff Fatir never states that he was denied a job because of his race. Rather, he simply asserts that he is "currently blackballed from being hired to any jobs". Plaintiffs never prove that they have been discriminated against or were not hired for a job because of their race.

14.     Assuming, *arguendo*, that Plaintiffs were denied jobs because of their race, the Motion fails to state that any of the State Defendants played an affirmative role in denying them a job. The Motion is devoid of any evidence that the State Defendants were either involved in denying the job or had a discriminatory purpose when denying the job. In fact, neither the Plaintiffs' Motion, Memorandum of Law or Declaration mentions a single State Defendant by name or makes a single allegation against a State Defendant. Rather, Plaintiffs' Motion contains nothing more than conclusory assertions of racism. As such Plaintiffs have failed to state a claim of violation of their constitutional rights. Therefore the Plaintiffs are not likely to succeed on the merits of

their discrimination claim and the Court should deny the Motion for failure to satisfy the requisite factors for injunctive relief.

15. Further, Plaintiffs cannot demonstrate that they are in danger of suffering irreparable harm if the Motion is denied. To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm …." *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added). Injunctions are not issued to eliminate a possibility of a remote future injury. *Id.* Rather, an injunction is used where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Moreover, injunctive relief is used to prevent definite future harms, not to remedy past violations. *See, SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980).

16. Plaintiffs have not alleged that they will suffer any definite future injury if the Motion is denied. In fact, in the Memorandum of Law Plaintiffs allege only that they "will suffer more financial loss, classification loss, parole chances and … self-actualization…." (D.I. 53 at 3). Such "injuries" are nothing more than risks of harm, especially considering that Fatir is classified to minimum security, Plaintiffs have not shown that they are eligible for parole and they have not proven that they will suffer a financial loss. Plaintiffs' claimed injuries are not definite future harms. Therefore they cannot meet their burden for irreparable harm and the job discrimination claim should be denied.

- 7 -

WHEREFORE, State Defendants respectfully request that this Honorable Court enter an Order, substantially in the form attached hereto, denying Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction.

          **STATE OF DELAWARE**
          **DEPARTMENT OF JUSTICE**

          */s/ Erika Y. Tross*
          Erika Y. Tross (#4506)
          Deputy Attorney General
          820 North French Street, 6th Floor
          Wilmington, Delaware 19801
          (302)577-8400
                Attorney for State Defendants

Dated: March 20, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, </br></br>　　　　Plaintiffs, </br></br>　　v. </br></br>COMMISSIONER STANELY TAYLOR, et al., </br></br>　　　　Defendants. | )</br>)</br>)</br>)</br>)　　C.A. No. 06-694-GMS</br>)</br>)</br>)</br>)</br>) |

## **ORDER**

Upon Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction (D.I. 52) (the "Motion"); and State Defendants' Response in Opposition to the Motion; and it appearing that good and sufficient notice of the Plaintiffs' Motion and the State Defendants' Response in Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that the Motion is **DENIED.**

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on March 20, 2008, I caused a true and correct copy of the attached *State Defendants' Response in Opposition to Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction [Re: D.I. 52]* to be served on the following individuals in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Donald Boyer
SBI # 082420
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Warren Wyant
SBI # 00176129
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Amir Fatir
SBI # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400