**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DONALD BOYER, AMIR FATIR, and )
WARREN WYANT, )
)
      Plaintiffs, )
)     C.A. No. 06-694-GMS
    v. )
)     Jury Trial Requested
COMMISSIONER STANELY TAYLOR, et al., )
)
      Defendants. )

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF FATIR'S MOTION FOR A TEMPORARY RESTRAINING
ORDER OR A PRELIMINARY INJUNCTION TO PERMIT
PLAINTIFF FATIR TO TELEPHONE HIS WIFE IN ENGLAND [RE: D.I. 55]**

      COMES NOW, State Defendants Thomas Carroll, Ronald Hosterman, David Pierce, Jeanette Havel, Janice Henry, Michael Little, Floyd Dixon, Marvin Creasy, James Satterfield, Maureen Whelan, Ralph Bailey, and David Hall (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff Fatir's Motion for a Temporary Restraining Order or a Preliminary Injunction to Permit Plaintiff Fatir to Telephone His Wife in England (the "Motion to Order International Phone Calls") (D.I. 55). State Defendants assert that the Court should deny Plaintiffs' Motion because Plaintiff cannot show that he is likely to succeed on the merits of his claim. In support of the Response, State Defendants state as follows:

      1.     Plaintiffs Donald Boyer, Amir Fatir, and Warren Wyant (the "Plaintiffs") are all inmates presently incarcerated at the Delaware Correctional Center ("DCC") in

Smyrna, Delaware.  Plaintiffs are appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.    On November 15, 2006, Plaintiffs, along with nine (9) other individuals who have since been dismissed from the case, filed a Complaint against 25 Defendants alleging various claims.  (D.I. 10).

3.    Less than two months later, on January 5, 2007, Plaintiff Boyer filed the First Amended Complaint against all of the defendants adding new claims and allegations.  (D.I. 18).  On July 30, 2007, Plaintiffs filed a Second Amended Complaint further refining their allegations and claims against the defendants.  (D.I. 43).

4.    Following the filing of their Second Amended Complaint, the Plaintiffs, led by Plaintiff Fatir, filed a series of motions, including the Motion to Order International Phone Calls.  In the Motion, Plaintiff Fatir requests that the Court issue a preliminary injunction requiring that the "defendants permit him to telephone his wife who resides in England."  (D.I. 55 at 1).[1]

5.    State Defendants assert that the Court should deny the Motion to Order International Phone Calls because the Plaintiff is unlikely to succeed on the merits of his claim and will not suffer irreparable harm if the Motion is denied.

6.    A grant of injunctive relief is an extraordinary remedy.  Thus a request for injunctive relief should only be granted in limited circumstances.  *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

7.    The Third Circuit holds that a district court should grant a request for a preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2)

---

[1] There is no evidence or documentation that shows that Plaintiff Fatir is legally married.

denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

8.     To obtain a preliminary injunction Fatir must satisfy all four factors. If he cannot prove that he has a likelihood of success on the merits of his claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

**I.     Fatir Is Not Likely To Succeed On The Merits Of His First Amendment Or Fourteenth Amendment Claims.**

9.     The first factor of the preliminary injunction test requires that the moving party show that he is likely to succeed on the merits of his claims. *Maldonado*, 157 F.3d at 184. To establish a valid claim under § 1983, a plaintiff must demonstrate that the defendants, while acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Moore v. Tartler,* 986 F.2d 682, 685 (3d Cir. 1993). In this case Fatir cannot show that the State Defendants deprived him of a right secured by the First Amendment or the Equal Protection clause. Therefore he is not likely to succeed on the merits of his claims and the Court should deny the Motion for his failure to satisfy the requisite factors for injunctive relief.

**A.     Fatir does not have a First Amendment right to make international telephone calls**.

10.     Plaintiff claims that the State Defendants are violating his First Amendment rights by denying him the ability to make international calls. To

demonstrate a likelihood of success on the merits of his claim Fatir must be able to prove that he has a constitutional right to make international phone calls.

11.    In its Memorandum Opinion and Order dated July 12, 2007, this Court found that, "Inmates have First Amendment rights notwithstanding their incarceration, but these rights are necessarily circumscribed because of the legitimate penological and administrative interests of the prison system." (D.I. 39 at 17).

