IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 06-694-GMS ) ) Jury Trial Requested |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) |
| Defendants. | ) |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER
OR A PRELIMINARY INJUNCTION TO CLOSE D-BUILDING
AND DECLARE IT UNFIT FOR HUMAN HABITATION [RE: D.I. 57]**

COMES NOW, State Defendants Thomas Carroll, Ronald Hosterman, David Pierce, Jeanette Havel, Janice Henry, Michael Little, Floyd Dixon, Marvin Creasy, James Satterfield, Maureen Whelan, Ralph Bailey, and David Hall (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction to Close D-Building and Declare It Unfit for Human Habitation (the "Motion to Close D Building") (D.I. 57). State Defendants assert that the Court should deny Plaintiffs' Motion because the claim is moot with respect to Plaintiffs Fatir and Boyer and because Plaintiff Wyant cannot show that D Building is so reprehensible as to be considered inhumane. In support of the Response, State Defendants state as follows:

1.    Plaintiffs Donald Boyer, Amir Fatir, and Warren Wyant (the "Plaintiffs") are all inmates presently incarcerated at the Delaware Correctional Center ("DCC") in

Smyrna, Delaware. Plaintiffs are appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On November 15, 2006, Plaintiffs, along with nine (9) other individuals who have since been dismissed from the case, filed a Complaint against 25 Defendants alleging various claims. (D.I. 10).

3. Less than two months later, on January 5, 2007, Plaintiff Boyer filed the First Amended Complaint against all of the defendants adding new claims and allegations. (D.I. 18). On July 30, 2007, Plaintiffs filed a Second Amended Complaint further refining their allegations and claims against the defendants. (D.I. 43).

4. Following the filing of their Second Amended Complaint, the Plaintiffs, led by Plaintiff Fatir, filed a series of motions, including the Motion to Close D Building. In the Motion, Plaintiffs assert that the conditions of D Building violate their Eighth Amendment rights and, as a result, the building should be closed and declared unfit for human habitation.

5. State Defendants assert that the Court should deny the Motion to Close D Building because the claim is moot with respect to Plaintiffs Fatir and Boyer and because Plaintiff Wyant cannot establish that the conditions in the building rise to the level of a constitutional violation.

**I.     This Issue Is Moot With Respect To Plaintiffs Fatir And Boyer Because They No Longer Reside In D Building.**

6. Case law clearly holds that "'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'" *Surrick v. Killion*, 449 F.3d 520, 526 (3d Cir. 2006) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). As a result the parties must have an actual, live controversy throughout all

stages of the court's review of the case, not only at the time the Complaint was filed. *Id.* "'A central question in determining mootness is whether a change in circumstances since the beginning of the litigation precludes any occasion for meaningful relief.'" *Id.* (quoting *Old Bridge Owners Co-op Corp. v. Twp of Old Bridge*, 246 F.3d 310, 314 (3d Cir. 2001)).

7.  In this case Plaintiffs Fatir and Boyer have moved from the D Building since the filing of the Complaint. In fact, at the time of the filing of the Motion neither Plaintiff lived in D Building. Fatir currently resides in the W Building and Boyer currently resides in Building 22 of the MHU. Further Fatir and Boyer have not demonstrated that they are likely to reside at D Building at some point in the near future. Given that the Plaintiffs are no longer residents of D Building, their change in circumstances precludes meaningful relief. Therefore the alleged inhabitability of the D Building is not a live controversy for Plaintiffs Fatir and Boyer and the Motion with respect to these Plaintiffs is moot.

II. **Plaintiff Wyant Cannot Satisfy The Factors For Injunctive Relief Where The Conditions Of D Building Are Not So Reprehensible As To Be Deemed Inhumane And He Is Not Likely To Suffer Irreparable Harm.**

8.  A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

9.  The Third Circuit holds that a district court should grant a request for a preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public

interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

10.  To obtain injunctive relief Wyant must satisfy all four factors. If he cannot prove that he has a likelihood of success on the merits of his claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

11.  Wyant contends that the conditions of D Building violate his Eighth Amendment rights. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care…." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

12.  Although the Constitution prohibits cruel and unusual punishment by prison officials it, "'does not mandate comfortable prisons….'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). "[E]xtreme deprivations are required to make out a conditions of confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

13.  The Supreme Court has established a two part test that prisoners must meet in order to prove an Eighth Amendment violation. "First, the deprivation alleged must be, objectively, 'sufficiently serious'." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)). Second, the prison official must have a "'sufficiently culpable state of mind'" – that is the prison official must be knowingly and intentionally

deliberately indifferent to the inmate's health or safety. *Id.* (quoting *Wilson*, 501 U.S. at 297).

14.     Staff Lieutenant Ronald Pawlowski inspects the facilities at DCC, including the D Building. In the course of his inspections S/Lt. Pawlowski has found that there is peeling paint and mold and mildew in the showers. (Ex. A at ¶ 3). Although there is mold and mildew there are inmate workers that clean the showers. (*Id.*). Further, S/Lt. Pawlowski has not uncovered mold and mildew in any other part of the D Building. (*Id.* at ¶ 4). In addition he has determined that the latrines are clean. (*Id.*). While the State Defendants admit that there is peeling paint and mold and mildew in the showers, Plaintiff Wyant has not proven that these conditions are sufficiently serious. In fact, Plaintiff Wyant has not alleged that he has suffered or will suffer any illness or adverse condition as a result of using the showers.

