IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, <br><br> Plaintiffs, <br><br> v. <br><br> COMMISSIONER STANELY TAYLOR, et al., <br><br> Defendants. | ) ) ) ) ) ) C.A. No. 06-694-GMS ) ) Jury Trial Requested ) ) ) |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS [RE: D.I. 102]**

COMES NOW, State Defendants Thomas Carroll, Ronald Hosterman, David Pierce, Jeanette Havel, Janice Henry, Michael Little, Floyd Dixon, Marvin Creasy, James Satterfield, Maureen Whelan, Ralph Bailey, and David Hall (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiffs' Motion to Compel Non-Parties to Produce Documents (the "Motion to Compel") (D.I. 102) filed pursuant to Rule 34 of the Federal Rules of Civil Procedure (the "Federal Rules"). In support of the Response, State Defendants state as follows:

1.  Plaintiffs Donald Boyer, Amir Fatir, and Warren Wyant (the "Plaintiffs") are all inmates presently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Plaintiffs are appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.  On November 15, 2006, Plaintiffs, along with nine (9) other individuals who have since been dismissed from the case, filed a Complaint against 25 defendants alleging various claims. (D.I. 10).

3.  Less than two months later, on January 5, 2007, Plaintiff Boyer filed the First Amended Complaint against all of the defendants adding new claims and allegations. (D.I. 18). On July 30, 2007, Plaintiffs filed a Second Amended Complaint further refining their allegations and claims against the defendants. (D.I. 43).

4.  On March 17, 2008, the Plaintiffs, led by Plaintiff Fatir, filed the Motion to Compel. In the Motion to Compel Plaintiff Fatir asserts that he applied for an education job at DCC and was denied the job because he named Maureen Whalen as a defendant in this lawsuit. By the Motion Fatir seeks to compel non-party Michael Grossman to produce documents that he hopes will support his conspiracy theory.

5.  The record clearly shows that the Plaintiffs have not yet issued a single discovery request in this matter. Further, the Plaintiffs have never issued a subpoena to Mr. Grossman requesting documents. Rather, the Plaintiffs' first step in attempting to obtain documents was to file the Motion to Compel requesting that the Court order Mr. Grossman to produce documents.

6.  State Defendants assert that this Court should deny the Motion to Compel for three reasons: (a) Plaintiffs have failed to abide by the Federal Rules in filing their Motion to Compel; (b) Plaintiffs have no factual or legal basis for a Motion to Compel directed to Mr. Grossman; and (c) Plaintiffs have failed to adhere to the Local Rules of this Court.

**I.    This Court should deny the Motion to Compel for Plaintiffs' failure to comply with Federal Rules 34, 37 and 45.**

7.    Federal Rule 34(c), the rule under which Plaintiffs claim authority for their Motion to Compel, states, "A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." FED. R. CIV. P. 34(c). Federal Rule 45 governs the issuance and service of subpoenas. It states, in pertinent part, that a subpoena for production of documents must issue "from the court for the district where the production or inspection is to be made." FED. R. CIV. P. 45(a)(2)(C).

8.    Federal Rule 37(a)(2)(B) governs the procedures for filing a motion to compel. It states, "If a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer…" FED. R. CIV. P. 37(a)(2)(B).

9.    In this case Plaintiffs have failed to adhere to the Federal Rules. Plaintiffs never obtained a subpoena from the District Court for issuance on Mr. Grossman in accordance with Federal Rule 45. Therefore Plaintiffs failed to follow the procedures outlined in Federal Rules 34(c) and 45.

10.    Further, Plaintiffs have not issued a single discovery request in this matter. In light of the fact that the Plaintiffs have not issued any discovery requests, a motion to compel is improper as the State Defendants cannot be said to have "failed to respond" to discovery as outlined in Federal Rule 37.

11.    Given that the Plaintiffs have failed to follow the procedures outlined in Federal Rules 34, 45 and 37, this Court should deny the Motion to Compel.

**II.    The Motion to Compel should be denied where Plaintiffs have no support for their claims and cannot show that the requested documents have any relevance to this action.**

12.    The Motion to Compel should also be denied as the requested documents have no relevance to the present litigation. Federal Rule 34(a) – the rule governing requests for production of documents – states, in pertinent part, "Any party may serve on any other party a request (1) to produce … any designated documents … which constitute or contain matters within the scope of Rule 26(b)…." FED. R. CIV. P. 34(a). Federal Rule 26(b)(1) states that, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, …." FED. R. CIV. P. 26(b)(1).

13.    In this case the documents the Plaintiffs are requesting are not relevant to their claims. Plaintiff Fatir claims that he was denied the education job because of the above-captioned lawsuit. Plaintiff Fatir's claims are nothing more than baseless allegations without a single supporting fact. His allegations have no relevance to the pending litigation and his request for documents is nothing more than an attempted fishing expedition.

14.    The facts show that Plaintiff Fatir applied for one of four available jobs as an instructional aide in the Education Department. (Exhibit A – Grossman Affidavit at ¶ 8). In December 2007 Fatir was interviewed for the job and his name was recommended by the Education Staff's Interview Team. (*Id.*). After the Interview Team recommended Fatir, his name was sent to DCC's Treatment/Security Classification Board for clearance to work in the education department. (*Id.*). The Education Staff, however, never received word from the Classification Board that Fatir was cleared to work in Education.

(*Id.* at ¶ 9). Therefore Fatir was not considered for one of the instructional aide positions. (*Id.*). On March 12, 2008 – the same day Fatir mailed the Motion to Compel – four inmates were hired to fill the four instructional aide positions. (*Id.* at ¶ 7). No one was hired for the position in January 2008.

