IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Boyer, et al., | ) |
|     Plaintiffs, | ) |
| v. | ) C.A. No. 06-694-GMS |
| Taylor, et al., | ) |
|     Defendants. | ) |

FILED
APR - 3 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RD scanned

**MEMORANDUM IN SUPPPORT OF PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER
AND/OR PRELIMINARY INJUNCTION TO BRING
THE COMMISSARY TRUST FUND ACCOUNT INTO RECEIVERSHIP
FOR ACCOUNTING**

The prison commissary account was started at the Greenbank Prison in New Castle County on Greenbank Road, Kirkwood Highway.

Over the years prison officials have misused the account by using it for such purposes as purchasing officers' uniforms and, in the case of former finance officer Paisely, placing inmate account money into his personal account to draw interest and then returning the principle to the prison account.

Other than a brief accounting provided in the Isthmus newspaper in the 1980s, no accounting to prisoners has been made of the monies in the account for many decades.

Plaintiffs' are prisoners at the Delaware Correctional Center and have an interest in how their money is spent. Properly, the money in the account – and the interest accumulated – belongs to prisoners in general and plaintiffs in particular.

Defendants have violated the terms of the trust and the Constitution of the United States by seizing and misappropriating the money in the Inmate Commissary Trust Account.

"The Fifth Amendment declares the 'private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V; *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 499. U.S. 155, 160, 101 S.Ct. 446, 450, 66 L.Ed.2d 358 (1980). That prohibition applies to the States through the Fourteenth Amendment. *Tellis v. Godinez*, 5 F. 3d. 1314, 13.15.

The earnings of the inmate account belong to the prisoners and cannot be lawfully used by the State. "The earnings of a fund are incidents of ownership of the fund itself and are property just as the fund itself is property." *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 101 S. Ct. 446 at 452.

Plaintiffs will suffer irreparable injury without an injunction. Plaintiffs will suffer more without an injunction than defendants will suffer if the injunction is granted. The balance of hardships shows plaintiffs will suffer more financial loss if an injunction is not granted. Plaintiffs, moreover, are likely to succeed on the merits.

Plaintiffs therefore pray this honorable court to grant their Motion for a Temporary Restraining Order and/or Preliminary Injunction to Bring the Commissary Trust Fund Account into Receivership for Accounting.

Respectfully submitted,

Amir Fatir

2