IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Boyer, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 06-694-GMS |
| | ) | |
| Taylor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

FILED APR 21 20..

## MOTION TO AMEND THE COMPLAINT

COMES NOW Plaintiff Amir Fatir, pro se, pursuant to Rules 15(a) and 19(a), Fed. R. Civ. P., and requests leave to file an amended complaint adding parties and claims.

1. The request for amendment concerns matters which have grown out of the initial complaint.

2. Discovery has not yet begun or ended.

3. No prejudice will be experienced by the opposing party by granting this motion.

4. This court should freely grant a motion to amend a complaint. *Forman v. Davis*, 371 U.S. 178, 182, 183 S.Ct. 227 (1962); *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 112 (6th Cir.), *cert denied*, 494 U.S. 1091 (1990).

Dated: April 14, 2008

Respectfully submitted,

Amir Fatir

_WARREN WYANT_
Warren Wyant

_____
Donald Boyer (in MHU & unable to sign)

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Boyer, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 06-694-GMS |
| | ) | |
| Taylor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED TO AMENDED COMPLAINT

### Added Parties

Added to the complaint as Defendants are Michael Grossman and John Doe #1.

Michael Grossman ("Grossman") resides or works at 1181 Paddock Road, Smyrna, DE 19977 and is employed as "Principal" at the Delaware Correctional Center. This defendant, acting under color of law, performed the below violation of statute and the U.S. Constitution detailed in Count No. 57.

John Doe #1 resides or works at 1181 Paddock Road, Smyrna, DE 19977 and is employed at "Classification Officer" at the Delaware Correctional Center. This defendant, acting under color of law, performed the below violation of statute and the U.S. Constitution detailed in Count No. 58.

### Added Causes of Action

Count 57

1. In December 2007 Plaintiff Fatir was interviewed for a job as a teacher's aide by Michael Grossman and two teachers.

2. Fatir was selected by the panel and was to begin work upon approval by the prison classification.

3. Either on or about the day classification granted approval, service upon Defendant Whalen was attempted by the U.S. marshals and Grossman became aware of the litigation in this case.

4. Or Grossman became aware of the litigation in this case and asked classification to hold off on the hiring of Fatir.

5. In either event, Grossman ordered Fatir's hiring to be "frozen."

6. Grossman failed to get classification to officially approve or disapprove Fatir's hiring after becoming aware of this lawsuit which named Grossman's supervisor, Maureen Whalen, as a defendant.

7. Grossman's act of preventing Fatir from being hired after deciding to hire him, after he learned of Fatir's lawsuit against his boss, Whalen, was an act of retaliation against Fatir.

8. Grossman's retaliatory action against Fatir violated Fatir's First Amendment right to petition government for redress of grievances and Fatir's Sixth Amendment right of access to the courts.

9. Grossman's retaliatory action against Fatir was an act of obstruction of justice. and a violation of Fatir's Fifth and Fourteenth Amendment rights to due process of law

10. Defendant Michael Grossman is responsible for the violations in this count.

Count 58

1. In December 2007 Plaintiff Fatir was interviewed for a job as a teacher's aide by Michael Grossman and two teachers.

2. Fatir was selected by the panel and was to begin work upon approval by the prison classification.

3. The papers seeking classification approval of Fatir to work as teacher's aide were forwarded to John Doe #1 and the prison classification system.

4. Either classification granted approval and then froze hiring of Fatir after defendants (including Whalen) were served in this case or froze classification of Fatir to the job upon the request of Grossman.

5. Or John Doe #1 did improperly and unconstitutionally obstruct, hinder and/or prevent the classification of Fatir to a job as teacher's aide because of Fatir's involvement in litigating this case.

6. Or John doe #1 did withdraw or hide Fatir's classification to the job as teacher's aide because of Fatir's involvement in this civil rights action against defendants including Maureen Whalen, the overall head of education in Delaware and the ultimate supervisor of Defendant Grossman.

7. Or John Doe #1 failed to classify Fatir's for hiring after becoming aware of this lawsuit which named Grossman's supervisor, Maureen Whalen, as a defendant.

8. John Doe #1's act of preventing Fatir from being classified after the classification was duly presented by education, after he learned of Fatir's lawsuit against Whalen, was an act of retaliation against him.

9. John Doe #1's retaliatory action against Fatir violated Fatir's First Amendment right to petition government for redress of grievances and Fatir's Sixth Amendment right of access to the courts.

10. Grossman's retaliatory action against Fatir was an act of obstruction of justice and a violation of Fatir's Fifth and Fourteenth Amendment rights to due process of law.

11. Defendant John Doe #1 is responsible for the violations in this count.

**WHEREFORE**, plaintiffs request that the court grant the motion to amend and grant the following relief (in addition to the relief already requested in the original and amended complaints):

A. Award additional compensatory damages in the following amounts:

1. $100,000.00 jointly and severally against defendants Grossman and John Doe #1.

B. Award additional punitive damages in the following amounts:

2. $200,000.00 jointly and severally against defendants Grossman and John Doe #1.

Dated: April 14, 2008

Respectfully submitted,

_____
Amir Fatir

_____
Warren Wyant

_____
Donald Boyer (in MHU & unable to sign)

# Certificate of Service

I, Amir Fatir, hereby certify that I have served a true and correct copy(ies) of the attached Motion to Amend the Complaint & Proposed Amended Complaint upon the following parties/persons:

To: Erika Y. Tross, Esq.

    Dept. of Justice

    820 N. French St.

    Wilmington, DE 19801

To:

To:

To:

To:

To:

BY PLACING IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correction Center, Smyrna, DE 19977.

On this 14th day of April, 2008

_____
Amir Fatir
SBI # 137010