# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) |
| Defendants. | ) |

C.A. No. 06-694-GMS

Jury Trial Requested

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' THIRD MOTION TO AMEND THE COMPLAINT [RE: D.I. 120]**

COMES NOW, State Defendants Thomas Carroll, Ronald Hosterman, David Pierce, Jeanette Havel, Janice Henry, Michael Little, Floyd Dixon, Marvin Creasy, James Satterfield, Maureen Whelan, Ralph Bailey, and David Hall (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiffs' Third Motion to Amend the Complaint (the "Third Motion to Amend") (D.I. 120). In support of the Response, State Defendants state as follows:

1.  Plaintiffs Donald Boyer, Amir Fatir, and Warren Wyant (the "Plaintiffs") are all inmates presently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Plaintiffs are appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.  On November 15, 2006, Plaintiffs, along with nine (9) other individuals who have since been dismissed from the case, filed a Complaint against 25 defendants alleging various claims. (D.I. 10).

3. Less than two months later, on January 5, 2007, Plaintiff Boyer filed the First Amended Complaint against all of the defendants adding new claims and allegations. (D.I. 18). On July 30, 2007, Plaintiffs filed a Second Amended Complaint further refining their allegations and claims against the defendants. (D.I. 43). State Defendants filed an Answer on March 20, 2008. (D.I. 104).

4. On March 17, 2008, the Plaintiffs, led by Plaintiff Fatir, filed a motion to compel in which Plaintiff Fatir asserted that he had applied for an education job at DCC and was denied the job because he named Maureen Whalen as a defendant in this lawsuit (the "Motion to Compel"). (D.I. 102). By the Motion to Compel Fatir sought to compel non-party Michael Grossman to produce documents that he hoped would support his allegations.

5. Ten days later, on March 27, 2008, the State Defendants filed a timely response in opposition to the Motion to Compel. (D.I. 110). In the response the State Defendants asserted, *inter alia*, that the Court should deny the Motion to Compel because Plaintiff Fatir had no factual or legal basis for his allegations against Mr. Grossman. (*Id.* at ¶ 13-16). Specifically the State Defendants proved that Plaintiff Fatir was denied a job, not for any reason related to the above-captioned litigation, but because he was not cleared by the DCC's Treatment/Security Classification Board to work in the Education department. (*Id.*). The Court denied the Motion to Compel on Mach 28, 2008, for the Plaintiffs failure to properly utilize the discovery process. (D.I. 112).

6. On April 21, 2008, Plaintiffs filed the Third Motion to Amend. In the Third Motion to Amend Plaintiffs seek to add Michael Grossman and John Doe #1 to the lawsuit for alleged claims of retaliation and due process violations against Plaintiff Fatir.

7. Federal Rule of Civil Procedure 15(a) states that a party may amend his pleadings after the responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). In this case the State Defendants object to the request to amend. Therefore, the Plaintiffs must receive permission to amend from the Court.

8. A court should deny a plaintiff leave to amend where the plaintiff is "guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment to a pleading is deemed futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *Satellite Fin. Planning Corp. v. First Nat'l Bank,* 646 F.Supp. 118, 120 (D. Del. 1986).

### I. The Plaintiffs Have No Factual Or Legal Basis For A Retaliation Claim Against Mr. Grossman Or John Doe #1.

9. Plaintiffs first seek to add Mr. Grossman and John Doe #1 as defendants for allegedly committing retaliation against Plaintiff Fatir. To prove a claim of retaliation a plaintiff must show that: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered some "adverse action" at the hands of the prison officials; and (3) his constitutionally protected conduct was "a substantial or motivating factor" in the adverse action. *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001).

10. In this case Fatir cannot show that his failure to receive the instructional aide position was due to his filing this lawsuit. The facts show that Plaintiff Fatir applied for one of four available jobs as an instructional aide in the Education Department. (Exhibit A to Response to Motion to Compel also attached hereto as Exhibit A –

Grossman Aff. at ¶ 8). In December 2007 Fatir was interviewed for the job and his name was recommended by the Education Staff's Interview Team. (*Id.*). After the Interview Team recommended Fatir, his name was sent to DCC's Treatment/Security Classification Board for clearance to work in the Education Department. (*Id.*). The Education Staff, however, never received word from the Classification Board that Fatir was cleared to work in Education. (*Id.* at ¶ 9). Therefore Fatir was not considered for one of the instructional aide positions. (*Id.*). On March 12, 2008 – the same day Fatir mailed the Motion to Compel – four inmates were hired to fill the four instructional aide positions. (*Id.* at ¶ 7).

11. Fatir's failure to be considered for the instructional aide position had nothing to do with Maureen Whalen being named as a defendant in this lawsuit. Rather, Fatir was not considered for hiring because the Education Staff did not receive word from the Classification Board that Fatir was cleared to work in the Education Department. Given that Fatir cannot show that his lawsuit was a motivating factor in not receiving the instructional aide position, he cannot support a claim for retaliation. Therefore the Plaintiffs' amendment is futile.

12. Moreover, Fatir cannot show that Mr. Grossman committed an adverse action against him. The record clearly shows that the Education Staff recommended Fatir for the position. (*Id.* at ¶ 8). This recommendation was approved by Mr. Grossman. (*Id.* at ¶5). Therefore Mr. Grossman did not commit an adverse action against Fatir and he cannot support a claim of retaliation.

