Amir Fatir # 137010
1181 Paddock Road
Smyrna, DE 19977

April 30, 2008

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801



RE:  **Boyer, et al. v. Taylor, et al.**
     **C.A. No. 06-694-GMS**

Dear Judge Sleet:

In their April 24, 2008 letter, defendants' counsel states a "thorough investigation revealed that none of these companies are compatible[1] with DCC's telephone system and pose security concerns to DCC, as well as crime victims."

I would suggest to your honor that defendants never tried to investigate how my calls to my wife could be accommodated, but rather they tried to determine how they might justify telling this court that such calls could not be accommodated. It is not surprising that they cart out the ubiquitous "security" concern since that is the time worn, overused and massively abused excuse they use for each blatant violation of human, civil and constitutional right they carry out.

A determination *should be made* on whether DOC's "denial of access to the internet" is constitutional and, if so, whether such denial can be used to justify denial of phone calls via the internet when such calls do not access the internet in the same manner that a computer would. If such a regulation is tenable at all, its purpose would be to restrict prisoners from accessing websites, chatrooms, blogs, et al. There is no legitimate security reason for denying telephone calls that are channeled **through** the internet but which allows the user no actual **access to** the internet at all.

This alleged "concern" on the part of defendants is not more than a red herring.

Defendants also profess "grave concern" that my being able to call my wife would somehow compromise "the safety and security of the DCC and crime victims," but fail to explain just how either the prison or a crime victim would be so compromised.

---

[1] United World Telecom, Talkster and Prison Calls Online

Defendants' counsel rejects Prison Calls Online because it uses a "special inmate phone number" "that is not the actual recipient's home phone number." Supposedly, this would defeat DCC's wiretapping (euphemistically called "monitoring" of my calls). This is a false explanation since the prison's wiretapping is conducted on the prison end of the call, not on the end of the recipient. Therefore, the special inmate number would not impede the prison's Orwellian "monitoring" one whit.

Evidence of the disingenuous nature of defendants' concern over the special number is exposed by counsel's own words in the very same letter. She claims that "inmates, such as Inmate Fatir… have the option of informing the recipient of the call that they may purchase a cell phone that has a United States phone number but is capable of receiving phone calls overseas. The inmate could then dial the United States number but speak with the recipient where they are located overseas."

There is no appreciable difference between the "special inmate number" and requiring that my wife – at exorbitant expense – buy a cell phone with a United States number. Why would that not damage DCC's vigilant "monitoring" program?

DOC has a price- gouging contract with Verizon that exploits prisoners by charging them exorbitant rates that are passed off to our families and friends. DOC, moreover, receives kickbacks from the phone contractors for the ridiculously high profits derived from the exploitative and monopolistic inmate phone stickup.

This type of robber baron "corrections" was raised in the case *Ivey Walter v. New York State Department of Correction Services*. Prisoners were overcharged more than 57%.

I hope that your honor will see through defendants' excuses and require that defendants permit me to call my wife. If the present telephone system requires that defendants deny constitutional rights, I ask this court to strike down that telephone contract and require that defendants get a better one which is constitutionally and morally sound.

DOC's monopoly phone system provides them with an illegal absolute advantage and any agreements which inmates are forced to sign in order to utilize the phone system amount to an adhesion contract which violates all rules of law and business.

Previously, plaintiff sought to sue some of the defendants over the exploitative Verizon contract. I would ask that this court reconsider its dismissal of that claim and allow plaintiffs to proceed. If the court finds that a dispute over the contract and phone system is not properly a § 1983 claim, perhaps the court will treat it as a tort claim and allow plaintiffs to proceed.

As part of the investigation the court ordered, would the court consider requiring that DOC provide to the court a full copy of its contract with Verizon (and prior vendors)

and a full accounting of the kickbacks it receives from Verizon and prior telephone vendors?

Sincerely,

Amir Fatir

cc:     Erika Y. Tross, Esq.

I/M Amir FOTIK
SBI# 137610  UNIT W/F-18
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
01 MAY 2008 PM 2 L

Judge Gregory M. Sleet
U.S. District Court
844 King St., Lockbox 18
Wilmington, DE 19801

