IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Boyer, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-694-GMS |
| | ) | |
| Taylor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**

COMES NOW Plaintiffs, pro se, in response to State Defendants' Motion for Protective Order.

1. Plaintiffs have every right to request defendants to produce documents, which right is provided pursuant to Rule 34 of the Federal Rules of Civil Procedure.

2. Defendants resistance to providing legitimate discovery requests is indicative of the fact that defendants have no intention of providing any documents requested and will seek thereby to frustrate plaintiffs' efforts to use the discovery process as is plaintiffs' right.

3. Defendants seek to place this court and the procedures of the federal court system in a position of subservience to Delaware law and cite 11 Del C. § 4322(d) as its authority.

4. 11 Del C. § 4322(d) has no authority over the United States District court. Therefore, defendants are in error in trying to obstruct the discovery process on the basis of a state statute whose sole purpose is to prevent prisoners from successfully litigating their claims in federal court.

FILED
JUN 20 2008

5. In a prior case Delaware State defendants sought to preclude a prisoner from obtaining records. Those State defendants also used 11 Del C. § 4322(d) as their authority. This court wrote that the prisoner "was precluded from accessing any of the medical and correctional records that were relevant, see 11 Del C. § 4322(d), and these records were necessary to corroborate and supplement his memory of the events. *Moody v. Kearney*, 380 F.Supp. 2d. 393, 398.

6. If memory serves, this court (Sleet, J.) also ruled in the case of *Fatir v. Snyder* that the United States District Court was not bound by the state statute 11 Del C. § 4322(d) and ordered State defendants to comply with discovery pursuant to Plaintiff Fatir's motion to compel.

7. Since 11 Del C. § 4322(d) is not enforceable within the federal court system and has no authority over this court, this honorable court should deny defendants' motion for a protective order.

8. Defendants should be required to explain, in detail, exactly how each of the discover requests it claims should not be provided would prejudice, injure or harm legitimate penological interests.

9. Moreover, when State defendants sought to use 11 Del C. § 4322 to sidestep providing documents this court has ruled quite clearly that "There is no federal privilege which protects the defendants from producing the requested documents. Furthermore, the court is not bound to recognize a state privilege, especially when a 'civil rights action is instituted in federal court under a federal statue which was enacted particularly to vindicate federal rights against deprivation by state action. *See Kerr v. United States District Court*, 511 F.2d 192, 197 (9th Cir. 1975); see also *Zukoski v. Phila. Elec. Co.*,

Civ. A. no. 93-4780, 1994 WL 637345, at n. 4 (E.D.P.A. Nov. 14, 9994) (stating that numerous district courts have rejected assertions that personnel records are per se privileged under federal law) (citing cases). In the *Kerr* case – also a prisoner civil rights action – the ninth Circuit refused to recognize a state law evidentiary privilege which would have shielded numerous prison records from disclosure and found that federal law controlled. *See Kerr*, F.2d 511 at 197-98. Since the information contained within the requested files was relevant to the issued raised in the case, the Ninth Circuit ordered its production."

10. Defendants have made a conclusive presumption that documents requested by plaintiffs are not relevant. That is not a conclusion to which they are entitled.

11. Plaintiffs aver that the requests defendants unilaterally claim to be irrelevant are, in fact, relevant. The name and race of job supervisors relates to the racial discrimination claims made by plaintiffs. The noise levels test results – or the likely fact that defendants will have to admit that they've never tested noise levels at all – relates to the ongoing conditions of confinement and the cumulative effect on the health on plaintiffs during their confinement in D-Building. Whether there exist quotas for writing up inmates is relevant to the issue of Defendant Little using writeups given to Plaintiff Fatir – for which Fatir was found not guilty – as an excuse for not considering Fatir for employment in the prison law library. It further addresses the claims against Defendant Rosalie Vargas. The request pertaining to the names and races of inmates who have received special visits and furloughs is relevant to the racial discrimination claims. Documentation regarding Vo-tech activities is relevant to the claims regarding Defendant Whelan. Documents regarding bonuses and kickbacks are relevant to the claim on box

handcuffs and defendant David Hall. If it turns out that defendants put plaintiffs' lives at risk by using box handcuffs because they got bonuses and kickbacks from a company, plaintiffs are certain that a jury would find that information quite relevant... as might the United States Attorney's office. The request for photographs of mailroom equipment is relevant to the claim of abuse and theft of the Inmate Commissary Trust Fund Account.

12. Defendants next claim plaintiffs are time barred from requesting the discovery documents which have been requested.

13. The "continuing violation theory" allows a plaintiff to pursue a claim for discriminatory conduct that began prior to filing period if he can demonstrate that act is part of ongoing practice or pattern of discrimination of defendant. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2003 et seq. *Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476.

14. Defendants have not even attempted to meet the discovery requests made by plaintiffs and are providing evidence that they are failing to litigate this matter in good faith.

**WHEREFORE**, plaintiffs request that this court deny defendants' motion for a protective order and, instead, order defendants to comply with each and every one of plaintiffs requests for production of documents.

Dated: 06/16/08                                   Respectfully submitted,

                                                  _____
                                                  Amir Fatir # 137010

                                                  _____
                                                  Warren Wyant

## Certificate of Service

I, __Amir Fatir__, hereby certify that I have served a true And correct cop(ies) of the attached: __Plaintiffs' Response to Defendants' motion for Protective Order__ upon the following parties/person (s):

TO: Erika Tross, Esq.
Dept. of Justice
820 N. French St.
Wilm., DE 19801

TO: James E. Drnec, Esq.
Balick & Balick, LLC
711 King St.
Wilm., DE 19801

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __18th__ day of __June__, 200_8_

_____/s/ Amir Fatir_____




Amir Fatir #137010
1181 Paddock Rd.
Smyrna, DE 19977

Clerk
U.S. District Court
844 King St., Lockbox 18
Wilmington, DE 19801

Legal Mail