IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 06-694-GMS ) ) Jury Trial Requested |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) |
| Defendants. | ) |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' FOURTH MOTION TO AMEND THE COMPLAINT [RE: D.I. 137]**

COMES NOW, State Defendants Thomas Carroll, Ronald Hosterman, David Pierce, Jeanette Havel, Janice Henry, Michael Little, Floyd Dixon, Marvin Creasy, James Satterfield, Maureen Whelan, Ralph Bailey, and David Hall (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiffs' Fourth Motion to Amend the Complaint (the "Fourth Motion to Amend") (D.I. 137). In support of the Response, State Defendants state as follows:

1.   Plaintiffs Donald Boyer, Amir Fatir, and Warren Wyant (the "Plaintiffs") are all inmates presently incarcerated at the Delaware Correctional Center ("DCC")[1] in Smyrna, Delaware. Plaintiffs are appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

---

[1] DCC is now known as the James T. Vaughn Correctional Center.

2. On November 15, 2006, Plaintiffs, along with nine (9) other individuals who have since been dismissed from the case, filed a Complaint against 25 defendants alleging various claims. (D.I. 10).

3. Less than two months later, on January 5, 2007, Plaintiff Boyer filed the First Amended Complaint against all of the defendants adding new claims and allegations. (D.I. 18). On July 30, 2007, Plaintiffs filed a Second Amended Complaint further refining their allegations and claims against the defendants. (D.I. 43). The Court entered an order reviewing and screening the Second Amended Complaint on January 14, 2008. (D.I. 65). Following the review, 20 counts of Plaintiffs' Complaints remained against the State Defendants. On March 20, 2008, the State Defendants filed an Answer to the remaining claims. (D.I. 104).

4. On April 21, 2008, Plaintiffs filed a Third Motion to Amend. (D.I. 120). In the Third Motion to Amend Plaintiffs sought to add Michael Grossman and John Doe #1 to the lawsuit for alleged claims of retaliation and due process violations against Plaintiff Fatir. The State Defendants responded in opposition to the Third Motion to Amend on May 2, 2008. (D.I. 122). The Court has not yet issued a decision on the Third Motion to Amend.

5. Before receiving the Court's decision on the Third Motion to Amend, Plaintiffs filed the Fourth Motion to Amend on June 23, 2008. (D.I. 137). In the Fourth Motion to Amend Plaintiff Fatir asserts that the prison failed to notify him that he was not permitted to receive Tarot cards and that officers improperly denied him a deck of Tarot cards on December 19, 2007. Notably Fatir did not file a grievance regarding the Tarot

cards until June 17, 2008 – the day before he drafted and mailed the Fourth Motion to Amend.[2]  (Exhibit A).

      6.      Federal Rule of Civil Procedure 15(a) states that a party may amend his pleadings after the responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  In this case the State Defendants object to the request to amend.  Therefore, the Plaintiffs must receive permission to amend from the Court.

      7.      A court should deny a plaintiff leave to amend where the plaintiff is "guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile."  *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997).  An amendment to a pleading is deemed futile if it could not withstand a Rule 12(b)(6) motion to dismiss.  *Satellite Fin. Planning Corp. v. First Nat'l Bank,* 646 F.Supp. 118, 120 (D. Del. 1986).

## I.    The Motion To Amend Is Futile Where Plaintiffs Have Failed To Allege That Carol Powell Denied Fatir The Tarot Cards.

      8.      To support a claim for a civil rights violation under § 1983 a plaintiff must show that the accused defendant had personal involvement in the alleged wrongs.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  A plaintiff must prove that the official "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct."  *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981)

---

[2] In his grievance Fatir falsely lists the incident date as June 17, 2008.  Fatir was actually denied the Tarot cards on December 19, 2007.  It appears Fatir wrote the grievance solely because he knew was mailing the Fourth Motion to Amend the next day.

(Garth, J. concurring in part, dissenting in part). In addition, this Court has held that, "Grievances are not enough to impute knowledge to [a] defendant." *Brookins v. Williams*, 402 F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208). Rather, to establish liability, a plaintiff must prove that a defendant personally directed, had actual knowledge of, or acquiesced in the alleged deprivation of his constitutional rights. *Rode*, 845 F.2d at 1207. Without such proof the defendant cannot be held liable. *See Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990).

9. In this case Fatir has failed to establish that Carol Powell – the defendant he seeks to add – was personally involved in denying him Tarot cards. Fatir's proposed amended complaint simply alleges that he wrote Powell a letter "enquiring about his Tarot cards and was told that they had been discarded." He then makes the statement that Powell is "responsible for the violations" without any supporting facts or documentation. In fact, the document Fatir attaches to his Fourth Motion to Amend does not have Powell's signature anywhere on it nor does it state that Powell was the individual responsible for denying Fatir the Tarot cards.

10. Given that Fatir has not shown a causal link between Powell's conduct and the alleged deprivation of his rights, Fatir's amended complaint could not survive a motion to dismiss. Therefore, the Fourth Motion to Amend should be denied.

II. **The Fourth Motion To Amend Is Futile Where Plaintiffs Have Failed To Establish That Fatir Exhausted His Administrative Remedies.**

11. Title 42, Section 1997e(a) of the United States Code, as amended by the Prison Litigation Reform Act (the "PLRA"), states that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 *U.S.C.* § 1997e(a).  Section 1997e(a) in its current form is drastically different from its predecessor.  The prior statute made exhaustion discretionary.  The PLRA, however, changed the statute so exhaustion is now mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Thus, "exhaustion is now required for all action[s] brought with respect to prison conditions." *Id.*

12.     The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.  Congress's purpose in enacting the mandatory exhaustion requirement was to "eliminate unwarranted federal-court interference with the administration of prisons, …." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  Thus the exhaustion requirement, "afford[s] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 525.

