UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, WARREN J. WYANT, AMIR FATIR, </br></br>Plaintiffs,</br></br>v.</br></br>STANLEY TAYLOR, PAUL HOWARD, RONALD HOSTERMAN, THOMAS CARROLL, DAVID PIERCE, JENNY HAVEL, JANET HENRY, CPL. ONEY, FLOYD DIXON, SGT. MARVIN CREASY, JAMES P. SATTERFIELD, LIEUTENANT PALOWSKI, SGT. BAILEY, CPL. VARGAS, FIRST CORRECTIONAL MEDICAL, CORRECTIONAL MEDICAL SERVICES, DAVID HALL, MAUREEN WHALEN, MICHAEL LITTLE,</br></br>Defendants. | Case No. 006-694 GMS</br>JURY TRIAL DEMANDED |

**DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S
ANSWERS AND OBJECTIONS TO PLAINTIFF'S
<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

**GENERAL OBJECTIONS**

A.  Correctional Medical Services, Inc. ("Answering Defendant") objects to Plaintiff's Discovery Requests to the extent they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure (the "Rules").

B.  Answering Defendant objects to Plaintiff's Discovery Requests to the extent they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine, the peer review privilege, and other privileges and immunities protecting confidential information from discovery.

C. Answering Defendant objects to Plaintiff's Discovery Requests to the extent the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D. Answering Defendant objects to Plaintiff's Discovery Requests to the extent they seek information protected from disclosure as confidential or proprietary business information.

E. Answering Defendant objects to Plaintiff's Discovery Requests to the extent they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F. Answering Defendant objects to Plaintiff's Discovery Requests to the extent the terms used therein are vague and ambiguous.

G. Answering Defendant objects to Plaintiff's Discovery Requests to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H. In responding to the Discovery Requests, Answering Defendant will use the ordinary meaning of words or terms not otherwise defined.

I. Answering Defendant objects to the Plaintiff's Discovery Requests to the extent they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual Discovery Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Discovery Request is accurate.

J. Answering Defendant's failure to object to any Discovery Request on a particular ground shall not be construed as a waiver of their right to object on that ground or any additional ground at any time.

K. These General Objections are incorporated into each of Answering Defendant's specific responses to Discovery Requests, and shall be deemed continuing as to each Discovery Request, and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

L. Answering Defendant reserves the right to supplement or amend their responses and objections to the Discovery Request. The fact that Answering Defendant has responded to the Discovery Requests or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Discovery Request.

M. To the extent a response to a Discovery Request is responsive to any or all other Discovery Requests, that Answer is incorporated by reference to such other Discovery Requests.

N. These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances that may come to Answering Defendant's knowledge.  Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend responses at any time prior to the trial of this action.  Answering Defendant further reserves the right to raise any additional objections or defenses deemed necessary or appropriate in light of any further review.

**RESPONSES TO DISCOVERY REQUESTS**

1. Results of all tests performed on Plaintiff Fatir.

RESPONSE: See medical records produced herewith.

2.   Results of all EKG (electrocardiogram) tests performed upon Plaintiff Fatir.

RESPONSE: See medical records produced herewith.

3.   Interpretations of all EKG tests performed upon Plaintiff Fatir

RESPONSE: Objection. The term "interpretations" is vague and ambiguous. Without waiving, and expressly reserving all objections, Answering Defendant refers Plaintiff to the medical records produced herewith.

4.   Graphs of all EKG tests performed upon Plaintiff Fatir.

RESPONSE: See medical records produced herewith.

5.   Results of all sleep studies performed upon Plaintiff Fatir.

RESPONSE: See medical records produced herewith.

6.   Interpretations and notes of all sleep studies performed upon Plaintiff Fatir.

RESPONSE: P See medical records produced herewith.

7.   All medical records pertaining to Plaintiff Fatir.

RESPONSE: See medical records produced herewith.

8.   All medical records and/or copies of medical records provided to First Correctional and/or Correctional Medical Services by the Arizona Department of Corrections and/or CMS-Arizona when Plaintiff Fatir was transferred from Arizona back to Delaware.

RESPONSE: Objection. This Request is overly broad and unduly burdensome to the extent it requests "all copies". Without waiving, and expressly reserving all objections, Answering Defendant states: See medical records produced herewith.

