UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, WARREN J. WYANT, AMIR FATIR, )<br>)<br>)<br>Plaintiffs, )<br>v. )<br>)<br>STANLEY TAYLOR, PAUL HOWARD, )<br>RONALD HOSTERMAN, THOMAS )<br>CARROLL, DAVID PIERCE, JENNY )<br>HAVEL, JANET HENRY, CPL. ONEY, )<br>FLOYD DIXON, SGT. MARVIN )<br>CREASY, JAMES P. SATTERFIELD, )<br>LIEUTENANT PALOWSKI, )<br>SGT. BAILEY, CPL. VARGAS, )<br>FIRST CORRECTIONAL MEDICAL, )<br>CORRECTIONAL MEDICAL SERVICES, )<br>DAVID HALL, MAUREEN WHALEN, )<br>MICHAEL LITTLE, )<br>)<br>Defendants. ) | Case No. 006-694 GMS<br>JURY TRIAL DEMANDED |

---

**DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S
ANSWERS AND OBJECTIONS TO PLAINTIFF'S
<u>SECOND REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

**GENERAL OBJECTIONS**

A.  Correctional Medical Services, Inc. ("Answering Defendant") objects to Plaintiff's Discovery Requests to the extent they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure (the "Rules").

B.  Answering Defendant objects to Plaintiff's Discovery Requests to the extent they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine, the peer review privilege, and other privileges and immunities protecting confidential information from discovery.

C. Answering Defendant objects to Plaintiff's Discovery Requests to the extent the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D. Answering Defendant objects to Plaintiff's Discovery Requests to the extent they seek information protected from disclosure as confidential or proprietary business information.

E. Answering Defendant objects to Plaintiff's Discovery Requests to the extent they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F. Answering Defendant objects to Plaintiff's Discovery Requests to the extent the terms used therein are vague and ambiguous.

G. Answering Defendant objects to Plaintiff's Discovery Requests to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H. In responding to the Discovery Requests, Answering Defendant will use the ordinary meaning of words or terms not otherwise defined.

I. Answering Defendant objects to the Plaintiff's Discovery Requests to the extent they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual Discovery Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Discovery Request is accurate.

J.  Answering Defendant's failure to object to any Discovery Request on a particular ground shall not be construed as a waiver of their right to object on that ground or any additional ground at any time.

K.  These General Objections are incorporated into each of Answering Defendant's specific responses to Discovery Requests, and shall be deemed continuing as to each Discovery Request, and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

L.  Answering Defendant reserves the right to supplement or amend their responses and objections to the Discovery Request. The fact that Answering Defendant has responded to the Discovery Requests or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Discovery Request.

M.  To the extent a response to a Discovery Request is responsive to any or all other Discovery Requests, that Answer is incorporated by reference to such other Discovery Requests.

N.  These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances that may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend responses at any time prior to the trial of this action. Answering Defendant further reserves the right

to raise any additional objections or defenses deemed necessary or appropriate in light of any further review.

## RESPONSES TO DISCOVERY REQUESTS[1]

9. Policies on the housing of people with infectious diseases.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and expressly reserving all objections, Answering Defendant has no specific policy regarding housing of people with infectious disease.

10. Policy regarding use of box handcuffs.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and expressly reserving all objections, Answering Defendant has no specific policy regarding use of box handcuffs.

58. Studies used by the DOC on the safety and danger of box handcuffs.

RESPONSE: This Request is not addressed toward Answering Defendant. To the extent it is, Answering Defendant responds: none.

60. All reports, forms and documents pertaining to injuries and illness caused and suspected to be caused by box handcuffs.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and expressly reserving all objections, Answering Defendant does not keep such records.

61. Contracts with vendor(s) providing box handcuffs.

---

[1] These Responses are to the Requests served on or about May 21, 2008 and numbered 1-150. Plaintiff, by letter of the same date, specifically requested Answering Defendant respond only to Requests 9, 58-61, 63-68, 75-77 and 122.

RESPONSE: None.

63. Copies of all complaints and/or grievances filed regarding box handcuffs throughout the state DOC.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request appears to be directed toward a party other than Answering Defendant. To the extent it is directed toward Answering Defendant, none.

64. Copies of all Incident Reports (404s) filed regarding box handcuffs.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request appears to be directed toward a party other than Answering Defendant. To the extent it is directed toward Answering Defendant, none.

65. All studies, tests, results on safety of box handcuffs.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request appears to be directed toward a party other than Answering Defendant. To the extent it is directed toward Answering Defendant, none.

66. All studies, tests, results regarding danger and health damage caused by box handcuffs.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request appears to be directed toward a party other than Answering Defendant. To the extent it is directed toward Answering Defendant, none.

67. All documents regarding contracts with vendors to purchase box handcuffs.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request appears to be directed toward a party other than Answering Defendant. To the extent it is directed toward Answering Defendant, none.

68. All documents regarding any bonuses, kickbacks or donations received from companies which sell or advertise or otherwise promote the use of box handcuffs.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This Request appears to be directed toward a party other than Answering Defendant. To the extent it is directed toward Answering Defendant, none.

75. Policy regarding the diagnosis and treatment of sleep apnea.

RESPONSE: Objection. This Request is duplicative of prior Request.

76. Provide number of all inmates treated for sleep apnea during 2000-2008.

RESPONSE: Objection. This Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

77. Provide policy that states where inmates using machine for sleep apnea must be housed.

RESPONSE: Objection. This Request is overly broad and unduly burdensome. In addition, it seeks information not reasonably calculated to lead to the discovery of admissible evidence. It also seeks trade secrets and proprietary commercial information. Without waiving and expressly reserving all objections, Answering Defendants state that no such policy exists.

122.     Policy on rooming healthy inmates with inmates who have infectious, communicable diseases.

RESPONSE: Objection.  This Request is overly broad and unduly burdensome.  In addition, it seeks information not reasonably calculated to lead to the discovery of admissible evidence.  It also seeks trade secrets and proprietary commercial information.

                                          BALICK & BALICK, LLC

                                            /s/ James E. Drnec
                                        James E. Drnec, Esquire (#3789)
                                        711 King Street
                                        Wilmington, Delaware 19801
                                        302.658.4265
                                        Attorneys for Defendant
                                        Correctional Medical Services

Date: July 11, 2008

**CERTIFICATE OF SERVICE**

      I, James Drnec, hereby certify that on the 11th day of July 2008, the foregoing Defendant Correctional Medical Services, Inc.'s Answers and Objections to Plaintiff's Second Request for Production of Documents was filed via CM/ECF and served First Class Mail upon the following:

| | |
|---|---|
| Amir Fatir | Erika Yvonne Tross, Esquire |
| SBI #137010 | Delaware Department of Justice |
| Delaware Correctional Center | 820 North French Street |
| 1181 Paddock Road | 6th Floor |
| P.O. Box 500 | Wilmington, DE 19801 |
| Smyrna, DE 19977 | |

                                                /s/ James E. Drnec
                                     James E. Drnec, Esquire (#3789)