Amir Fatir # 137010
1181 Paddock Road
Smyrna, DE 19977
July 14, 2008



The Honorable Gregory M. Sleet
Chief Judge
U.S. District Court
844 N. King Street
Wilmington, DE 19801

RE: **Boyer, et al. v. Taylor, et al.,**
<u>C.A. No. 06-694-GMS</u>

Dear Chief Judge Sleet:

In a letter dated July 7, 2008, State Defendants' counsel Erika Y. Tross, wrote your honor and expressed:

1) Plaintiff Boyer is currently classified to Medium High Security (MHU)[1].

2) Plaintiff Fatir has not provided this Court with any proof that Plaintiff Boyer believes he is being retaliated against.

3) "Plaintiff Fatir's letter appears to be nothing more than a subterfuge to obtain information about plaintiff Boyer's classification."

4) Plaintiff Fatir is not entitled to such information pursuant to 11 Del C. § 4322.

5) State Defendants "are willing" to provide this Court with information *in camera*.

In response to Ms. Tross' comments, the point of my letter to the Court was not regarding Plaintiff Boyer's <u>current</u> classification; it concerned his classification <u>from</u> his

---

[1] When it suits the prison to deny prisoners something on "security" grounds, prison officials state that MHU means "Maximum Housing Unit." However, when "medium" prisoners complain that they are still being held in maximum, the same prison officials say that the inmates are already in medium since MHU means "Medium High Security." In MHU there have been official papers posted by staff which state "Maximum Housing Unit" and others which state "Medium High Security." Prison officials can, thus, have it both ways in a kind of "head I win, tails you lose" environment.

current housing which was vetoed by Major Scarborough. It appears that Ms. Tross is the one engaged in a bit of subterfuge by setting up a kind of "straw man" argument and then proceeding to refute the positions she herself has given to that straw man.

When a classification has been vetoed or otherwise halted, the "current" classification indicated will be the one which was in effect before the veto occurred. Surely Ms. Tross is aware of that and, if she isn't, it would be advisable for her to learn a little more about the workings of the prison system she hopes to defend.

Since plaintiffs' jailers have thwarted and denied plaintiffs' requests to meet and discuss this case, including providing one another with court-related papers, Plaintiff Fatir cannot provide this court with any proof of Plaintiff Boyer's "belief" in the fact that he is being retaliated against nor any other belief Plaintiff Boyer might hold. However, the Court has likely already received a letter from Plaintiff Boyer himself indicating that he is being retaliated against.

I give my word to this Court that Plaintiff Boyer himself does believe that he is being retaliated against by defendants in general and Major Scarborough in particular and that it is Plaintiff Boyer's belief that Major Scarborough's retaliation is related to Scarborough's affidavit submitted to prevent plaintiffs from conferring in which Scarborough alleged that plaintiffs meeting together would amount to a serious breach of security. Plaintiff Boyer believes that Scarborough is trying to use that allegation to prevent him from returning to general population since, if Plaintiff Boyer were to return to general population, Scarborough's allegation of a serious security breach would be seen for the canard that it was and is.

Counsel's statement that "Plaintiff Fatir's letter appears to be nothing more than a subterfuge to obtain information about plaintiff Boyer's classification" amounts to nothing but a baseless personal and derogatory attack that, upon examination, amounts to little more than "the words of an idiot, full of sound and fury, signifying nothing" as Shakespeare might say. In point of fact, just about any prisoner can find out anyone's classification by simply asking just about any guard. Even in the secretive Soviet gulag style mentality of the Delaware prison system, an inmate's classification is not something that is held secret. Moreover, Plaintiff Boyer is a very well-known and respected prisoner among the prisoners at DCC and just about everyone who knows him knows his "current classification." The bright yellow clothes he wears is a dead giveaway that he is "currently classified" to MHU. Therefore, I would not need to use any subterfuge – even if I were so disposed – to find out Plaintiff Boyer's classification. That classification is one of the more well-known facts within this prison.

Ms. Tross claims that 11 Del C. § 4322 precludes me from having information such as Plaintiff Boyer's classification status. The United States District Court is not subservient to the statutes created by the legislature of a small state in hopes of blocking prisoners' right of access to the courts and rights to discovery. Counsel's evocation of 11 Del. C. § 4322 is misplaced as that state statute has neither power nor relevance in this federal court matter. Moreover, the supremacy clause of the United States Constitution

places the state of Delaware under the jurisdiction of this court, not the opposite, as Ms. Tross would have it.

Her mistaken notion of Delaware's supremacy *uber alles* is suggested by her statement that defendants "are willing" to provide information to this Court *in camera*. Should this Court order defendants to provide information, defendants have no choice but to comply. Their "willingness," or lack thereof, is irrelevant.

Plaintiffs object to any meeting or provision of materials to the Court *in camera* because plaintiffs have a right to be present at all phases of this matter and plaintiffs have complete faith that given an opportunity to deal with the Court unopposed that the State Defendants will lie, obfuscate, prevaricate, misrepresent the truth, provide false documents and deliberately mislead the Court.

Since plaintiffs have a complete lack of faith in the trustworthiness of the defendants and their counsel, plaintiffs "strenuously object" to any meeting *in camera* between this honorable court and defendants' counsel.

Please make an official inquiry into and an investigation of Major Scarborough's retaliatory veto of Plaintiff Boyer's classification to return to general population. May I suggest that the court speak with prison counselor Cindy Aitalian, who is a counselor in the MHU and is a rare honest employee in a prison in which dishonesty seems as natural and even applauded as is swimming to a dolphin. Ms. Aitalian and classification Lieutenant Secor (another rare honorable employee) are most likely to have been directly involved in Plaintiff Boyer's classification.

Very truly yours,

Amir Fatir

cc:   Erika Y. Tross, Esq., DAG