UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, WARREN J. WYANT, AMIR FATIR, <br><br> Plaintiffs, <br> v. <br><br> STANLEY TAYLOR, PAUL HOWARD, RONALD HOSTERMAN, THOMAS CARROLL, DAVID PIERCE, JENNY HAVEL, JANET HENRY, CPL. ONEY, FLOYD DIXON, SGT. MARVIN CREASY, JAMES P. SATTERFIELD, LIEUTENANT PALOWSKI, SGT. BAILEY, CPL. VARGAS, FIRST CORRECTIONAL MEDICAL, CORRECTIONAL MEDICAL SERVICES, DAVID HALL, MAUREEN WHALEN, MICHAEL LITTLE, <br><br> Defendants. | Case No. 006-694 GMS <br> JURY TRIAL DEMANDED |

--------------------------------------------------------

**DEFENDANT CORRECTIONAL MEDICAL SERVIES, INC.'S
FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Correctional Medical Services, Inc. ("CMS") hereby requests plaintiff to answer, separately and fully in writing under oath, the following Interrogatories within thirty days of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

A.  "Document(s)", as used in these interrogatories, is employed in the broadest possible sense under Rule 34 of the Federal Rules of Civil Procedure and means without limitation any written, printed, typed, photostated, photographed, recorded or otherwise reproduced communications or reproductions, whether privilege is asserted thereto or not and including all copies or drafts of any such document which differ (by annotation or otherwise) in

any respect from the original.

      B.    "Person", refers to the plural as well as the singular, of any natural person, firm, corporation, association, group or organization, unless specifically stated otherwise.

      C.    "You" and "Your", as used in these interrogatories, shall mean the party to which these interrogatories are directed, its agents, officers, directors, and employees, and all other persons acting or purporting to act on its behalf of all of its representatives, including its attorneys. "You" and "your" refers to each plaintiff individually and all plaintiffs collectively, including plaintiffs' decedent and his estate. For each answer, identify the plaintiff on whose behalf it is made.

      D.    "Identify", as applied to a person, means to furnish, except as otherwise noted, his or her name and present or last known residence and business address, and, if a corporation, the state of incorporation.

      E.    Whenever you are requested to "identify" a communication of any type and such communication was oral, the following information should be furnished:

(a)    By whom it was made and to whom it was directed;

      (b)    Its specific subject;

      (c)    The date upon which it was made;

      (d)    Who else was present when it was made; and

      (e)    Whether it was recorded, described or summarized in any writing of any type and, if so, the identity of each such writing in the manner indicated below.

      F.    Whenever you are requested to "identify" a communication and such communication was written, the following information should be furnished (in place of identification, production is acceptable):

      (a)     Its nature (e.g., letter, memorandum, telegram, note, drawing, etc.);

      (b)     Its specific subject;

      (c)     By whom it was made and to whom it was directed;

      (d)     The date upon which it was made; and

      (e)     Who has possession of the original and any copies.

G.     If you object to any of the interrogatories herein, whether in whole or in part, on the grounds that the information sought therein is privileged or confidential, state the following:

      (a)     Identify the privileged document or communication;

(b)     Identify the persons who received or have received the privileged document and/or the persons present during the privileged communication;

      (c)     Identify the person who made the privileged document or communication;

      (d)     Identify the general subject matter of the privileged document or communication; and

      (e)     State the basis for your claim of privilege with respect to each such document or communication.

H.     These Interrogatories are considered to be continuing in character, and whenever additional information responsive to them, but not supplied in answer to them is obtained or becomes known to plaintiffs, it shall be supplied in writing under oath to defendant as though expressly requested by separate interrogatories.

I.     If the usage of any term, word, or phrase used herein makes it difficult for you to understand the meaning of the Interrogatory, do not object thereto. Instead, immediately contact the undersigned counsel for clarification.

## INTERROGATORIES

1. Please identify yourself fully, giving your full name, any and all aliases, age, social security number and, if married, give the name of your spouse and any children.

**ANSWER:**

2. Please state the name, current address or location of each person who was a witness to or has knowledge of any occurrence, event, fact, circumstance or discoverable matters upon which the plaintiff's claims in Count 50 of the second Amended Complaint ("Count 50") are based or founded, specifying to what occurrence, event, fact, circumstance or discoverable matters each such person was a witness or had knowledge.

**ANSWER:**

3. Do you contend that CMS breached the standard of care? If so:

(a) Describe in detail the standard of acceptable medical care which you contend applies to CMS, providing the details necessary for this defendant to identify and locate any information upon which you rely in describing this standard (names and addresses of experts; titles, forms, authors, publishers and dates of publication for written materials, etc.);

      (b)    Describe in detail the facts upon which you rely in alleging that CMS has breached the standard of care which you contend was applicable.

**ANSWER:**

4.    Please identify the specific act(s) or omission(s) of CMS you contend violated your Eighth Amendment rights.

**ANSWER:**

5.    Describe in detail each and every physical, mental or emotional injury, both temporary and permanent in nature, which you allege plaintiff has suffered as a direct and proximate result of the actions or omissions of CMS as alleged in Count 50. For each injury to plaintiff which you allege was temporary, state the date on which it was resolved and all treatment you obtained for it. For each injury to plaintiff which you allege constitutes a permanent injury, describe in detail the facts upon which you rely in alleging that this injury is permanent, providing the details necessary for this defendant to identify and locate any information upon which you rely in making this allegation (names and addresses of physicians consulted; names and addresses of experts consulted; titles, forms, authors, publishers and dates

of publication for written materials, etc.).

