Amir Fatir # 137010
1181 Paddock Road
Smyrna, DE  19977
August 4, 2008

The Honorable Gregory M. Sleet
Chief Judge
U.S. District Court
844 King Street
Wilmington, DE  19801



RE:   **Boyer, et al. v. Taylor, et al., C.A. No. 06-694-GMS**

Dear Chief Judge Sleet:

    I have received a copy of Erika Tross' July 28, 2008 letter to the court regarding my request that you enquire into the prison's refusal to grant my wife and me a three hour special visit.

    Ms. Tross' letter stated that "Inmates who have visitors who 'reside more than one hundred miles from the institution' may request a special visit. The special visit is 90 minutes long."

    Contrary to Ms. Tross' statement and Major James Scarborough's letter (addressed to but never received by my wife), a special visit is and has long been for three hours. I have personally had several three hour special visits as have numerous other prisoners.

    I urge this court to obtain a complete copy of Administrative Regulations 1135 and the Department of Correction's *Rules for the Treatment of Inmates in the Delaware Correctional Institutions*.

    These documents govern all aspects of prisoners' living conditions and policies such as visiting throughout the state.

    The current regime at the James Vaughn Correctional Center has arrogated to itself powers to make instant policies at the whim of whichever person is making it. But no one is authorized to make policies at all and whatever operating procedures are enacted have to be in accord with Bureau Policy and Departmental Policy as promulgated by the Administrative Regulations.

    It is highly possible that Major Scarborough doesn't even know that people coming from beyond 100 miles are entitled to a three hour special visit. The letter from Ms. Tross gives the impression that three hour special visits are a figment of my

imagination when they have been very real for many decades. Even if the present regime had the authority to unilaterally change policy,[1] it would still have to post the new policy for a minimum of thirty days before it could become actual policy so that prisoners would have the opportunity to object and challenge the proposed new policy. Nothing along those lines occurred in the case of the alleged change from three hour special visits to 90 minute special visits.

Regarding the supposed 90 minute special visit, the visits I received from my wife were posted in the building and were clearly classified as "REGULAR" in the column which indicates the type of visit.

My visits were not special visits. They were the same regular back-to-back 45 minute visits that anyone and everyone gets no matter how close to the prison they've traveled.

My visits might be considered "special" (albeit truncated) if, in addition to the 90 minute visit I was permitted to use the 90 minutes of visiting time to which every prisoner is entitled.

Some years ago, in an effort to keep prisoners in the dark as to our actual rights, the *Rules for the Treatment of Inmates* were removed from the prison law library at D.C.C. But this important document is well known and is referred to in case law from this court. For example, *Anderson v. Redman*, 429 F.Supp. 1105 stated, "it is not surprising that following the trial, defendants ultimately conceded "that the housing of pre-trial detainees in other than single cells is done in violation of the *Rules for the Treatment of Inmates in the Delaware Correctional Institutions* and 11 Del. C. § 6526(b)."

Since my wife will be returning to England on August 10, 2008, it appears unlikely that we will get the special visits we're entitled to receive. However, we are grateful that this court was kind enough to take time out of its busy schedule to enquire into a matter that must be infinitesimally minute compared to the monumental judgments this court must render.

Thank you very much.

Sincerely,

Amir Fatir

cc:   Erika Y. Tross

---

[1] The Warden has the power, under <u>emergency conditions</u>, to **temporarily** alter or suspend policies and enact emergency policies until a crisis situation has subsided. He or she does not, however, have the authority to create or suspend policies from the Departmental or Bureau level ad infinitum.

I/M Amir Fatir
SBI# 137010    UNIT W
JAMES T. VAUGHN CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
05 AUG 2008 PM 3 T

The Hon. Gregory M. Sleet
Chief Judge
U.S. District Court
844 King St.
Wilmington, DE 19801