**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-694-GMS |
| v. | ) ) | Jury Trial Requested |
| COMMISSIONER STANELY TAYLOR, et al., | ) ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF FATIR'S
MOTION TO BE PRESENT DURING DEFENDANTS' DEPOSITION OF
PLAINTIFFS DONALD BOYER AND WARREN WYANT [RE: D.I. 164]**

COMES NOW, State Defendants Thomas Carroll, Ronald Hosterman, David Pierce, Jeanette Havel, Janice Henry, Michael Little, Floyd Dixon, Marvin Creasy, James Satterfield, Maureen Whelan, Ralph Bailey, and David Hall (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff Fatir's Motion to be Present during Defendants' Deposition of Plaintiffs Donald Boyer and Warren Wyant. (D.I. 164). State Defendants assert that the Court should deny Plaintiff's Motion because Fatir's presence at the depositions is neither necessary nor required and because having several of the plaintiffs together, especially when non-incarcerated individuals are present, poses a security risk. In support of the Response, State Defendants state as follows:

1. Plaintiffs Donald Boyer, Amir Fatir, and Warren Wyant (the "Plaintiffs") are all inmates presently incarcerated at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware. Plaintiffs are appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.      On August 14, 2008, State Defendants filed a motion to take the depositions of Plaintiffs Boyer and Wyant.  (D.I. 159).  The Court granted the motion on August 19, 2008.  (D.I. 163).  Counsel for the State Defendants, along with Counsel for Defendant Correctional Medical Services, plan to take the depositions of Boyer and Wyant.  Each deposition will be taken separately.

3.      On August 22, 2008, Plaintiff Fatir filed his Motion to be present during the depositions of Boyer and Wyant.  (D.I. 164).  As support for his Motion Plaintiff Fatir states that "Parties to a case are generally permitted to be present at depositions if they wish."  (D.I. 164 at ¶ 4).  Fatir does not state any reason for why he needs or desires to be present at the depositions.

4.      State Defendants admit that Rule 30.3 of the Local Rules for the United States District Court for the District of Delaware permits parties to be present at the depositions of other parties.  Rule 30.3, however, expressly states that a deposition "*may* be attended … by … a party who is a natural person."  D. Del. L. R. 30.3(c) (emphasis added).  Thus attendance by a party is not required.  Moreover, permitting a party to attend may be denied by order of the Court.  *Id.*  State Defendants assert that Fatir's presence at the depositions is not required and poses a security risk.  Therefore the Court should deny the Motion.

5.      In prior motions before this Court the State Defendants presented evidence that Plaintiffs Fatir, Boyer and Wyant are all convicted felons.  (D.I. 105, Exhibits A through F of D.I. 105 attached hereto, respectively).  Fatir is serving a life sentence for, among other things, murder in the first degree.  (Ex. A).  Like Fatir, Plaintiff Boyer is also serving a life sentence for a number of felonies including murder in the first degree.

(Ex. B).  Finally, Plaintiff Wyant is serving a life sentence for rape in the first degree. (Ex. C).

6.      In addition to their serious felony convictions and life sentences, Plaintiffs have been behavioral and disciplinary problems while incarcerated.  Plaintiff Fatir has escaped from prison.  (Ex. D – "Scarborough Affidavit" at ¶ 6).  Plaintiff Boyer has been disciplined for fighting and assaulting another inmate and was classified to maximum security as a result.  (Scarborough Aff. at ¶ 7; Ex. E).  Further, Plaintiff Wyant has been found guilty of disorderly or threatening behavior, disrespect and failing to obey an order. (Ex. F).  Permitting these inmates with their life sentences, murder and rape convictions, prior escape and disruptive institutional behaviors to be present together at a deposition where members from the public will also be present poses a security risk.

7.      Further, inmates, like Boyer, who are classified to maximum security are not permitted to have any contact with inmates classified to minimum or medium security in order to maintain the safety and control of the general inmate population.  (*Id.* at ¶ 3). Moreover, while minimum and medium security inmates, like Fatir and Wyant, are permitted to mix together at programs, classes and religious services, they are not, as a general matter, permitted to meet together or congregate without supervision.  (*Id.* at ¶ 4).

