IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 06-694-GMS ) |
| COMMISSIONER STANLEY TAYLOR, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiffs, Donald Boyer ("Boyer"), Amir Fatir ("Fatir"), and Warren Wyant ("Wyant) (collectively "the plaintiffs") are inmates at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. The plaintiffs appear *pro se* and were granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 26.)

## I. BACKGROUND

The plaintiffs filed a complaint and two amendments, all screened by the court. (D.I. 10, 18, 43.) The court allowed the plaintiffs to proceed on the following claims: counts 1, 2, 3, 4, 5, 6, 9, 12, 13, and 15, conditions of confinement; count 50, medical needs; counts 20, 21, 23 and a portion of count 36, First Amendment; counts 31 and 42, equal protection; and counts 32 and 39, inmate accounts. (*See* D.I. 39, 65, 203.) The remaining defendants are former Delaware Department of Correction ("DOC") Commissioner Stanley Taylor ("Taylor"), Ronald Hosterman ("Hosterman"), former Warden Thomas Carroll ("Warden Carroll")[1], Maureen Whalen ("Whalen"), Deputy Warden David Pierce ("Pierce"), Jenny Havel ("Havel"), Janet Henry

---

[1] Carroll is no longer the Warden at the VCC. The current warden is Perry Phelps.

("Henry"), Michael Little ("Little"), Floyd Dixon ("Dixon"), Sgt. Marvin Creasy ("Creasy"), James P. Satterfield ("Satterfield"), Inspector Lt. Palowski ("Palowski"), Sgt. Bailey ("Bailey"), First Correctional Medical ("FCM")[2], and David Hall ("Hall").

Currently pending before the court are several motions filed by the plaintiffs including motions to amend (D.I. 250, 265); motions for leave to file motions for temporary restraining orders (D.I. 258, 269);[3] motion for partial summary judgment (D.I. 260); motions to compel and for sanctions (D.I. 266, 270, 285); and a motion to withdraw a motion to amend (D.I. 272). Also before the court is the defendants' motion to extend time to respond to discovery (D.I. 285).

## II. MOTIONS TO AMEND

The plaintiffs have filed two motions to amend the complaint. (D.I. 250, 265.) They move to withdraw the motion to amend found at docket item 265. (D.I. 272.) Therefore, the court will deny as moot the motion to amend at docket item 265, and will grant the motion to withdraw the motion.

The plaintiffs have been transferred from the D Building at the VCC to the W, S-E, and E Buildings at the VCC. The original complaint raises conditions of confinement claims with regard to the D Building. The plaintiffs move to amend, at docket item 254, to add conditions of confinement claims with regard to the buildings where they now reside. (D.I. 250.) The defendants oppose the motion. (D.I. 254.)

---

[2] To date, FCM has not been served.

[3] Due to the prolific filings by the plaintiffs seeking injunctive relief they were advised that future motions for injunctive relief would be docketed, but not reviewed or acted upon. (*See* D.I. 203.)

2

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that the court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

The plaintiffs initiated this case in 2006. Now, some five years later, the seek to amend to add new locations to their conditions of confinement claim. The court finds this delay

3

prejudicial to the defendants. In addition, the plaintiffs' proposed amendment, while utilizing the same conditions of confinement theory, seeks to add new defendants with no explanation why the proposed defendants should be added. Notably, the claims on which plaintiffs have been allowed to proceed concern a completely different building than from those in the proposed amendment. The proposed amendment is essentially a new action, against new defendants with new claims arising out of a set of operative facts that are unrelated to the factual claims in the original or amended complaint. *See Nicholas v. Heffner*, 228 F. App'x 139, 141 (3d Cir. 2007). The court will not allow the plaintiffs to add claims, unrelated in time and facts to the allegations in the original complaint and its amendments. As the plaintiffs well know, their remedy is to file a new lawsuit. The claims are limited to the remaining viable claims in the complaint and amended complaint. (D.I. 10, 18, 43.) Accordingly, the court will deny the motion to amend. (D.I. 250.)

