IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD BOYER, AMIR FATIR, and WARREN WYANT, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 06-694-GMS ) |
| COMMISSIONER STANLEY TAYLOR, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM**

The plaintiffs, Donald Boyer ("Boyer"), Amir Fatir ("Fatir'"), and Warren Wyant

("Wyant") (collectively "the plaintiffs") are inmates at the James T. Vaughn Correctional Center,

Smyrna, Delaware.  The plaintiffs appear *pro se* and were granted permission to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

The plaintiffs filed a complaint and two amendments, all screened by the court.  (D.I. 10,

18, 43.)  The case proceeds on the following claims: counts 1, 2, 3, 4, 5, 6, 9, 12, 13, and 15,

conditions of confinement; count 50, medical needs; counts 20, 21, 23 and a portion of count 36,

First Amendment; counts 31 and 42, equal protection; and counts 32 and 39, inmate accounts.

(*See* D.I. 39, 65, 203.)  The remaining defendants are former Delaware Department of Correction

("DOC") Commissioner Stanley Taylor ("Taylor"), Ronald Hosterman ("Hosterman"), former

Warden Thomas Carroll ("Warden Carroll"), Maureen Whalen ("Whalen"), Deputy Warden

David Pierce ("Pierce"), Jenny Havel ("Havel"), Janet Henry ("Henry"), Michael Little ("Little"),

Floyd Dixon ("Dixon"), Sgt. Marvin Creasy ("Creasy"), James P. Satterfield ("Satterfield"),

Inspector Lt. Palowski ("Palowski"), Sgt. Bailey ("Bailey"), First Correctional Medical ("FCM")[1] and David Hall ("Hall").

On March 30, 2012, the court extended the discovery deadline so that all discovery was to be completed on or before May 31, 2012. The order stated, "there will be no further extensions." (D.I. 291.) In the same order, the court set a deadline for summary judgment motions to be filed on or before July 31, 2012. Again, the order stated, "there will be no further extensions." (*Id.*) Now before the court are discovery motions filed by all parties, as well as a motion for trial, motion for an extension of time, a motion to strike, the plaintiffs' motion for summary judgment, and a motion for injunctive relief. (D.I. 298, 302, 307, 308, 314, 315, 320, 326, 331.)

## II. DISCOVERY MOTIONS

The defendants move to strike interrogatories the plaintiffs propounded upon Pierce, Hall, and Palowski. (D.I. 298, 302.) The plaintiffs oppose the motions stating that they had insufficient law library access time to prepare the interrogatories. In addition, the plaintiffs move to compel Taylor and Whalen to answer the interrogatories propounded upon them. (D.I. 308.)

The interrogatories propounded upon Taylor were mailed on May 4, 2012 (D.I. 293); the interrogatories propounded upon Whalen were mailed on May 9, 2012 (D.I. 296); the interrogatories propounded upon Pierce were mailed on May 16, 2012 (D.I. 297); and the interrogatories propounded upon Hall and Palowski were mailed on May 23, 2013 (D.I. 299, 300). Pursuant to Fed. R. Civ. P. 33 the responding party is provided thirty (30) days to respond and serve their answers and objections. The interrogatories were not served in a timely manner sufficient to give the defendants the time allowed by the Rule 33 to answer or object to them.

---

[1]Despite repeated efforts, FCM has not been served with process.

The plaintiffs had ample time to serve discovery with or without law library access. All parties were warned there would be no further discovery extensions. The plaintiffs did not heed the warning. Therefore, the court will grant the defendants' motions to strike (D.I. 298, 302).

In addition, the court will deny the plaintiffs' motion to compel (D.I. 308) given that the interrogatories were not timely served but, nonetheless, Taylor and Whelan made good faith efforts to answer the interrogatories. Moreover, the court reviewed their answers and objections and found the answers adequate and objections appropriate.

On June 8, 2012, the plaintiffs filed a motion for an order for the Attorney General of the State of Delaware to provide addresses, under seal, of certain dismissed defendants. (D.I. 307.) In essence, the plaintiffs move for reconsideration of the dismissal of defendants Paul Howard ("Howard"), Cpl. Oney ("Oney"), and Cpl. Rosalie Vargas ("Vargas") and for their reinstatement. These three individuals were dismissed for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).

