IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, <br><br> Plaintiff, <br><br> v. <br><br> STANLEY TAYLOR, *et al.*, <br><br> Defendants. | C.A. No. 06-694 (GMS) |

## **ORDER**

WHEREAS, on February 6, 2015, the plaintiff, Amir Fatir ("Fatir"), filed a Fourth Amended Complaint (D.I. 379) against Stanley Taylor, Thomas Carroll, David Pierce, Janet Henry, Marvin Creasy, James Satterfield, Ronald Pawlowski, Floyd Dixon, Ralph Bailey, Joyce Talley, Jerry Platt, Terry Yoder and Tanya Smith (collectively, the "defendants") alleging violations of his constitutional rights;

WHEREAS, presently before the court is Fatir's Motion for Sanctions for Spoliation of Evidence and defendants' response thereto (*See* D.I. 393-12; D.I. 399);

WHEREAS, having considered the parties' positions as set forth in their oral arguments, papers, and the applicable law;

IT IS HEREBY ORDERED that Fatir's Motion for Sanctions for Spoliation of Evidence is GRANTED-in-part.[1]

---

[1] Fatir seeks sanctions in the form of a jury instruction adverse to the defendants and in the form of attorneys' fees.

Dated: July __6__, 2015

_____
UNITED STATES DISTRICT JUDGE

---

Generally, spoliation refers to situations where a party has altered, destroyed, or failed to produce evidence "relevant to an issue in a case." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (quoting *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995)). "Spoliation occurs where: [1] the evidence was in the party's control; [2] the evidence is relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party." *Bull*, 665 F.3d at 73.

Fatir asserts that the defendants either intentionally or through extreme recklessness destroyed or allowed to be destroyed documents that are relevant to his claims and likely probative of the defendants' violations of Fatir's constitutional rights. The defendants' primary dispute is whether the evidence is relevant in light of other evidence of record. The defendants admit to never receiving a litigation hold memo or instruction to preserve relevant documents from counsel until April, 2015, at the very close of discovery and nearly a decade after the commencement of this litigation. As a result, critical information was not preserved. The defendants admit that certain documents and e-mails were destroyed. The court concludes that the emails and photos in question were relevant information that should have been preserved.

As such, the court finds a curative instruction for spoliation of evidence is appropriate in this case.

2