12.    "In the First Amendment context, 'prisoners have no *per se* constitutional right to use a telephone.'" *Harrison v. Federal Bureau of Prisons*, 464 F.Supp.2d 552, 555 (E.D. Va. 2006) (quoting *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000)).  Moreover, even assuming that an inmate has a right to telephone access, that right "'is subject to rational limitation based upon legitimate security and administrative interests of the penal institution.'" *Id.* (quoting *Arney v. Simmons*, 26 F.Supp.2d 1288, 1293 (D. Kan. 1998)).  Further this Court has stated that, "'[t]he exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, ….'" (D.I. 39 at 17) (quoting *Almahdi v. Ridge*, 201 Fed. Appx. 865 n.2 (3d Cir. 2006)). The decision by prison administrators regarding telephone service is entitled to deference by the courts.  *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

13.    Fatir has no First Amendment right to make international telephone calls. *See Harrison*, 464 F.Supp.2d at 555.  Therefore he cannot succeed on the merits of his claim that the State Defendants have violated his constitutional rights, and the Court should deny the Motion.

14.    Assuming, *arguendo*, that Fatir has a "right" to make international phone calls, the Court should still deny the Motion because the prison system has found that permitting international phone calls presents legitimate security concerns.

15.    In October 2005, Plaintiff Fatir filed a grievance at DCC regarding not being able to call his wife in England and a close friend that lives in Dubar.  (Ex. A). Fatir's grievance was thoroughly investigated and it was discovered that the phone system the prison uses requires that direct dialed international phone calls go through an "interface with an international operator to make the connection."  (*Id.*).  As a result it was determined that it "is not possible [to make direct dialed international calls] from the current inmate phone system."  (*Id.*).  Prison administrators further ruled that, "Any other accommodations present security issues."  (*Id.*).  Thus the prison administrators have determined that permitting inmates to make direct dial international phone calls presents penological concerns.  This decision should be given deference by this Court and the Motion should be denied.

   **B.    Fatir's Equal Protection rights have not been violated where other inmates are also not permitted to make direct dialed international phone calls.**

16.    Fatir also claims that the DCC is violating his Equal Protection rights by allegedly permitting inmates to "place telephone calls via counselors' offices or via the Chaplain's office."  (D.I. 55 at 2, ¶ 6).  Fatir has no support for his allegations.  Therefore he cannot succeed on the merits of his claim and the Court should deny his request for injunctive relief.

17.    The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Center*,

473 U.S. 432, 439 (1985) (citing *Plyler v. Doe,* 457 U.S. 202, 216 (1982)).  Therefore, to demonstrate a likelihood of success on the merits of an Equal Protection claim the moving party must show he is being treated differently than persons who are similarly situated to him.

18.    In this case Fatir cannot prove that he is being treated differently than other inmates who would like to make international phone calls.  In fact, the record indicates that the DCC's phone system does not permit any international phone calls by any inmates.

19.    Fatir claims that inmates are making calls from the counselors' or Chaplain's offices.  Fatir, however, makes only bald allegations without any supporting inmate names, counselor's names, dates, times, affidavits or other evidence of these occurrences.  Further, even assuming that other inmates are making phone calls through the counselors' and Chaplain's offices, Fatir has not shown that these calls are international phone calls.  Finally, assuming, *arguendo*, that inmates are making international phone calls through the counselors' and Chaplain's offices, Fatir cannot show that these phone calls are sanctioned or permitted by the State Defendants or that the State Defendants had personal involvement with these phone calls.  In fact, Joseph Richardson, Institutional Investigator of DCC, testifies that, "[i]nmates are not permitted to make international phone calls from a counselor or chaplain's office."  (Ex. B – "Richardson Affidavit" at ¶ 4).  Therefore there is no basis for Fatir's allegations.

20.    Fatir cannot demonstrate that the State Defendants treated him differently than other similarly situated inmates.  Therefore he cannot succeed on the merits of his claim and his request for injunctive relief should be denied.

II.     **Fatir Cannot Prove He Will Suffer Future Irreparable Harm Where He Has Other Means Available To Him For Contacting His Wife.**

21.     To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm …." *Continental Group, Inc. v. Amoco Chemicals Corp*., 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added).   Injunctions are not issued to eliminate a possibility of a remote future injury. *Id.*  Rather, an injunction is used where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).  Moreover, injunctive relief is used to prevent definite future harms, not to remedy past violations.  *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980).