15.     Wyant also assert that there is poor ventilation. But the ventilation problem is attributable to inmates blocking the air supply vents. (*Id.* at ¶ 5). Inmates are required and told to keep the air supply vents clean. (*Id.*). To the extent then that there is a problem with the air vents, Wyant cannot show that the ventilation problem is sufficiently serious or that the State Defendants have been knowingly and intentionally indifferent to this issue. Moreover, as with the showers, Wyant has not shown that he has suffered any injury or will suffer an injury as a result of the air supply vents.

16.     Wyant's allegations about the mattresses are false. The mattresses in the D Building are periodically replaced. (*Id.* at ¶ 7). Moreover, any contaminated mattresses are discarded. (*Id.*).

17.     Finally Wyant claims that the water is undrinkable. This allegation is also false. S/Lt. Pawlowski has not uncovered any problems with the water and has found it to be drinkable. (*Id.* at ¶ 8). Throughout his career at the DCC S/Lt. Pawlowski has drank the water from the water fountains in D Building and has never suffered any ill effects. (*Id.*). In addition he has never seen anything other than water come out of the water spigots. (*Id.*). Finally he has no knowledge of Wyant's unsupported allegation that there has been an advisory warning the staff not to drink the water in D Building. (*Id.*).

18.     Clearly the conditions of D Building do not amount to the extreme deprivations that the Eighth Amendment is designed to prevent. Therefore Wyant cannot succeed on the merits of his claim and the Motion to Close D Building should be denied.

19.     Moreover, Wyant cannot demonstrate that he is in danger of suffering irreparable harm if the Motion is denied. To demonstrate irreparable injury a plaintiff must prove "more than a *risk* of irreparable harm …." *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added). Injunctions are not issued to eliminate a possibility of a remote future injury. *Id.* Rather, an injunction is used where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Injunctive relief is used to prevent definite future harms, not to remedy past violations. *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980).

20.     As has been previously demonstrated Plaintiffs Fatir and Boyer no longer reside in D Building. Therefore they cannot prove that they are in definite danger of suffering irreparable harm if the mold, mildew and peeling paint in the showers of D

Building are not immediately removed.  Moreover, no where in the Motion does Plaintiff Wyant show that he has suffered or will suffer injury from having to use the showers in D Building.  Given that Wyant has failed to show that he will suffer any definite irreparable harm from the conditions of D Building, he cannot satisfy the factors for injunctive relief and the Motion to Close D Building should be denied.

      WHEREFORE, State Defendants respectfully request that this Honorable Court enter an Order, substantially in the form attached hereto, dismissing Plaintiffs' Motion for a Temporary Restraining Order or a Preliminary Injunction to Close D Building and Declare It Unfit for Human Habitation.

      STATE OF DELAWARE
DEPARTMENT OF JUSTICE

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
      Attorney for State Defendants

Dated: March 20, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 06-694-GMS ) ) |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) |
| Defendants. | ) |

## **ORDER**

Upon Plaintiffs' Motion for a Temporary Restraining Order or a Preliminary Injunction to Close D Building and Declare It Unfit for Human Habitation (D.I. 57) (the "Motion"); and State Defendants' Response in Opposition to the Motion; and it appearing that good and sufficient notice of the Plaintiffs' Motion and the State Defendants' Response in Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that the Motion is **DENIED.**

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on March 20, 2008, I caused a true and correct copy of the attached *State Defendants' Response in Opposition to Plaintiffs' Motion for a Temporary Restraining Order or a Preliminary Injunction to Close D Building and Declare It Unfit for Human Habitation [Re: D.I. 57]* to be served on the following individuals in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Donald Boyer
SBI # 082420
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Warren Wyant
SBI # 00176129
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Amir Fatir
SBI # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONALD BOYER, AMIR FATIR, and )
WARREN WYANT, )
)
Plaintiff, )
) C.A. No. 06-694-GMS
v. )
) Jury Trial Requested
COMMISSIONER STANELY TAYLOR, et al., )
)
Defendants. )

### AFFIDAVIT OF STAFF LIEUTENANT RONALD PAWLOWSKI

I, Ronald Pawlowski, having been duly sworn by law, do hereby depose and state as follows:

1. I am employed by the State of Delaware Department of Correction ("DOC") as a Staff Lieutenant at the Delaware Correctional Center ("DCC"), in Smyrna, Delaware. I have been employed by the DOC and worked at the DCC for over 19 years. I am currently responsible for inspecting all of the facilities at DCC.

2. My last inspection of the D Building was in August 2007.

3. The showers in the D Building have paint peeling off the walls and ceiling. In addition there is mold and mildew in the showers. Inmate workers clean the showers. I have submitted work orders to maintenance requesting that they address the peeling paint and mold and mildew in the showers.

4. Aside from the mold and mildew in the showers, I have not found any mold or mildew in any other part of D Building. The latrines used by the inmates are clean.

1

5. Any poor ventilation in the D Building is attributable to inmates blocking the air supply vents in their cells. Inmates are required and told to keep their air supply vents clean.

6. The intake vents in D Building are functional. At times the vents get dusty, however, the inmate workers are responsible for dusting the vents.

7. Mattresses in the D Building are periodically replaced by the institution. Further, any contaminated mattresses are discarded.

8. In my 19 years with the DCC I have drank the water from the water fountains in D Building and have never suffered any ill effects. I have never seen anything other than water come out of the water spigots. Further I have no knowledge of an advisory warning the staff not to drink the water in D Building. The water in D Building is drinkable.

9. Although there are some problems with the showers in the D Building, it is my opinion that the building is habitable.

Ronald Pawlowski

SWORN AND SUBSCRIBED before me this 19th day of March, 2008.

Notary

2