15.     Fatir's failure to be considered for the instructional aide position had nothing to do with Maureen Whalen being named as a defendant in this lawsuit. Rather, Fatir was not considered for hiring because the Education Staff did not receive word from the Classification Board that Fatir was cleared to work in the education department. Therefore Fatir has no basis for his Motion to Compel.

16.     In addition to the Motion to Compel being filled with baseless allegations, it is also loaded with false statements. Fatir was never "selected to begin working" as an instructional aide, nor was he "approved by the prison classification for the job." Moreover, Mr. Grossman did not order "Fatir's hiring to be frozen." Rather, the facts reveal that Fatir was interviewed for the job but was not offered the job because the Education Staff never received word from the Classification Board that Fatir was cleared to work in the education department. Therefore Fatir's conspiracy theory is without merit and the Motion to Compel should be denied.

### III.    This Court should deny the Motion to Compel because it fails to comply with the District Court's Local Rules.

17.     Delaware District Court Local Rule 37.1 states that a discovery motion filed pursuant to Federal Rule 37, "shall include, in the motion itself or in a memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or shall have attached a copy of the actual discovery document which is the subject of the motion." D. DEL. LR. 37.1. Plaintiffs

have not stated with particularity the requests the State Defendants have failed to answer because the Plaintiffs never issued any requests to the State Defendants. Moreover, Plaintiffs have not attached the discovery documents which are the subject of this Motion because no such discovery documents exist. Therefore the Motion to Compel fails to comply with the Local Rules and should be denied.

WHEREFORE, State Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion to Compel.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
    Attorney for State Defendants

Dated: March 27, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-694-GMS |
| v. | ) ) | Jury Trial Requested |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) | |
| Defendants. | ) | |

## **ORDER**

Upon the Plaintiffs' Motion to Compel Non-Parties to Produce Documents (D.I. 102); and State Defendants' Response in Opposition to Plaintiffs' Motion to Compel Non-Parties to Produce Documents; and it appearing that good and sufficient notice of Plaintiffs' Motion and State Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Non-Parties to Produce Documents is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on March 27, 2008, I caused a true and correct copy of the attached *State Defendants' Response in Opposition to Plaintiffs' Motion to Compel Non-Parties to Produce Documents [Re: D.I. 102]* to be served on the following individuals in the form and manner indicated:

**Via First Class Mail**

| | |
|---|---|
| Donald Boyer | Warren Wyant |
| SBI # 082420 | SBI # 00176129 |
| Delaware Correctional Center | Delaware Correctional Center |
| 1181 Paddock Road | 1181 Paddock Road |
| Smyrna, DE 19977 | Smyrna, DE 19977 |

Amir Fatir
SBI # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**Via Electronic Delivery & First Class Mail**

James E. Drnec, Esq.
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 06-694-GMS |
| v. | ) ) Jury Trial Requested |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) |
| Defendants. | ) |

## AFFIDAVIT OF MICHAEL GROSSMAN

I, Michael Grossman, having been duly sworn by law, do hereby depose and state as follows:

1. I am employed by the State of Delaware Department of Education ("DOE") as a Teacher/Supervisor at the Delaware Correctional Center ("DCC"), in Smyrna, Delaware. I have been employed by the DOE since June 2001, and as a Teacher/Supervisor at DCC since June 1, 2007.

2. On occasion inmate instructional aide positions become available at the DCC. An inmate interested in applying for an instructional aide position must: (a) write a letter of interest to the Education Program providing information on the type of job desired; (b) provide a resume or summary of past work experiences; and (c) complete a job application form.

3. Once the inmates complete their applications the teacher needing the aide reviews the applications and determines which candidates are appropriate for interviewing for the available position. Following this review all eligible candidates are

1

assigned an interview slot and sent information regarding the date, time and place of their interview.

4. Eligible candidates for instructional aide positions are interviewed by at least two Educational Staff members. The staff members use a standard set of questions to conduct the interviews. Based on the answers provided to these questions, the candidates will be scored by each member of the Interview Team. The scores and candidates are then discussed and the Interview Team reaches a consensus on which candidates to recommend for the position.

5. After the Interview Team agrees on its recommendations, the recommendations are sent to me for approval. I then review the names and send the final recommendations to DCC's Treatment/Security Classification Board for clearance to work in Education. The Classification Board then informs the Education Staff, by phone or e-mail, which candidates are cleared to work in Education. The Education Staff then selects from the cleared candidates those individuals who will be hired for the position.

6. In the fall of 2007, four (4) inmate instructional aide positions in Education became available at the DCC. Nineteen interviews with eligible inmate candidates were scheduled to take place from November 12, 2007 to February 1, 2008. Two candidates did not show for interviews so 17 interviews took place with a team of two to three Education Staff members.

7. Following the interviews, ten candidates' names were recommended and sent to DCC's Treatment/Security Classification Board for clearance to work in Education. Of the recommended names, seven (7) candidates were cleared by the

2

Classification Board to work in Education. Four of those seven individuals were hired on March 12, 2008.

8. Inmate Amir Fatir, SBI #137010 was interviewed for the instructional aide position in December 2007. Inmate Fatir was recommended by the Interview Team and his name was sent to the Classification Board for approval that same month.

9. The Classification Board did not contact me stating that Inmate Fatir was cleared to work in Education. As a result, his name was not considered for hiring for the instructional aide position.

_____
Michael Grossman

**SWORN AND SUBSCRIBED** before me this 27th day of March, 2008.

_____
Notary

3