13. The Plaintiffs cannot show that the denial of Fatir for the instructional aide position was due to his filing this lawsuit. In addition Fatir cannot prove that Mr.

Grossman committed an adverse action against him. Therefore the Plaintiffs cannot prove a claim of retaliation and the amendment is futile.

### II. Plaintiffs Cannot Support A Claim For Violation Of Fatir's Due Process Rights Where Fatir Had No Protected Liberty Interest In The Instructional Aide Position.

14. Fatir also cannot show that the State Defendants violated his right to due process. The right to procedural due process applies only to the deprivation of interests and rights encompassed by the Fourteenth Amendment's protection of liberty and property. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The range of interests protected by the Fourteenth Amendment is not infinite. *Id.* at 570. Rather, "an individual claiming a protected interest must have a legitimate claim of entitlement to it." *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests 'may arise from two sources – the Due Process Clause itself and the laws of the States.'" *Id.*

15. Inmates do not have a protected liberty interest in a particular job. *James v. Quinlan,* 866 F.2d 627, 629 (3d Cir. 1989). Given that Fatir did not have a protected liberty interest in receiving the instructional aide position, he cannot claim that his due process rights were violated. Therefore Fatir's Motion to Amend to add a claim for violation of his due process rights is futile.

WHEREFORE, State Defendants respectfully request that this Honorable Court deny Plaintiffs' Third Motion to Amend.

                                        **DEPARTMENT OF JUSTICE**
                                        **STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
    Attorney for State Defendants

Dated: May 2, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) |
| Defendants. | ) |

C.A. No. 06-694-GMS

Jury Trial Requested

## **ORDER**

Upon the Plaintiffs' Third Motion to Amend the Complaint (D.I. 120); and State Defendants' Response in Opposition to Plaintiffs' Third Motion to Amend the Complaint; and it appearing that good and sufficient notice of Plaintiffs' Motion and State Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiffs' Third Motion to Amend the Complaint is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet
United States District Court Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on May 2, 2008, I caused a true and correct copy of the attached *State Defendants' Response in Opposition to Plaintiffs' Third Motion to Amend the Complaint [Re: D.I. 120]* to be served on the following individuals in the form and manner indicated:

**Via First Class Mail**

Donald Boyer
SBI # 082420
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Warren Wyant
SBI # 00176129
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Amir Fatir
SBI # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**Via Electronic Delivery & First Class Mail**

James E. Drnec, Esq.
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 06-694-GMS |
| v. | ) ) Jury Trial Requested |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) |
| Defendants. | ) |

### AFFIDAVIT OF MICHAEL GROSSMAN

I, Michael Grossman, having been duly sworn by law, do hereby depose and state as follows:

1. I am employed by the State of Delaware Department of Education ("DOE") as a Teacher/Supervisor at the Delaware Correctional Center ("DCC"), in Smyrna, Delaware. I have been employed by the DOE since June 2001, and as a Teacher/Supervisor at DCC since June 1, 2007.

2. On occasion inmate instructional aide positions become available at the DCC. An inmate interested in applying for an instructional aide position must: (a) write a letter of interest to the Education Program providing information on the type of job desired; (b) provide a resume or summary of past work experiences; and (c) complete a job application form.

3. Once the inmates complete their applications the teacher needing the aide reviews the applications and determines which candidates are appropriate for interviewing for the available position. Following this review all eligible candidates are

assigned an interview slot and sent information regarding the date, time and place of their interview.

4. Eligible candidates for instructional aide positions are interviewed by at least two Educational Staff members. The staff members use a standard set of questions to conduct the interviews. Based on the answers provided to these questions, the candidates will be scored by each member of the Interview Team. The scores and candidates are then discussed and the Interview Team reaches a consensus on which candidates to recommend for the position.

5. After the Interview Team agrees on its recommendations, the recommendations are sent to me for approval. I then review the names and send the final recommendations to DCC's Treatment/Security Classification Board for clearance to work in Education. The Classification Board then informs the Education Staff, by phone or e-mail, which candidates are cleared to work in Education. The Education Staff then selects from the cleared candidates those individuals who will be hired for the position.

6. In the fall of 2007, four (4) inmate instructional aide positions in Education became available at the DCC. Nineteen interviews with eligible inmate candidates were scheduled to take place from November 12, 2007 to February 1, 2008. Two candidates did not show for interviews so 17 interviews took place with a team of two to three Education Staff members.

7. Following the interviews, ten candidates' names were recommended and sent to DCC's Treatment/Security Classification Board for clearance to work in Education. Of the recommended names, seven (7) candidates were cleared by the

Classification Board to work in Education. Four of those seven individuals were hired on March 12, 2008.

8. Inmate Amir Fatir, SBI #137010 was interviewed for the instructional aide position in December 2007. Inmate Fatir was recommended by the Interview Team and his name was sent to the Classification Board for approval that same month.

9. The Classification Board did not contact me stating that Inmate Fatir was cleared to work in Education. As a result, his name was not considered for hiring for the instructional aide position.

_____
Michael Grossman

SWORN AND SUBSCRIBED before me this 27rd day of March, 2008.

_____
Notary

3