13.     The remedies provided to a prisoner need not meet federal standards nor be speedy and effective.  *Id.* at 524.  But a prisoner must utilize all steps of the procedure. *Id*.  Even when a prisoner seeks relief not available in grievance proceedings, such as money damages, exhaustion is still a prerequisite to suit.  *Id.*

14.     In this case Fatir received the notice denying him the Tarot cards on December 19, 2007.  Fatir's grievance regarding the Tarot cards, however, was not filed until June 17, 2008 – one day before Fatir drafted and mailed the Fourth Motion to Amend.  (Exhibit A).  As a result of Fatir's delay, prison officials were not given an opportunity to investigate the grievance issues and resolve the matter internally before Fatir initiated his new claim.

- 5 -

15.     Moreover, because he waited to file a grievance until the day before drafting and mailing the Fourth Motion to Amend, Fatir clearly failed to exhaust his administrative remedies prior to filing the request to amend. By failing to exhaust his administrative remedies, Fatir failed to comply with the PLRA. Therefore Fatir's claim is futile and his request to amend should be denied.

### III.    The Court Should Deny The Fourth Motion To Amend Because The Plaintiffs Are Guilty Of Undue Delay.

16.     Plaintiff Fatir received notice that his Tarot cards were not allowed on December 19, 2007. Thus Fatir received the denial a month before the Court issued a decision reviewing and screening the Complaints and several months before the State Defendants filed an Answer in the case. Despite these facts, Fatir did not file the Fourth Motion to Amend until June 23, 2008. It appears then that Plaintiffs' delay in filing the amendment is nothing more than an attempt to circumvent the Court's initial review and screening of the Complaints. Therefore the Plaintiffs are guilty of undue delay and their request to amend should be denied.

WHEREFORE, State Defendants respectfully request that this Honorable Court deny Plaintiffs' Fourth Motion to Amend.

                                                                  STATE OF DELAWARE
                                                                    DEPARTMENT OF JUSTICE

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
       Attorney for State Defendants

Dated: July 8, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | C.A. No. 06-694-GMS |
| v. | ) ) | Jury Trial Requested |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) | |
| Defendants. | ) | |

## **ORDER**

Upon the Plaintiffs' Fourth Motion to Amend the Complaint (D.I. 137); and State Defendants' Response in Opposition to Plaintiffs' Fourth Motion to Amend the Complaint; and it appearing that good and sufficient notice of Plaintiffs' Motion and State Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiffs' Fourth Motion to Amend the Complaint is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

 

_____
The Honorable Gregory M. Sleet
United States District Court Chief Judge

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on July 8, 2008, I caused a true and correct copy of the attached *State Defendants' Response in Opposition to Plaintiffs' Fourth Motion to Amend the Complaint [Re: D.I. 137]* to be served on the following individuals in the form and manner indicated:

**Via First Class Mail**

| | |
|---|---|
| Donald Boyer | Warren Wyant |
| SBI # 082420 | SBI # 00176129 |
| Delaware Correctional Center | Delaware Correctional Center |
| 1181 Paddock Road | 1181 Paddock Road |
| Smyrna, DE 19977 | Smyrna, DE 19977 |

Amir Fatir
SBI # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**Via Electronic Delivery &
First Class Mail**
James E. Drnec, Esq.
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

Case 1:06-cv-00694-GMS    Document 145-2    Filed 07/08/2008    Page 1 of 4

JTVCC James T. Vaughn Correctional Center       Date: 07/07/2008
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

# GRIEVANCE REPORT

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** FATIR, AMIR | **SBI#** : 00137010 | **Institution** : JTVCC |
| **Grievance #** : 162629 | **Grievance Date** : 06/17/2008 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status :** | **Resol. Date** : |
| **Grievance Type:** Mail | **Incident Date** : 06/17/2008 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg W1, Tier F, Cell 18, Single | |

## OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims: I was sent a book and a set of Tarot cards, but I never got the cards. I was not given a notification of rejection or why they were rejected. I was not given a form to appeal the mail room Officers decision. Since Tarot cards were previously permitted, any rule change requires a 30 day notification before enforcement. This was not done. Denial of Tarot cards is religious discrimination. Since DCC permits gambling cards no legitimate reason exists for prohibiting tarot cards.

**Remedy Requested** : Give me my deck of tarot cards or if they were destroyed or discarded replace them or reimburse me the cost plus shipping hand handling.

## INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

## ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** |
| **Investigation Sent :** | **Investigation Sent To** : Smith, Tonya |
| **Grievance Amount :** | |

JTVCC James T. Vaughn Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 07/07/2008

# INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** FATIR, AMIR | **SBI# :** 00137010 | **Institution :** JTVCC |
| **Grievance # :** 162629 | **Grievance Date :** 06/17/2008 | **Category :** Individual |
| **Status :** Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Mail | **Incident Date :** 06/17/2008 | **Incident Time :** |
| **IGC :** Merson, Lise M | **Housing Location :** Bldg W1, Tier F, Cell 18, Single | |

### INFORMAL RESOLUTION

**Investigator Name :** Smith, Tonya          **Date of Report** 07/07/2008

**Investigation Report :**

**Reason for Referring:**

**Offender's Signature:** _____

**Date** : _____

**Witness (Officer)** : _____

JTVCC James T. Vaughn Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 07/07/2008