9.   Results of the Upper G.I. (gastrointestinal) and Lower G.I. Tests performed upon Plaintiff Fatir.

RESPONSE: See medical records produced herewith.

10. Lists of all drugs (medicines) ordered for Plaintiff Fatir from December 2004 until present.

RESPONSE: See medical records produced herewith.

11. Memos, notes made by Nurse Carol Kozak's contacts with the Arizona Department of Correction to secure medical records of Plaintiff Fatir during 2005-2006.

RESPONSE: Objection. The term "Carol Kozak's contacts with the Arizona Department of Corrections" is undefined, and such "contacts" are unidentified, and Answering Defendant is unable to answer. Without waiving, and expressly reserving all objections, Answering Defendant refers Plaintiff to the medical records produced herewith.

12. Results of eye exams performed upon Plaintiff Fatir.

RESPONSE: See medical records produced herewith.

13. Any orders for corrective lenses or any type eyeglasses ordered for Plaintiff Fatir.

RESPONSE: See medical records produced herewith.

14. Policy on why eyeglasses would not be ordered for an inmate when tests confirm the need for eyeglasses.

RESPONSE: Objection. This Request is overly broad and unduly burdensome. In addition, it seeks information not reasonably calculated to lead to the discovery of admissible evidence. It also seeks trade secrets and proprietary commercial information. Without waiving and expressly reserving all objections, Answering Defendants state that no such policy exists.

15. All referrals to any optometrist regarding Plaintiff Fatir.

RESPONSE: See medical records produced herewith.

16. Policy pertaining to sleep apnea.

RESPONSE: Objection. This Request is overly broad and unduly burdensome. In addition, it seeks information not reasonably calculated to lead to the discovery of admissible evidence. It also seeks trade secrets and proprietary commercial information. Without waiving and expressly reserving all objections, Answering Defendants state that no such policy specifically pertaining to sleep apnea exists.

17. Procedure to be followed when a patient complains of sleep apnea.

RESPONSE: Objection. This seeks trade secrets and proprietary commercial information. Without waiving and expressly reserving all objections, Answering Defendants state that no such specific procedure exists. When a patient complains of symptoms, the patient is examined and treatment offered when necessary and appropriate.

18. Procedure to be followed after tests confirm sleep apnea.

RESPONSE: Objection. This seeks trade secrets and proprietary commercial information. Without waiving and expressly reserving all objections, Answering Defendants state that no such specific procedure exists; all patients and their particular circumstances are unique. All test results are reviewed and appropriate treatment offered when necessary.

19. Policy regarding the use of inmates as test subject.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the term "test subject" is not defined, and so the Request is vague and ambiguous.

20. List of all companies, agencies, corporations, universities and clinics to whom CMS provides data regarding the use of and reaction to drugs for use in determining the effectiveness of drugs and treatment procedures.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

21.     Copy of contract with Delaware Department of Correction.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Answering Defendant admits that it has a contractual obligation to provide medical care for inmates in the Delaware prison system beginning July 1, 2005.

22.     List of campaign donations contributed to which candidates along with the amounts of money donated.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

23.     Lists of all political donations including "soft money" donated to political parties such as the Democratic and Republican National Committees and state political parties.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the term "soft money" is not defined.

24.     Lists of all political donations including "soft money" donated to 501(c)(4) organizations nationally and in each state and territory of the United States.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the term "soft money" is not defined.

25.     List your Board of Directors and officers nationally and in Delaware from 2004-2008.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

        BALICK & BALICK, LLC

         /s/ James E. Drnec
        James E. Drnec, Esquire (#3789)
        711 King Street
        Wilmington, Delaware 19801
        302.658.4265
        Attorneys for Defendant
        Correctional Medical Services

Date: July 11, 2008

## CERTIFICATE OF SERVICE

I, James Drnec, hereby certify that on the 11th day of July 2008, the foregoing Defendant Correctional Medical Services, Inc.'s Answers and Objections to Plaintiff's Request for Production of Documents was filed via CM/ECF and served First Class Mail upon the following:

Amir Fatir
SBI #137010
Delaware Correctional Center
1181 Paddock Road
P.O. Box 500
Smyrna, DE 19977

Erika Yvonne Tross, Esquire
Delaware Department of Justice
820 North French Street
6th Floor
Wilmington, DE 19801


      /s/ James E. Drnec
James E. Drnec, Esquire (#3789)