**ANSWER:**

6. Insofar as you claim damages for future medical treatment, state the following:

    (a) Describe in detail the treatments, operations and hospitalization for plaintiff which you contend may be needed in the future;

    (b) Describe in detail the information and information sources upon which you rely in concluding that such future treatments, operations and hospitalization may be necessary;

    (c) The amount plaintiff claims for future medical and hospital expenses;

    (d) A detailed description of how that amount is calculated.

**ANSWER:**

7. If plaintiff claims the right to recover "out-of-pocket" expenses, including, but not limited to medical expenses, itemize each such expense and state:

    (a) A specific description of each such expense;

    (b) The date when it was incurred;

    (c)  To whom and for what it was incurred.

**ANSWER:**

  8.  If you claim plaintiff sustained any loss of income or earning power as a result of the incident that forms that basis of the claims in Count 50 either in the past, present or in the future, state:

    (a)  The total loss plaintiff claims was sustained;

    (b)  The inclusive dates when plaintiff claims to have been wholly unable to work as a result of the incident and the reason you were unable to work on such dates;

    (c)  The inclusive dates when plaintiff claims to have been partially unable to work as a result of the incident and the reason each was unable to work on such dates;

    (d)  A specific description of the type or types of work plaintiff would have been performing or would have been able to perform during the period stated;

    (e)  The rate of income plaintiff would have been able to receive except for the incident (as, for instance, one dollar per hour, 50 dollars per week, etc.);

    (f)  The name and address of the person, corporation or other entity which would have been plaintiff's employer;

    (g)  The total amount of money plaintiff had been paid by the employer during each of the six years preceding the incident which is the subject of this litigation;

    (h)  With reference to federal income tax returns, whether filed jointly or

individually, state the amount of income declared for each of the six years preceding the answering of this interrogatory and the sources of all income declared (such as $5500 from bank interest, $100 in stock dividends, $10,000 in pension payments, etc.).

**ANSWER:**




9. With reference to any expert who has been consulted by you, your attorney, or anyone on your behalf, concerning any aspect of the issues in the claims in Count 50, whether such issues involve liability, damages or other matters, state the name and address of such expert and the dates of each consultation.

**ANSWER:**




10. With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert, and, as to each expert named, state:

    (a) The subject matter on which the expert is expected to testify;

    (b) The substance of the facts and opinions to which the expert is expected to testify;

    (c) A summary of the grounds for each opinion of the expert;

   (d) If the expert has prepared any report or other matter in writing pertaining to his opinions or the facts on which they are based, state the date of that matter in writing and the names and addresses of persons having copies of it;

   (e) Whether such expert rendered any care to the plaintiff and, if so, what care and when;

   (f) The date the expert was first consulted by the plaintiff's attorney;

   (g) A brief chronological resume of the expert's education and professional background, including the associations or societies of which he is a member, and as to medical personnel, the names and addresses of all hospitals whose staff such experts are on or have had courtesy privileges or act or acted as consultants, a statement as to whether a medical expert is a medical doctor or osteopathic physician, and if any, a statement of the medical expert's field of specialization;

   (h) The title, publisher, date and form of all documentary material published by each such expert within his field.

 **ANSWER:**

 11. If plaintiff or plaintiff's expert(s) intend(s) to rely upon any textbook, periodical, paper or authority to substantiate or formulate any opinion or conclusion or to rely upon same in the plaintiff's examination or cross examination of any party witness or expert, state the exact

title of each, the name and address of the author and publisher and the sections or pages to be relied upon.

**ANSWER:**

12. If you have consulted any textbook or internet source regarding sleep apnea, identify each by title, author, publisher or URL. For each, provide the sections and/or pages consulted.

**ANSWER:**

13. Set forth the name, address, telephone number and employment position of any and all witnesses you expect to call at trial and provide a brief summary of their expected testimony.

**ANSWER:**

14. State the name and address of each and every physician or other person who has informed you or anyone on your behalf that CMS, in treating Plaintiff, either failed to possess and use the degree of knowledge and skill ordinarily possessed and used by other physicians and health care providers engaged in said disciplines.

**ANSWER:**

15. State the name and address of each and every physician or other person who has informed you or anyone on your behalf that CMS was deliberately indifferent to a serious medical need.

**ANSWER:**

16. When was Plaintiff first diagnosed with sleep apnea? Identify the doctor who first diagnosed Plaintiff with sleep apnea and state any and all treatments that were recommended.

**ANSWER:**

17. What is your educational history? Please identify:

    (a) The highest level of education that you completed;

    (b) All colleges and post-secondary institutions attended;

    (c) All certifications held, and the source of those certifications;

    (d) All vocational training you received.

**ANSWER:**


                              BALICK & BALICK L.L.C.


                                  /s/ James E. Drnec
                              James E. Drnec (DE Bar # 3789)
                              711 King Street
                              Wilmington, DE 19801
                              (302) 658-4265
                              Attorneys for Correctional Medical Services, Inc.

Date:   August 11, 2008

**CERTIFICATE OF SERVICE**

      I, James Drnec, hereby certify that on the 11th day of August 2008, the foregoing Defendant Correctional Medical Services, Inc.'s First Set of Interrogatories was filed via CM/ECF and served First Class Mail upon the following:

| | |
|---|---|
| Amir Fatir | Erika Yvonne Tross, Esquire |
| SBI #137010 | Delaware Department of Justice |
| James T. Vaughn Correctional Center | 820 North French Street |
| 1181 Paddock Road | 6th Floor |
| P.O. Box 500 | Wilmington, DE 19801 |
| Smyrna, DE 19977 | |

                                /s/ James E. Drnec
                            James E. Drnec, Esquire (#3789)