8.      Granting Fatir's request poses danger to the other individuals participating in the deposition.  Counsel for the State Defendants will be present as well as counsel for CMS.  In addition a court reporter will be in the room.  Allowing several violent convicted felons to be placed in a room with individuals from the public poses a security risk to these individuals.

9.    Finally it should be noted that Fatir has not set forth any reason for why his presence is required at the depositions.  Fatir is neither counsel for nor a representative of Wyant and Boyer.  Moreover, Fatir has not filed this lawsuit on behalf of Wyant and Boyer – each individual has issued his own *in forma pauperis* application and filed this lawsuit on their own behalf.  Fatir's presence is neither needed nor required.

10.    To avoid any claim by Fatir that he is being unfairly disadvantaged by not being able to attend the depositions, State Defendants are willing to mail Fatir a copy of the deposition transcripts of Boyer and Wyant.

WHEREFORE, for all of the foregoing reasons, State Defendants respectfully request that this Honorable Court enter an Order, substantially in the form attached hereto, denying Plaintiff Fatir's Motion to be Present during Deposition of Plaintiffs Donald Boyer and Warren Wyant.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
        Attorney for State Defendants

Dated: August 27, 2008

- 4 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD BOYER, AMIR FATIR, and     )
WARREN WYANT,                     )
                                  )
      Plaintiffs,               )
                                  )     C.A. No. 06-694-GMS
      v.                        )
                                  )
COMMISSIONER STANELY TAYLOR, et al., )
                                  )
      Defendants.               )

## **ORDER**

Upon Plaintiff Fatir's Motion to be Present during Defendants' Deposition of Plaintiffs Donald Boyer and Warren Wyant (D.I. 164) (the "Motion"); and State Defendants' Response in Opposition to the Motion; and it appearing that good and sufficient notice of Plaintiff Fatir's Motion and State Defendants' Response in Opposition has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that the Motion is **DENIED.**

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet
United States District Court Chief Judge

## <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on August 27, 2008, I caused a true and correct copy of the attached *State Defendants' Response in Opposition to Plaintiff Fatir's Motion to be Present during Defendants' Deposition of Plaintiffs Donald Boyer and Warren Wyant [Re: D.I. 164]* to be served on the following individuals in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

<u>**Via First Class Mail**</u>

| | |
|---|---|
| Donald Boyer | Warren Wyant |
| SBI # 082420 | SBI # 00176129 |
| Delaware Correctional Center | Delaware Correctional Center |
| 1181 Paddock Road | 1181 Paddock Road |
| Smyrna, DE 19977 | Smyrna, DE 19977 |

Amir Fatir
SBI # 137010
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

<u>**Via Electronic Delivery**</u>
James E. Drnec, Esq.
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

## Offender Status Sheet

**Date:** 03/11/2008

**SBI #:** 00137010   **Name:** AMIR FATIR   **Sex:** M

**Location(s):** DCC   **Level(s):** 5   **Race:** BLACK   **DOB:** 02/04/1953   **Sex Offender:** []

**AKA:** STERLING HOBBS; STERLING HOBBS; AMIR FATIR; RAYMOND VANDERBERG; AMIR F DHULQARNAIN

**Offender Type:** Sentenced   **Officer(s):**

| Level: 5 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Start Date:** 12/12/1975   **MED:** 12/08/2048   **STRD:** 12/08/2048   **ADJ:** 12/08/2048   **PED:**   **Statutory Days Earned:**   0.00 | | | | | | | | | | | | |