### III. MOTIONS FOR LEAVE TO FILE MOTIONS FOR TEMPORARY RESTRAINING ORDERS

The plaintiffs seek leave to file motions for a temporary restraining order to use fan windows in their cells. (D.I. 258, 269.) Boyer also seeks injunctive relief to return to general population and to restrain Bailey and all prison guards from retaliating against him.

#### A. Standard of Review

When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Kos Pharmaceuticals, Inc. v.*

*Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). It is the plaintiffs' burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

## B. Discussion

### 1. Fans

The plaintiffs object to a new DOC policy instituted the Spring of 2011 that prohibits inmates from placing fans in their windows. They state that the air quality and airflow is poor, they are over fifty and at higher rick for heat related strokes. The plaintiffs allege in a conclusory manner that the failure to issue injunctive relief could result in death or severe illness. The plaintiffs provide argument, but no evidence, in support of their motion for injunctive relief. Nor is there indication that, at the present time, they are in danger of suffering irreparable harm. The plaintiffs fail to meet the requisites for injunctive relief. Therefore, the court will deny the motions. (D.I. 258, 269.)

### 2. Retaliation and Transfer

This complaint was filed in 2006. Until May 19, 2011 Boyer was housed in the S-1 Medium Security Building at the VCC. Boyer claims that on May 19, 2011, he was accosted, harassed, and threatened by Bailey because of the instant lawsuit. A confrontation ensued

between the two and Boyer claims that Bailey attacked him, while Boyer defended himself. Boyer was transfer to SHU. He seeks a transfer to general population and an order restraining Bailey, and all guards, from retaliating against him.

It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 125 S.Ct. 2384, 2393 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Moreover, the custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. As is well-established, Boyer has no constitutional right to be transferred from SHU to general population and, therefore, his motion will be denied.

With regard to the retaliation claim, "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford-El v. Britton*, 523 U.S. 574, 592 (1998); *Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires that Boyer demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977));

*see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

Here, the alleged acts taken by Bailey occurred long after the instant lawsuit was filed. Moreover, the facts could suggest that Bailey took the action he did as a result of the physical confrontation between he and Boyer. As with the other motion for injunctive relief, Boyer provides argument, but no evidence, in support of his motion for injunctive relief. Nor is there indication that, at the present time, he is in danger of suffering irreparable harm. Boyer has failed to fail to meet the requisites for injunctive relief. Therefore, the Court will deny his motion. (D.I. 269.)

## IV. MOTION FOR SUMMARY JUDGMENT

The plaintiffs move for partial summary judgment on count 20 of the complaint on the grounds that the defendants have no reasonable explanation for denying Fatir certain publications. They note that while this court denied a motion for injunctive relief on the issue, it indicated that a motion for summary judgment might produce a different outcome due to factual disputes. (D.I. 260.) The defendants oppose the motion on the grounds that there is no evidence of record to support the motion for summary judgment and that Fatir failed to exhaust his

7

administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"). (D.I. 264.) Fatir did not file a reply.

## A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] Fed. R. Civ. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the clams in question. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-461 (3d Cir. 1989). Pursuant to Rule 56(c)(1), a non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by

---

[4]Rule 56 was revised by amendment effective December 1, 2010. "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases." Fed. R. Civ. P. 56 advisory committee's note to 2010 Amendments.

the opposing party] do not establish the absence . . . of a genuine dispute . . ." Fed. R. Civ. P. 56(c) (1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 247-249. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586–587 ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. at 322.

### B. Discussion

Here, the plaintiffs provides scant evidence, little to no argument, and no law in support of their motion. The defendants argue that Fatir failed to his exhaust his administrative remedies as required by the PLRA and provided some evidence to support their position. The court finds that there are genuine issues of fact that preclude summary judgment on the issue at this time, particularly whether Fatir has exhausted his administrative remedies. Moreover, there are many issues pending in this case and it is far from clear that discovery is complete. Finally, the plaintiffs' summary judgment motion presents the type of piecemeal adjudication disfavored by federal courts. *See Remediation Constructors, Inc. v. United States*, 68 Fed. Cl. 162, 166 (Fed.

Cl. 2005) ("a piecemeal approach to [summary judgment often] is not an efficient use of judicial resources") (collecting cases).