Oney and Vargas were dismissed on September 30, 2009 (D.I. 209), and Howard was dismissed on April 6, 2010 (D.I. 229). Now some two or more years later, they move to reinstate them. The motion seeking reconsideration is untimely. *See* Fed. R. Civ. P. 59(e) (a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of the judgment); D. Del. LR 7.1.5(a) (motions for reargument shall be filed within fourteen days after the court issues its opinion or decision). Accordingly, the motion for reconsideration will be denied. (D.I. 307.)

3

## III.  EXTENSION OF TIME

The court set a dispositive motion deadline of July 31, 2012.  The court was clear in its March 30, 2012 order there would be no further extensions.  (*See* D.I. 291.)  Despite this admonition, on August 8, 2012 and after the deadline had passed, the plaintiffs filed a motion to extend time to file their motion for summary judgment.  (D.I. 315.)  The defendants oppose the motion.

The plaintiffs state the prison law library was shut down from July 14 through July 25, 2012, and that they were not scheduled for appointments on other days in July in addition to the dates of closure.  Little, whose duties include supervision of the law libraries, declares that the main law library was closed for live appointments on July 18, 19, 20 and 23, 2012 for security reasons.  Nonetheless, inmates had the option to write to the main law library to obtain legal information, copies, and notary service during the closure.  Fatir did not make any requests to the law library for the duration of the closure and, further, he was scheduled for an appointment on only one day for the duration of the library closure.  Hence, Fatir only missed one scheduled law library visit; the one schedule for July 18, 2012.  (*See* D.I. 317, Little. Decl.).  Fatir attended his next law library appointment on July 25, 2012.

The court finds that plaintiffs had ample time and law library access to prepare their motion for summary judgment.  All parties were warned there would be no further extensions to the dispositive motion deadline.  Similar to the discovery deadline, the plaintiffs apparently did not take this court seriously and failed to heed this court's warning.  For these reasons, the court will deny the plaintiffs' motion for an extension of time to file a dispositive motion.  (D.I. 315.)

4

The plaintiffs filed a motion for summary judgment (D.I. 326) late and without leave on September 12, 2012. The motion was not timely filed and will be stricken by the court. In addition, the plaintiffs filed a combined opening brief in support of their motion for summary judgment and answering brief in opposition to defendants' motion for summary judgment. (D.I. 327.) The court will consider that portion of the combined brief that opposes the defendants' motion for summary judgment.

## IV. MISCELLANEOUS MOTIONS

The plaintiffs move the court to schedule this matter for a jury trial. (D.I. 314.) The motion will be denied as premature.

The plaintiffs move to strike the defendants' motion for summary judgment and opening brief. (D.I. 320.) Fatir contends that he never received a service copy of the documents. The other plaintiffs do not make the same claim. The certificate of service indicates that the documents were mailed to the plaintiffs at their addresses of record on July 31, 2012. The court notes that the plaintiffs have filed an answering brief to the defendants' motion for summary judgment. Therefore, the court will deny the motion to strike. (D.I. 320.)

On February 25, 2013, the plaintiffs filed a motion for injunctive relief. (D.I. 331.) The plaintiffs were advised on July 30, 2009, that due to their prolific filings seeking injunctive relief future motions for injunctive relief would be docketed, but not reviewed or acted upon. (*See* D.I. 203.) Therefore, the motion is docketed, but not considered.

## V. CONCLUSION

For the above stated reasons, the court will: (1) grant the defendants' motions to strike (D.I. 298, 302); (2) deny the plaintiffs' motion for addresses under seal construed as a motion for

reconsideration (D.I. 307); (3) deny the plaintiffs' motion to compel (D.I. 308); (4) deny as

premature the plaintiffs' motion for trial (D.I. 314); (5) deny the plaintiffs' motion for an

extension of time (D.I. 315); (6) deny the plaintiffs' motion to strike (D.I. 320); (7) strike the

plaintiffs' untimely motion for summary judgment (D.I. 326); and (8) docket, but not consider,

the motion for injunctive relief (D.I. 331).

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

March 28, 2012
Wilmington, Delaware

6