22.     Fatir is not in danger of suffering irreparable harm.  Although he is not able to make direct dial international phone calls, he is able to write his wife and communicate with her through that means.  In addition, to the extent she qualifies and is able to pass security, Fatir's wife is able to visit him at DCC.  Therefore, even if he is not able to call his wife, Fatir has other options available for communicating with her.

23.     Finally, Fatir's wife also has an option available to her.  Institutional Investigator Richardson testified that Fatir's wife can attempt to purchase a cell phone that has a United States phone number but is able to receive phone calls in the country where she resides.  (Richardson Aff. at ¶ 3).  Assuming there are no security or other concerns, she can then set up a pre-paid account with the DCC's telephone system. "Once the account was set up [Fatir] could call the cell phone's United States phone number and [his wife] could receive the phone call where [she is] located overseas." (*Id.*).

24.     Clearly Fatir has several options available to him in order to communicate with his wife.  Therefore he is not in danger of suffering irreparable harm and the Motion should be denied.

WHEREFORE, State Defendants respectfully request that this Honorable Court enter an Order, substantially in the form attached hereto, dismissing Plaintiff Fatir's Motion to Order International Phone Calls.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
Attorney for State Defendants

Dated: March 20, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD BOYER, AMIR FATIR, and )
WARREN WYANT, )
)
        Plaintiffs, )
)    C.A. No. 06-694-GMS
       v. )
)
COMMISSIONER STANELY TAYLOR, et al., )
)
        Defendants. )

## <u>ORDER</u>

Upon Plaintiff Fatir's Motion for a Temporary Restraining Order or a Preliminary Injunction to Permit Plaintiff Fatir to Telephone His Wife in England (D.I. 55) (the "Motion"); and State Defendants' Response in Opposition to the Motion; and it appearing that good and sufficient notice of the Plaintiff's Motion and the State Defendants' Response in Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that the Motion is **DENIED.**

SO ORDERED this _____ day of _____, 2008.

 

_____
The Honorable Gregory M. Sleet
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on March 20, 2008, I caused a true and correct copy of the attached *State Defendants' Response in Opposition to Plaintiff Fatir's Motion for a Temporary Restraining Order or a Preliminary Injunction to Permit Plaintiff Fatir to Telephone His Wife in England [Re: D.I. 55]* to be served on the following individuals in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Donald Boyer                           Warren Wyant
SBI # 082420                           SBI # 00176129
Delaware Correctional Center           Delaware Correctional Center
1181 Paddock Road                      1181 Paddock Road
Smyrna, DE 19977                       Smyrna, DE 19977

Amir Fatir
SBI # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/13/2008

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** FATIR, AMIR | **SBI#** : 00137010 | **Institution** : DCC | |
| **Grievance #** : 18253 | **Grievance Date** : 10/23/2005 | **Category** : Individual | |
| **Status** : Resolved | **Resolution Status :** Level 3 | **Resol. Date** : 07/18/2006 | |
| **Grievance Type:** Telephone | **Incident Date** : 10/23/2005 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier F, Cell 18, Single | | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** The prison inmate phone system does not allow for calls to other countries. My wife lives in England and a close friend lives in Dubar. I am unable to call them.

**Remedy Requested** : To arrange for me to call my wife and friend by changing the phone system or establishing some other way.

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** |
| **Investigation Sent :** | **Investigation Sent To** : Pierce, David E Jr. |
| **Grievance Amount :** | |

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

# INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | | |
|---|---|---|---|
| **Offender Name :** FATIR, AMIR | **SBI#** : 00137010 | **Institution** : DCC | |
| **Grievance #** : 18253 | **Grievance Date** : 10/23/2005 | **Category** : Individual | |
| **Status** : Resolved | **Resolution Status:** Level 3 | **Inmate Status :** | |
| **Grievance Type:** Telephone | **Incident Date** : 10/23/2005 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier F, Cell 18, Single | | |

| INFORMAL RESOLUTION |
|---|

**Investigator Name** : Pierce, David E Jr.  **Date of Report** 10/06/2005

**Investigation Report :** I am informed by the contractor that if the proper number is provided, calls out of the country are permitted in the current phone system. Without the complete number the call can't be connected. I suggest the grievant complete a phone request sheet and submit through his counselor for approval.

**Reason for Referring:**

---

**Investigator Name** : Godwin, Derrick R  **Date of Report** 10/11/2005

**Investigation Report :** I spoke to inmate Hobbs on 10/10/ 05 and he states that he has fiilled out two seperate phone request sheets indicating the international and home phone number and had them approved by his counselor in Bldg. #21. The number he is trying to reash is :
01-144-1-905-830-880.