| CASE#/ Court/ Type | CRA#/ Judge | Charge Desc/ Sen. Type/ Sentence Date | | Status/ Eff. Date | Y | M | D | Start Dt | MED | STRD | Adj Date | CR | Wk |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DACS00001 | I-75-06-0892 | MURDER 1ST | | Current | | 0 | 0 | 12/12/1975 | | | | | |
| U7 | Bernard Balick | LIFE | 12/12/1975 | 12/12/1975 | | | | | | | | | |
| DACS00003 | I-75-06-0900 | CONSP 2ND | | Current | 7 | 0 | 0 | 12/12/1975 | 12/11/1982 | 12/11/1982 | 12/11/1982 | | |
| U7 | Bernard Balick | STANDARD | 04/27/1976 | 04/27/1976 | | | | | | | | | |
| DACS00002 | I-75-06-0895 | ROBBERY 1st | | Current | 30 | 0 | 0 | 12/11/1982 | 12/10/2012 | 12/10/2012 | 12/10/2012 | | |
| U7 | Bernard Balick | STANDARD | 04/27/1976 | 04/27/1976 | | | | | | | | | |
| DACS00004 | I-75-06-0905 | PDWDCF | | Current | 30 | 0 | 0 | 12/10/2012 | 12/09/2042 | 12/09/2042 | 12/09/2042 | | |
| U7 | Bernard Balick | STANDARD | 04/27/1979 | 04/27/1976 | | | | | | | | | |
| DACS00005 | I-76-05-1023 | ESCAPE A/CONV | | Current | 6 | 0 | 0 | 12/09/2042 | 12/08/2048 | 12/08/2048 | 12/08/2048 | | |
| U7 | Joseph J Longobardi | STANDARD | 11/12/1976 | 11/12/1976 | | | | | | | | | |

**Special Conditions:**

| CRA# | Level | Code | Condition Description | Condition Comments |
|---|---|---|---|---|
| I-75-06-0892 | 5 | CRT1 | Other Conditions: | SENTENCED TO BE EXECUTED ON 6/25/1976 BETWEEN THE HOURS OF 10:00 A.M. AND 12:30 IN THE AFTERNOON. SENTENCE WAS VACATED ON 7/10/80 AND OFFENDER WAS SENTENCED TO LIFE WITHOUT BENEFIT OF PROBATION OR PAROLE. THIS SENTENCE SHOWING THE DEATH AND THEN THE LIFE SENTENCES. |
| I-75-06-0900 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 7 YEARS BEGINNING 12/12/75. |
| I-75-06-0895 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 30 YEARS CONSECUTIVE. |
| I-75-06-0905 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 30 YEARS CONSECUTIVE. |
| I-76-05-1023 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 6 YEARS CONSECUTIVE. TOTAL TIME TO SERVE IS LIFE PLUS 73 YEARS. |

## Offender Status Sheet

**Date:** 03/11/2008

| | | | |
|---|---|---|---|
| **SBI #:** 00137010 | **Name:** AMIR FATIR | **Sex:** M | |
| **Location(s):** DCC | **Level(s):** 5 | **Race:** BLACK | **DOB:** 02/04/1953 | **Sex Offender:** [] |
| **AKA:** STERLING HOBBS; STERLING HOBBS; AMIR FATIR; RAYMOND VANDERBERG; AMIR F DHULQARNAIN |
| **Offender Type:** Sentenced | **Officer(s):** |

# EXHIBIT B

## Offender Status Sheet

**Date:** 03/11/2008

| | | |
|---|---|---|
| **SBI #:** 00082420 | **Name:** DONALD BOYER | **Sex:** M |
| **Location(s):** DCC | **Level(s):** 5    **Race:** BLACK | **DOB:** 03/28/1948    **Sex Offender:** [] |
| **AKA:** DONALD BOYER; DONALD J BOYER | | |
| **Offender Type:** Sentenced | **Officer(s):** | |

### Level: 5

**Start Date:** 11/30/1979  **MED:** 11/22/1996  **STRD:** 11/22/1996  **ADJ:** 11/22/1996  **PED:** 05/01/2004  **Statutory Days Earned:** 0.00