For the above reasons, the court will deny the second motion for partial summary judgment without prejudice to renew. (D.I. 260.)

## V.  DISCOVERY

The plaintiffs move for sanctions and to compel the defendants Little, Havel, and Taylor to respond to interrogatories. (D.I. 266, 270, 285.) "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."[5] Fed. R. Civ. P. 26(b)(1).

The court has reviewed the plaintiffs' motions to compel, oppositions to the motions, as well as defendants' answers to interrogatories. While the defendants have raised objections to some interrogatories, they also answered them. After reviewing the record, the court concludes that the defendants adequately answered the plaintiffs' interrogatories. Therefore, the court will deny the motions for sanctions and to compel. (D.I. 266, 270, 285.) The court will grant the defendants' motion to extend time to answer interrogatories. (D.I. 283.)

---

[5] The Local Rules for this court provide, except in civil cases involving *pro se* parties, that every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion. *See* L.R. 7.1.1.

10

## VI. SERVICE

Fatir has provided the court with the present address of FCM. (*See* D.I. 253.) The court will enter an order for the plaintiffs to provide service documents in an attempt to serve FCM.

## VII. CONCLUSION

For the above stated reasons, the court will: (1) deny plaintiffs' motion to amend (D.I. 250); (2) deny the plaintiffs' motions for leave to file motions for temporary restraining orders (D.I. 258, 269); (3) deny without prejudice to renew the plaintiffs' second motion for partial summary judgment (D.I. 264); (4) deny as moot the plaintiffs' motion to amend (D.I. 265); (5) deny the plaintiffs' motions to compel and for sanctions (D. I. 266, 270, 285); (6) grant the plaintiffs' motion to withdraw the motion to amend (D.I. 272); and (7) grant the defendants' motion to extend time to respond to discovery (D. I. 283)

The court will extend discovery deadlines and deadlines for filing motions for summary judgment. There will be no further extensions. The plaintiffs will be given additional time to submit documents in an attempt to effect service upon First Correctional Medical, LLC.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

March 30, 2012
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONALD BOYER, AMIR FATIR, and  )
WARREN WYANT,                    )
                                 )
        Plaintiffs,               )
                                 )
    v.                            ) Civil Action No. 06-694-GMS
                                 )
COMMISSIONER STANLEY TAYLOR,    )
                                 )
        Defendants.               )

**ORDER**

At Wilmington this 30th day of March, 2012, for the reasons set forth in the Memorandum issued this date;

1. The plaintiffs' motion to amend is **denied**. (D.I. 250.)

2. The plaintiffs' motions for leave to file motions for temporary restraining orders are **denied**. (D.I. 258, 269.)

3. The plaintiffs' second motion for partial summary judgment is **denied** without prejudice to renew. (D.I. 264.)

4. The plaintiffs' motion to amend is **denied** as moot. (D.I. 265.)

5. The plaintiffs' motions to compel and for sanctions are **denied**. (D. I. 266, 270, 285.)

6. The plaintiffs' motion to withdraw the motion to amend is **granted**. (D.I. 272.)

7. The defendants' motion to extend time to respond to discovery is **granted**. (D. I. 283.)

8. All discovery will be initiated so that it will be completed on or before **May 31, 2012**. There will be no further extensions.

9. All summary judgment motions, with accompanying briefs and affidavits, if any, will be served and filed on or before **July 31, 2012**. The answering brief will be filed on or before **August 14, 2012**, and the reply brief due on or before **August 28, 2012**. Piecemeal motions for summary judgment are not favored. There will be no further extensions.

10. Within **thirty days** from the date of this order the plaintiffs shall submit to the court complete U.S. Marshal-285 forms for those First Correctional Medical, LLC, as well copies of the complaint (D.I. 10) and the amended complaints (D.I. 18, 43). The packet will be forwarded to the U.S. Marshal for service. Failure of the plaintiffs to timely provide complete USM-285 forms and copies of the complaint and amended complaints shall result in dismissal without prejudice of First Correctional Medical, LLC.

_____
CHIEF, UNITED STATES DISTRICT JUDGE