**Reason for Referring:** Please discuss this with I/M Hobbs and foward signed resolution to the IGC. Thank you - DW Pierce

---

**Investigator Name** : Pierce, David E Jr.  **Date of Report** 10/11/2005

**Investigation Report :** After receiving the additional information from inmate Hobbs, I again conferred with Verizon who indicated that this call is not possible from the current inmate phone system. I understand this has something to do with a need to interface with an international operator to make the connection. It is my position that inmate Hobbs has no established right to make phone calls to a specific location. Phone calls are a privilege. Inmate Hobbs is free to communicate with those in another country through the US Postal Service.

**Reason for Referring:**

Offender's Signature:_____

Date                    :_____

Witness (Officer)    :_____

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/13/2008

## GRIEVANCE INFORMATION - IGC

### OFFENDER GRIEVANCE INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| Offender Name | : FATIR, AMIR | SBI# | : 00137010 | Institution | : DCC |
| Grievance # | : 18253 | Grievance Date | : 10/23/2005 | Category | : Individual |
| Status | : Resolved | Resolution Status | : Level 3 | Inmate Status | : |
| Grievance Type: | Telephone | Incident Date | : 10/23/2005 | Incident Time | : |
| IGC | : Merson, Lise M | Housing Location | : Bldg W1, Tier F, Cell 18, Single | | |

### IGC

Medical Provider:                          Date Assigned

Comments:

[ ] Forward to MGC              [ ] Forward to Medical Provider          [ ] Warden Notified

[x] Forward to RGC              Date Forwarded to MGC :        11/10/2005

[ ] Offender Signature Captured     Date Offender Signed        :

DCC Delaware Correctional Center
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date:03/13/2008

# GRIEVANCE INFORMATION - RGC

## OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** FATIR, AMIR | **SBI#** : 00137010 | **Institution** : DCC | |
| **Grievance #** : 18253 | **Grievance Date** : 10/23/2005 | **Category** : Individual | |
| **Status** : Resolved | **Resolution Status :** Level 3 | **Inmate Status :** | |
| **Grievance Type:** Telephone | **Incident Date** : 10/23/2005 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier F, Cell 18, Single | | |

### RGC

**Date Received** : 11/10/2005       **Date of Recommendation:** 12/15/2005

### GRIEVANCE COMMITTEE MEMBERS

| Person Type | SBI # | Name | Vote |
|---|---|---|---|
| Inmate | 00241277 | BRISCOE, SHAWN T | Deny |
| Inmate | 00347315 | VALENCIA, ROBERT J | Uphold |
| Staff | | Kramer, William | Deny |
| Staff | | Merson, Lise M | Deny |
| Staff | | McCreanor, Michael | Abstain |

### VOTE COUNT

**Uphold : 1**                    **Deny : 3**                    **Abstain : 1**

### TIE BREAKER

| Person Type | SBI # | Name | Vote |
|---|---|---|---|

### RECOMMENDATION

Hearing held 12/14/2005:
Inmate disagrees with D/W Pierce, privilege should be equal.

DCC   Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/13/2008

# GRIEVANCE INFORMATION - WARDEN

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : FATIR, AMIR | **SBI#** : 00137010 | **Institution** : DCC |
| **Grievance #** : 18253 | **Grievance Date** : 10/23/2005 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status** : Level 3 | **Inmate Status** : |
| **Grievance Type:** Telephone | **Incident Date** : 10/23/2005 | **Incident Time** : |
| **IGC** : Merson, Lise M | **Housing Location** : Bldg W1, Tier F, Cell 18, Single | |

## REFERRED TO

**Due Date** :          **Referred to:**          **Name:**

**Type of Information Requested :**

## DECISION

**Date Received** : 12/15/2005

**Decision Date** : 07/05/2006          **Vote** : Deny

**Comments** : Denied. Since any change in telephone privilege is a change in policy, Deputy Warden Burris took this grievance request to a DCC Senior Staff meeting, where it was discussed at great length with several options explored. The inmate telephone call system cannot be changed to accommodate international calling. Any other accommodations present security issues. Therefore, inmates with relatives/friends in other countries must maintain contact with them by writing to them.

cc IGC
   Inmate
   Warden Carroll
   Deputy Warden Pierce
   Major Holman
   Major Scarborough
   Treatment Admin. Hosterman