| CASE#/ Court/ Type | CRA#/ Judge | Charge Desc/ Sen. Type/ Sentence Date | | Status/ Eff. Date | Length Y | M | D | Start Dt | MED | STRD | Adj Date | CR | Wk |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DACS00001 | 79/09/0063 | CCDW | | Current | 3 | 0 | 0 | 11/30/1979 | 11/29/1982 | 03/22/1982 | 03/22/1982 | | |
| | | STANDARD | 11/30/1979 | 11/30/1979 | | | | | | | | | |
| DACS00002 | 80/01/0251 | MURDER 1ST | | Current | 0 | 0 | 0 | 11/28/1982 | | | | | |
| | | LIFE | 12/18/1991 | 11/28/1982 | | | | | | | | | |
| DACS00003 | 80/01/0250 | PDWBPP | | Current | 1 | 0 | 0 | 11/28/1982 | 11/27/1983 | 11/27/1983 | 11/27/1983 | | |
| | | STANDARD | 12/18/1991 | 11/28/1982 | | | | | | | | | |
| DACS00004 | 80/01/0252 | ROBBERY 1ST | | Current | 3 | 0 | 0 | 11/27/1983 | 11/26/1986 | 11/26/1986 | 11/26/1986 | | |
| | | MANDATORY MI | 12/18/1991 | 11/28/1982 | | | | | | | | | |
| DACS00005 | 80/01/0253 | BURGLARY 1ST | | Current | 3 | 0 | 0 | 11/26/1986 | 11/25/1989 | 11/25/1989 | 11/25/1989 | | |
| | | STANDARD | 12/18/1991 | 11/28/1982 | | | | | | | | | |
| DACS00006 | 80/01/0254 | CONSP. 2ND | | Current | 1 | 0 | 0 | 11/25/1989 | 11/24/1990 | 11/24/1990 | 11/24/1990 | | |
| | | STANDARD | 12/18/1991 | 11/28/1982 | | | | | | | | | |
| DACS00007 | 80/01/0255 | RECK END 1ST | | Current | 1 | 0 | 0 | 11/24/1990 | 11/23/1991 | 11/23/1991 | 11/23/1991 | | |
| | | STANDARD | 12/18/1991 | 11/28/1982 | | | | | | | | | |
| DACS00008 | 80/01/0256 | PDWDCF | | Current | 5 | 0 | 0 | 11/23/1991 | 11/22/1996 | 11/22/1996 | 11/22/1996 | | |
| | | STANDARD | 12/18/1991 | 11/28/1982 | | | | | | | | | |

**Special Conditions:**

| CRA# | Level | Code | Condition Description | Condition Comments |
|---|---|---|---|---|
| 79/09/0063 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 3 YEARS BEGINNING 11/30/1979. |
| 80/01/0251 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE LIFE BEGINNING 11/28/1982 |
| 80/01/0250 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 1 YEAR CONSECUTIVE. |
| 80/01/0252 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 3 YEARS CONSECUTIVE. THIS IS A MANDATORY SENTENCE. |
| 80/01/0253 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 3 YEARS CONSECUTIVE. |
| 80/01/0254 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 1 YEAR CONSECUTIVE. |
| 80/01/0255 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 1 YEAR CONSECUTIVE. |
| 80/01/0256 | 5 | CRT1 | Other Conditions: | SENTENCED TO SERVE 5 YEARS CONSECUTIVE. TOTAL TIME TO SERVE IS LIFE PLUS 14 YEARS. |

## Offender Status Sheet

**Date:** 03/11/2008

| | | | |
|---|---|---|---|
| **SBI #:** 00082420 | **Name:** DONALD BOYER | | **Sex:** M |
| **Location(s):** DCC | **Level(s):** 5 | **Race:** BLACK | **DOB:** 03/28/1948   **Sex Offender:** [] |
| **AKA:** DONALD BOYER; DONALD J BOYER | | | |
| **Offender Type:** Sentenced | | **Officer(s):** | |

# EXHIBIT C

## Offender Status Sheet

Date: 03/11/2008

| | | | |
|---|---|---|---|
| **SBI #:** | 00176129 | **Name:** WARREN J WYANT | **Sex:** M |
| **Location(s):** DCC | **Level(s):** 5 | **Race:** WHITE | **DOB:** 11/08/1965    **Sex Offender:** [] |
| **AKA:** | WARRAN J WYANT; WARREN WYANT; WARREN J WYANT | | |
| **Offender Type:** Sentenced | | **Officer(s):** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Level: 5** | | | | | | | |
| Start Date: 11/01/1983 | **MED:** | **STRD:** | **ADJ:** | **PED:** 01/29/2046 | **Statutory Days Earned:** 0.00 | | |

| CASE#/ Court/ Type | CRA#/ Judge | Charge Desc/ Sen. Type/ Sentence Date | | Status/ Eff. Date | Length Y | M | D | Start Dt | MED | STRD | Adj Date | CR | Wk |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DACS00001 | DACS00001001 | RAPE 1ST | | Current | 0 | 0 | 0 | 11/01/1983 | | | | | |
| | | LIFE | 03/16/1984 | | | | | | | | | | |