**WARDEN / WARDEN'S DESIGNEE SIGNATURE**                **DATE**

**I WISH TO APPEAL THIS TO THE BUREAU GRIEVANCE OFFICER (B.G.O.)**     YES:_____     NO:_____

**GRIEVANT'S SIGNATURE**                **DATE**

**I.G.C. SIGNATURE**                **DATE**

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

## GRIEVANCE INFORMATION - Appeal

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** FATIR, AMIR | **SBI#** : 00137010 | **Institution** : DCC |
| **Grievance #** : 18253 | **Grievance Date** : 10/23/2005 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status :** Level 3 | **Inmate Status :** |
| **Grievance Type:** Telephone | **Incident Date** : 10/23/2005 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier F, Cell 18, Single | |

### APPEAL REQUEST

Appeal sent Thursday 6 July 2006. Appeal due Thursday 13 July 2006. Appeal returned Monday 10 July 2006: Being denied the right to call my wife in England violates equal protection as guaranteed by the U. S. Constitution. Accommodations such as calling via the counselor could be instituted on a monthly basis since phone system doesn't permit international calls.

### REMEDY REQUEST

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/13/2008

# GRIEVANCE INFORMATION - BGO

## OFFENDER GRIEVANCE INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| **Offender Name :** FATIR, AMIR | | **SBI#** : 00137010 | | **Institution** : DCC | |
| **Grievance #** : 18253 | | **Grievance Date** : 10/23/2005 | | **Category** : Individual | |
| **Status** : Resolved | | **Resolution Status :** Level 3 | | **Inmate Status :** | |
| **Grievance Type:** Telephone | | **Incident Date** : 10/23/2005 | | **Incident Time :** | |
| **IGC** : Merson, Lise M | | **Housing Location :** Bldg W1, Tier F, Cell 18, Single | | | |

## REFERRED TO

**Due Date :**            **Referred to:**            **Name:**

**Type of Information Requested :**

## DECISION

**Date Received :** 07/12/2006

**Decision Date :** 07/13/2006        **Vote :** Deny

**Comments** :

I concur with the Warden's decision.

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 03/13/2008

# GRIEVANCE INFORMATION - Bureau Chief

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** FATIR, AMIR | **SBI#** : 00137010 | **Institution** : DCC |
| **Grievance #** : 18253 | **Grievance Date** : 10/23/2005 | **Category** : Individual |
| **Status** : Resolved | **Resolution Status :** Level 3 | **Inmate Status :** |
| **Grievance Type:** Telephone | **Incident Date** : 10/23/2005 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier F, Cell 18, Single | |
| **DECISION** | | |

**Decision Date:** 07/13/2006        **Vote :** Deny

**Comments    :**

**DCC Delaware Correctional Center**
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/13/2008

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

DONALD BOYER, AMIR FATIR, and )
WARREN WYANT, )
           )
        Plaintiff, )
           )      C.A. No. 06-694-GMS
     v. )
           )      Jury Trial Requested
COMMISSIONER STANELY TAYLOR, et al., )
           )
        Defendants. )

### AFFIDAVIT OF JOSEPH RICHARDSON

    I, Joseph Richardson, having been duly sworn by law, do hereby depose and state as follows:

    1.    I am employed by the State of Delaware Department of Correction ("DOC") as an Institutional Investigator for the Delaware Correctional Center ("DCC"), in Smyrna, Delaware. I have been employed by the DOC as an Institutional Investigator for DCC for over seven (7) years.

    2.    I have investigated the issue regarding whether inmates can make international telephone calls by inmates. Our current telephone system does not permit direct dial international calling.

    3.    An inmate, however, can make a phone call, indirectly, to someone living overseas. In order to make such a call, the recipient of the call would need to purchase a cell phone with a United States phone number that has the capability of receiving calls in the country where the person resides. The recipient would then need to set up a pre-paid account with our telephone system, PCS. Once the account was set up the inmate could

1

call the cell phone's United States phone number and the recipient could receive the phone call where they are located overseas.

4.    Inmates are not permitted to make international phone calls from a counselor or chaplain's office. Such a call would create a security risk as these calls cannot be monitored and could violate no contact orders. I do not know of any incidents where an inmate has been allowed to make an international phone call from a counselor or chaplain's office.

_____
Joseph Richardson

**SWORN AND SUBSCRIBED** before me this __19ᵀᴴ__ day of ___MARCH___, 2008.

_____
Notary

2