## Offender Status Sheet

**Date:** 03/11/2008

| | | | |
|---|---|---|---|
| **SBI #:** 00176129 | **Name:** WARREN J WYANT | **Sex:** M | |
| **Location(s):** DCC | **Level(s):** 5    **Race:** WHITE | **DOB:** 11/08/1965 | **Sex Offender:** [] |
| **AKA:** WARRAN J WYANT; WARREN WYANT; WARREN J WYANT | | | |
| **Offender Type:** Sentenced | **Officer(s):** | | |

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD BOYER, AMIR FATIR, and )
WARREN WYANT, )
                    )
        Plaintiff, )
                    )     C.A. No. 06-694-GMS
                    )
    v. )     Jury Trial Requested
                    )
COMMISSIONER STANELY TAYLOR, et al., )
                    )
        Defendants. )

## AFFIDAVIT OF MAJOR JAMES SCARBOROUGH

I, James Scarborough, having been duly sworn by law, do hereby depose and state as follows:

1.     I am employed by the State of Delaware Department of Correction ("DOC") as a Major/Security Superintendent at the Delaware Correctional Center ("DCC"), in Smyrna, Delaware. I have been employed by the DOC for 21 years and have worked as a Major/Security Superintendent for the past two (2) years.

2.     It is the policy of the DCC that inmates of different classification levels do not mix and meet together. The purpose of this policy is to maintain security and control within the institution and protect the staff and inmates.

3.     Inmates classified to maximum security are not permitted to have any contact with inmates classified to minimum or medium security. The purpose of this policy is to maintain safety and control as inmates classified to maximum security pose a threat to the safety and security of the institution and the general inmate population.

4.     Inmates classified to minimum or medium security may mix with each other at a program, class or religious service. However, as a general rule these inmates

1

are not permitted to meet together nor are they allowed to congregate with one another without supervision.

5. Deputy Attorney General Erika Y. Tross spoke with me about Inmates Amir Fatir, Donald Boyer and Warren Wyant's request to meet together, unsupervised, for purposes of consulting with one another on the above-captioned case. In addition to speaking with DAG Tross, I spoke with the Warden of the institution and reviewed the files and records of these inmates. It is my opinion that permitting these inmates to meet together and consult, with or without supervision, would cause a grave danger to the safety and security of the Institution, its staff and its inmates.

6. Inmate Amir Fatir, SBI # 137010, is serving a life sentence for murder in the first degree. He is currently classified as minimum security. A review of Inmate Fatir's file shows that he has escaped from the DCC on a prior occasion. Further, Inmate Fatir has, in the past, attempted to incite a riot within the institution, at one point calling for the inmates to cause physical harm to the officers and cause their blood to "run in the aisles."

7. Inmate Donald Boyer, SBI # 082420, is serving a life sentence for murder in the first degree. He is currently classified as maximum security. Records indicate that Inmate Boyer was classified to maximum security for, among other reasons, assaulting another inmate.

8. Inmate Warren Wyant, SBI # 176129 is serving a life sentence for rape in the first degree. He is currently classified as medium security. Inmate Wyant's file reflects that he was found guilty of disorderly or threatening behavior, disrespect and failing to obey an order less than two (2) months ago.

2

9.    In light of their differing security classifications, life sentences, records and past behavioral problems, permitting Inmates Fatir, Boyer and Wyant to meet and consult together would present a danger to the safety and security of the DCC. Moreover, permitting Inmate Fatir to meet and consult with other inmates could lead to plans for another escape attempt or plans for inciting another riot within the institution. Such plans would pose a grave danger, not only to DCC staff, but also to the other inmates.

10.    Further, allowing Inmates Fatir, Boyer and Wyant to meet and confer would disrupt the system at DCC and overburden its staff. Correctional officers are each required to supervise numerous inmates on a daily basis. A meeting between three inmates of different security levels would require at least three officers, each of whom would have to stop their normal duties of supervising inmates in order to facilitate and supervise a meeting between three inmates. As a result, other officers would be required to fill in or commit to working overtime. Thus, requiring three officers to leave their normal duties to supervise a meeting between Inmates Fatir, Boyer and Wyant would greatly burden an already overworked staff.

11.    Finally, permitting Inmates Fatir, Boyer and Wyant to consult together would set a bad precedent for the institution. At present inmates classified to maximum security are to have no contact with minimum and medium security inmates. Allowing Inmates Fatir, Boyer and Wyant to meet together would lead to requests by other inmates to meet together. Numerous requests for meetings between inmates would lead to enormous security concerns and create a need for additional officers. Further, giving inmates the ability to request meetings with one another would lead to a loss of control by

3

the officers and the institution as a whole. In short, allowing Inmates Fatir, Boyer and

Wyant to meet and confer together would have devastating effect on the DCC and its

staff.

_____
James Scarborough

**SWORN AND SUBSCRIBED** before me this _20TH_ day of _March_,

2008.

_____
Notary

4

# EXHIBIT E

| Disciplinary# | | |
|---|---|---|
| 1028971 | | |

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 03/11/2008

# DISCIPLINARY REPORT

| Disciplinary Type: Class1 | Housing Unit Bldg 22 | IR#: 1037746 |
|---|---|---|

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00082420 | Boyer, Donald | DCC | Bldg.D E Tier | 12/02/2006 | 13:00 |

Violations: 1.02/200.201 Assault, 1.06/200.203 Disorderly or Threatening Behavior, 1.13 Fighting, 2.06/200.108 Failing to Obey an Order

Witnesses: 1. N/A                    2. N/A                    3. N/A

## Description of Alleged Violation(s)

On Dec.2, 2006 At 1300 Hrs. I Cpl. Barrett Daniel Was Backing Up C/O Hollis, James On D-Tier Doing A After Chow Count. I Cpl. Barrett Heard A Loud Disturbance On E-Tier And Informed C/O Hollis That We Needed To Go.  I Clp. Barrett Observed I/M Boyer,Donald And I/M Davis, William  Both Fighting On E - Tier. I Cpl. Barrett Notified Sgt. Williams, Dana Of A Code#8 E-Tier.
Reporting Officer: Barrett, Daniel G (Correctional Officer)

## Immediate Action Taken

Immediate action taken by:  Barrett, Daniel G -Correctional Officer

Code#8

## Offender Disposition Details

Disposition: N/A                    Date: N/A          Time: N/A          Cell secured?  No

Reason: N/A

Disposition Of Evidence: N/A

## Approval Information

Approved: [x]     Disapproved: [  ]   Approved By: Godwin, Derrick R (Staff Lt./Lt)

Comments: N/A

## Shift Supervisor Details

Date Received: 12/02/2006          Time: 15:16          Received From: Godwin, Derrick R

Shift Supervisor Determination:

[  ]     Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]     Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

_____
Godwin, Derrick R (Staff Lt./Lt)

I have received a copy of this notice on DATE:_____ TIME: _____  and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing
Officer: _____          Offender: _____
            Godwin, Derrick R                                                        Boyer, Donald

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone#: 302-653-9261

Date: 03/11/2008

# INCIDENT REPORT

| | | | |
|---|---|---|---|
| Group#: N/A | Type: Inmate Involved | Incident Date: 12/02/2006 Time: 13:00 | Confidential: No |

Facility: DCC  Delaware Correctional Center                                      Followup Required : No

Associated Disciplinary Report #(s) 1028971

Associated Disciplinary Report #(s) 1028972

Incident Location: Bldg.D E Tier

Location Description: Tier hallway

Violated Conditions: 1.06/200.203 Disorderly or Threatening Behavior
1.02/200.201 Assault
1.13 Fighting
2.06/200.108 Failing to Obey an Order

**Description of Incident:**

On Dec.2, 2006 at 1300 hrs. I Cpl. Barrett was backing up C/O Hollis on D-tier doing a after chow count. I Cpl. Barrett heard a loud disturbance on E-tier and informed C/O Hollis that we needed to go. I Clp. Barrett observed I/M Boyer,Donald and I/M Davis, William fighting in the hall way. I Cpl. Barrett notified Sgt. Williams, Dana of a code#8 E-tier.

| Injured Persons | Hospitalized | Nature Of Injuries | |
|---|---|---|---|
| N/A | N/A | N/A | |

Evidence Type: N/A                                                    Date Collected: N/A

Discovered By : N/A                          Secured By: N/A

Type of Force Used  [ ]    PHYSICAL    [ ]    CHEMICAL [ ]    STUN    [X]    OTHER    [ ]    CAPSTUN [ ]    NONE

Restraints Used     : Handcuffs

**Immediate Action Taken:**

CODE#8, SECURED INMATES

| Individuals Involved | | | |
|---|---|---|---|
| Person Code | Name | SBI# | Title |
| Staff | Daniel, Barrett G | N/A | Correctional Officer |
| Inmate | Donald, Boyer | 00082420 | N/A |
| Inmate | William, Davis F 3 | ███████ | N/A |

Reporting Officer: Barrett, Daniel G (Correctional Officer)          Entered By: Barrett, Daniel G (Correctional Officer)

| Approval Information | | |
|---|---|---|

[ X ] Approved   [ ] Disapproved   Date: 12/02/2006   Approved by: Godwin, Derrick R  (Staff Lt./Lt)

**Comments:** Both inmate William Davis and Donald Boyer were checked out and evaluated by med nurse Benjamin Abiona. Inmate Donald Boyer had no physical injuries, however inmate William Davis had a laceration by his right eye and another under his left eye. The bridge of his nose was also collapsed.

# EXHIBIT F

| Disciplinary#    |
|------------------|
| 1038005          |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 03/11/2008

# DISCIPLINARY REPORT

| Disciplinary Type: Class2 | Housing Unit Bldg T1 | | IR#: 1050002 | | |
|---|---|---|---|---|---|
| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
| 00176129 | Wyant, Warren J | DCC | Bldg.14 Chow Hall B | 02/03/2008 | 18:20 |

Violations: 1.06/200.203 Disorderly or Threatening Behavior, 2.05 Disrespect, 2.06/200.108 Failing to Obey an Order, 2.14 Unauthorized Communication

Witnesses:1.None,          2. N/A                    3. N/A

## Description of Alleged Violation(s)

On The Above Date At The Approximate Time, I, Sgt. William Kuschel, Was Supervising Bld 14 Chow Hall B When I Observed And Heard The Following Inmate Talking In The Chow Hall Food Line After Repeatedly Being Warned Three Times Not To Talk In The Chow Hall: I/M Warren Wyant [Sbi# 176129, T1 Bld. Cell 1 Bed 50]. I/M Warren Wyant Was Belligerent And Defiant As He Gave His Identification To Me [Sgt. William Kuschel], Stating, "I Didn'T Do Anything Wrong". Moreover, I/M Warren Wyant Took Time To Put Down His Fork And Knock The Identification Off The Table Across The Floor, After Sgt. William Kuschel Placed The Identification With Proper Care On The Dining Room Table By His Tray, Since He Was Eating. Sgt. William Kuschel The Sole Officer Monitoring The Chow Hall Ordered I/M Warren Wyant To Place His Partially Eaten Tray In The Tray Return Window And Exit The Chow Hall And Proceed To The Receiving Room. I/M Warren Wyant Complied With The Order, While Being Verbally Defiant. Therefore, I/M Warren Wyant Was Acting In A Disorderly Manner As Exhibited By His Behavior Documented In This Incident Report.

Reporting Officer: Kuschel, William J (CO Corporal/Sgt. - Large Inst.)

## Immediate Action Taken

Immediate action taken by: Kuschel, William J -CO Corporal/Sgt. - Large Inst.

Notified The Inmate Of The Write-Up, Wrote A 404 And A 122, Notified The Area  Lieutenant And The Shift Commander

## Offender Disposition Details

Disposition: N/A          Date: N/A          Time: N/A          Cell secured?  No

Reason: N/A

Disposition Of Evidence: N/A

## Approval Information

Approved: [x]    Disapproved: [ ]   Approved By: Satterfield, James P (Staff Lt./Lt)

Comments: N/A

## Shift Supervisor Details

Date Received: 02/03/2008          Time: 20:59          Received From: Satterfield, James P

Shift Supervisor Determination:

[]     Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]     Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

Satterfield, James P (Staff Lt./Lt)

I have received a copy of this notice on **DATE:**_____ **TIME:** _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing
Officer: _____          Offender: _____
Satterfield, James P                                         Wyant, Warren J